FILED
JAMES J. VILT, JR. - CLERK
FEB - 7 2023
U.S. DISTRICT COURT
WEST'N. DIST. KENTUCKY

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

UNITED STATES OF AMERICA

v.

**BRYAN DOUGLAS CONLEY**

INDICTMENT

NO. 3:23-CR-14-CHB

18 U.S.C. § 875(c)
18 U.S.C. § 981(a)(1)(C)
18 U.S.C. § 982
18 U.S.C. § 1028A
18 U.S.C. § 1201(a)
18 U.S.C. § 1344
18 U.S.C. § 2421(a)
18 U.S.C. § 2423(a)
18 U.S.C. § 2428
28 U.S.C. § 2461

The Grand Jury charges:

## COUNT 1
*(Interstate Transportation for Prostitution or other Criminal Purposes)*

1. On or about November 8, 2018, using an online dating application, PlentyofFish.com ("POF"), **BRYAN DOUGLAS CONLEY**, used a fictitious online persona of "Bryant De Beers" ("Bryant") to inveigle and decoy a Minor Female 1 to meet with **BRYAN DOUGLAS CONLEY**.

2. **BRYAN DOUGLAS CONLEY** used a POF profile account with the username "loveiseasy1198". Using "loveiseasy1198," **BRYAN DOUGLAS CONLEY** then posed as "Bryant" and communicated with the POF account of Minor Female 1.

3. "Bryant's" POF profile contained a photograph of a person that was not **BRYAN DOUGLAS CONLEY**.

4. "Bryant" claimed to be a young man, a wealthy member of the "De Beer's family," and living in Nashville, Tennessee. In addition, the POF profile picture and pictures "Bryant" later sent to Minor Female showed "Bryant" to be tall and muscular.

5. "Bryant's" POF profile contained a photograph of a person that was not **BRYAN DOUGLAS CONLEY**, but of a muscular man.

6. After briefly communicating on POF, **BRYAN DOUGLAS CONLEY**, posing as "Bryant," began text messaging with Minor Female 1 via cellular device to cellular device.

7. Minor Female 1 told "Bryant" that she was 17 years old. Minor Female 1 was susceptible because of her age and family status.

8. Initially "Bryant" and Minor Female 1 discussed developing a romantic relationship. "Bryant" later offered to pay Minor Female 1 $200,000 if she agreed to engage in sexual activity. "Bryant" offered Minor Female 1 additional money if she brought in a friend to engage in sexual activity. "Bryant" also promised to provide Minor Female 1 a new cell phone, a car, a new I.D., and cash, among other items.

9. On November 10, 2019, **BRYAN DOUGLAS CONLEY** solicited, received, and possessed, two videos of Minor Female 1. The second video is a sexually explicit video of Minor Female 1.

10. "Bryant" coordinated to pick up Minor Female 1 on Saturday, November 10, 2018, and bring her to his residence in Nashville, Tennessee in order to have sex in exchange for money. However, "Bryant" sent his friend, **BRYAN DOUGLAS CONLEY**, to pick up Minor Female 1. Sometime in the morning hours of November 10, 2018, **BRYAN DOUGLAS CONLEY**, while driving a grey Ford Taurus, met Minor Female 1 at a park near Minor Female 1's family residence in Pataskala, Ohio.

11. **BRYAN DOUGLAS CONLEY** and Minor Female 1 departed towards Tennessee, drove for a few hours and eventually stopped at a Super 8 hotel in La Grange, Kentucky, where **BRYAN DOUGLAS CONLEY** rented a hotel room.

2

12. **BRYAN DOUGLAS CONLEY** transported Minor Female 1 to other locations in Kentucky and returned to the Super 8 Motel in La Grange, Kentucky. **BRYAN DOUGLAS CONLEY** told Minor Female 1 that he could not bring her to meet "Bryant" that day because "Bryant" had a vehicle accident. **BRYAN DOUGLAS CONLEY** communicated with Minor Female 1 over the next several days and did so while contemporaneously posing as "Bryant".

13. **BRYAN DOUGLAS CONLEY** drove Minor Female 1 and provided her a drink that made her feel tired and sleepy. Minor Female 1 continued to communicate via text message with "Bryant." "Bryant" told Minor Female 1 that he would pay her even more money if she had sex with **BRYAN DOUGLAS CONLEY**.

14. On Sunday, November 10 and 11, 2018, **BRYAN DOUGLAS CONLEY** stayed in a hotel room with Minor Female 1. **BRYAN DOUGLAS CONLEY** offered Minor Female 1 money to engage in sexual activity with him.

15. On November 10, 2018, **BRYAN DOUGLAS CONLEY** engaged in sexual activity after offering Minor Female 1 money.

16. On November 11, 2018, **BRYAN DOUGLAS CONLEY** transported Minor Female 1 in his car and began driving towards Tennessee.

17. **BRYAN DOUGLAS CONLEY** continued to use "Bryant," to communicate via text message with Minor Female 1 while they were together. "Bryant" offered Minor Female 1 more money for Minor Female 1 to use POF, solicit sexual activity from another male and then to allow **BRYAN DOUGLAS CONLEY** to video record the sexual activity.

18. **BRYAN DOUGLAS CONLEY** transported Minor Female 1 to meet an adult male in Jackson, Tennessee, who agreed to have sexual intercourse with Minor Female 1 in the presence of **BRYAN DOUGLAS CONLEY**. **BRYAN DOUGLAS CONLEY** offered Minor Female 1

money for the sexual activity and watched Minor Female 1 and another adult male engage in sexual activity.

19. **BRYAN DOUGLAS CONLEY** continued to transport Minor Female 1 and offered Minor Female 1 money if he could tie her up with rope.

20. **BRYAN DOUGLAS CONLEY** drove Minor Female 1 towards a location in Texas. "Bryant" then told Minor Female 1 to travel to Texas to meet "Bryant" where "Bryant" had a property. Minor Female 1 requested to return home. **BRYAN DOUGLAS CONLEY** told Minor Female 1 that he would return her to home in Ohio. **BRYAN DOUGLAS CONLEY** did not return Minor Female 1 to her home and abandoned Minor Female 1 at a gas station in Texas. **BRYAN DOUGLAS CONLEY** took her purse and phone.

21. **BRYAN DOUGLAS CONLEY** communicated with Minor Female 1 to offer her money for sexual activity and to create the false impression that she was communicating with "Bryant".

22. On or about November 8, 2018, through November 12, 2018, in the Western District of Kentucky, Oldham County, and elsewhere, the defendant **BRYAN DOUGLAS CONLEY**, knowingly transported, and attempted to transport, a person, Minor Female 1, in interstate commerce from Ohio to Kentucky, Tennessee, and Texas, with intent that Minor Female 1 engage in prostitution and in sexual activity for which any person can be charged with a criminal offense.

In violation of Title 18, United States Code, Section 2421.

The Grand Jury further charges:

## COUNT 2
*(Transportation of Minors)*

23. The allegations in paragraphs 1 through 22 are incorporated by reference.

24. On or about November 8, 2018, through November 12, 2018, in the Western District of Kentucky, Oldham County, and elsewhere, the defendant **BRYAN DOUGLAS CONLEY**, did knowingly transport Minor Female 1, who had not attained the age of 18 years, in interstate and foreign commerce from Ohio to Kentucky, Tennessee, and Texas, with intent that Minor Female 1 engage in prostitution and in sexual activity for which any person can be charged with a criminal offense.

In violation of Title 18, United States Code, Section 2423.

The Grand Jury further charges:

## COUNT 3
*(Kidnapping By Inveigle and Decoy)*

25. On or about January 26, 2019, using an online dating application, PlentyofFish.com ("POF"), **BRYAN DOUGLAS CONLEY**, used the fictitious online persona of "Lance De Beers" ("Lance") to inveigle and decoy Adult Female 1 to meet with **BRYAN DOUGLAS CONLEY**.

26. **BRYAN DOUGLAS CONLEY** created a POF profile account with the username "loveiseasy2862." Using "loveiseasy2862," **BRYAN DOUGLAS CONLEY** then posed as "Lance" and communicated with the POF account of Adult Female 1.

27. "Lance's" POF profile contained a photograph of a person that was not **BRYAN DOUGLAS CONLEY**, but of a muscular man.

28. "Lance" claimed to be a young man, a wealthy member of the "De Beer's family," and living in Nashville, Tennessee.

29. After briefly communicating on POF and on January 26, 2019, **BRYAN DOUGLAS CONLEY**, posing as "Lance," began communicating with Adult Female 1 via cellular device to cellular device text messaging.

30. Initially "Lance" and Adult Female 1 discussed developing a relationship and the potential for Adult Female 1 to become a model.

31. On January 26, 2019, Adult Female 1 agreed to meet "Lance" at a location near Dover, Tennessee, located south of Fort Campbell, Kentucky. "Lance" told Adult Female 1 that she would also meet his agent, "Brian." When Adult Female 1 arrived in Dover, Tennessee, she met "Brian" a/k/a **BRYAN DOUGLAS CONLEY**.

32. **BRYAN DOUGLAS CONLEY** communicated with Adult Female 1 using text messaging over the next several days and did so while contemporaneously posing as "Lance" and as "Brian." Adult Female 1 was susceptible because of her cognitive ability.

33. **BRYAN DOUGLAS CONLEY**, claiming his name was "Brian," falsely represented he was a modeling agent and the modeling agent for "Lance." **BRYAN DOUGLAS CONLEY** told Adult Female 1 she could be a paid model and took photographs of and filmed Adult Female 1 for her modeling portfolio. **BYAN DOUGLAS CONLEY** told Adult Female 1 that "Lance" did not show up because he had been arrested.

34. On January 27, 2019, Adult Female 1 met **BRYAN DOUGLAS CONLEY** in a hotel in Brentwood, Tennessee, to take photographs for Adult Female 1's modeling portfolio. **BRYAN DOUGLAS CONLEY** asked Adult Female 1 for her phone number, date of birth, address, and other information that he wrote down as notes. **BRYAN DOUGLAS CONLEY** showed Adult Female 1 a sample modeling contract. **BRYAN DOUGLAS CONLEY** provided Adult Female 1 with a red Yeti mug containing an unspecified sports drink, which he told her she was required to drink as part of the modeling contract. Conley offered her money to participate in sexual activity and clothed and nude photographs as part of the modeling contract. Adult Female 1 did not stay overnight at the hotel.

6

35. On January 28, 2019, **BRYAN DOUGLAS CONLEY** contacted Adult Female 1 and arranged for her to meet "Lance" again in Dover, Tennessee, and participate in a photography shoot. Adult Female 1 traveled to Dover, Tennessee, and instead again met **BRYAN DOUGLAS CONLEY**. **BRYAN DOUGLAS CONLEY** convinced Adult Female 1 to place her purse and an overnight bag in his car to travel to meet "Lance." Adult Female 1 and **BRYAN DOUGLAS CONLEY** drove to a remote location in Dover, Tennessee. **BRYAN DOUGLAS CONLEY** told Adult Female 1 that "Lance" had been arrested again and could not make it. Adult Female 1 returned home. Her purse and wallet with her social security card and credit cards remained in **BRYAN DOUGLAS CONLEY's** car.

36. On January 29, 2019, at approximately 12:02 a.m., **BRYAN DOUGLAS CONLEY**, attempted to purchase prepaid credit cards using Adult Female 1's USAA debit/credit card without Adult Female 1's authorization and permission at Walmart in Oak Grove, Kentucky.

37. On January 29, 2019, at approximately 8:54 a.m., **BRYAN DOUGLAS CONLEY** attempted to log in to Adult Female 1's USAA online bank customer profile account without her authorization and permission.

38. On January 29, 2019, **BRYAN DOUGLAS CONLEY** communicated with Adult Female 1 to schedule a modeling photography shoot in Louisville, Kentucky. **BRYAN DOUGLAS CONLEY** met Adult Female 1 in the parking lot of Kroger, 185 Adam Shepherd Parkway, Shepherdsville, Kentucky.

39. On January 29, 2019, at approximately 1:30 p.m., Adult Female 1 gave **BRYAN DOUGLAS CONLEY** her cell phone because he wanted to transfer videos from her phone to his phone. Adult Female 1 gave **BRYAN DOUGLAS CONLEY** her phone and password.

40. On January 29 and 30, 2019, **BRYAN DOUGLAS CONLEY** drove Adult Female 1 to various locations throughout Kentucky. **BRYAN DOUGLAS CONLEY** drugged Adult Female 1's drinks with a sleeping aid making her feel tired and sleepy during the long drive. **BRYAN DOUGLAS CONLEY** provided Adult Female 1 what he described as a sports drink that he required Adult Female 1 to drink as part of the modeling contract so they would be paid $500. **BRYAN DOUGLAS CONLEY** told Adult Female 1 he had to watch her drink it. Adult Female 1 fell asleep after consuming the drink.

41. On January 29, 2019, at approximately 1:37 p.m., **BRYAN DOUGLAS CONLEY** used Adult Female 1's phone to send kidnapping ransom demands and threats to physically harm Adult Female 1 to the parents of Adult Female 1. At or near the same time, **BRYAN DOUGLAS CONLEY** physically bound Adult Female 1 for approximately 3 to 4 hours with rope and duct tape.

42. **BRYAN DOUGLAS CONLEY** refused to allow Adult Female 1's parents to talk with Adult Female 1. **BRYAN DOUGLAS CONLEY** sent Adult Female 1's parents a proof of life photograph at approximately 10:00 p.m. on January 29, 2019. The photograph showed Adult Female 1 covered with a blanket in the back seat of a car and with a rope wrapped with duct tape binding her mouth.

43. Adult Female 1 had intended to return home the night of January 29, 2019, but **BRYAN DOUGLAS CONLEY** falsely claimed that he and "Lance" were law enforcement officers and Adult Female 1 was the target of a human trafficking ring and thus could not return home. **BRYAN DOUGLAS CONLEY** falsely claimed that it was unsafe for Adult Female 1 to return to work or home and he would not return her iPhone to her. **BRYAN DOUGLAS CONLEY** told Adult Female 1 to stay down in the back seat of the car out of view for her safety.

8

44. On January 30, 2019, at approximately 3:30 p.m., a ransom payment of $400 and jewelry provided by Adult Female 1's parents was placed in paper bag and dropped at Tri-State international Trucks Inc., 200 J.W. Dickerson Dr., Oak Grove, Kentucky 42262 for **BRYAN DOUGLAS CONLEY** to retrieve.

45. On January 30, 2019, at approximately 5:00 p.m., **BRYAN DOUGLAS CONLEY** retrieved the ransom payment from behind a dumpster at the Tri-State international Trucks Inc. in Oak Grove, Kentucky. **BRYAN DOUGLAS CONLEY** falsely told Adult Female 1 that he was retrieving her wallet from "Lance" when he stopped to retrieve the ransom payment.

46. **BRYAN DOUGLAS CONLEY** told Adult Female 1 that she would not be able to return home and would have to stay with him at a hotel the night of January 30, 2019, because it was still not safe for her to return home.

47. On or about and between January 26 and 30, 2019, in Bullitt County, Kentucky, in the Western District of Kentucky, and elsewhere, the defendant, **BRYAN DOUGLAS CONLEY**, did unlawfully and willfully seize, confine, inveigle, decoy, kidnap, abduct, carry away and hold Adult Female 1 for ransom, reward, or otherwise, and, in committing or in furtherance of the commission of the offense, traveled in interstate commerce from Kentucky to Ohio and Tennessee and used cellular telephones and his car, a means, facility, and instrumentality of interstate or foreign commerce.

In violation of Title 18, United States Code, Section 1201(a)(1).

The Grand Jury further charges:

## COUNT 4
*(Bank Fraud)*

48. The allegations in paragraphs 25 through 47 are incorporated by reference.

49. From on or about January 28, 2019, to January 29, 2019, in Christian County, in the Western District of Kentucky, and elsewhere, **BRYAN DOUGLAS CONLEY,** the defendant, did knowingly execute and attempt to execute a scheme and artifice to defraud a financial institution, USAA Bank, and to obtain money, funds, and other property owned by and under the custody and control of, a financial institution, by means of false and fraudulent pretenses, representations, and promises: to wit **BRYAN DOUGLAS CONLEY** executed and attempted to execute a scheme to defraud USAA Bank by attempting to purchase prepaid credit cards with Adult Female 1's credit card without her authorization at Walmart in Oak Grove, Kentucky, and attempting to access Adult Female 1's online USAA Bank customer profile account using Adult Female 1's social security number.

All in violation of Title 18, United States Code, Section 1344.

The Grand Jury further charges:

## COUNT 5
*(Aggravated Identity Theft)*

50. The allegations in paragraphs 25 through 49 are incorporated by reference.

51. From on or about January 28, 2019, to January 29, 2019, in the Western District of Kentucky, Christian County, and elsewhere, **BRYAN DOUGLAS CONLEY**, the defendant, did knowingly transfer, possess, use, without lawful authority, a means of identification of another person, Adult Female 1's social security number and Adult Female 1's name and USAA credit and debit card number, during and in relation to a felony violation enumerated in Title 18, United States Code, Section 1028A(c), to wit: a violation of Title 18, United States Code Section 1344, as charged in Count 4, knowing that the means of identification belonged to another actual person.

All in violation of Title 18, United States Code, Section 1028A.

The Grand Jury further charges:

## COUNT 6
*(Interstate Threats)*

52. The allegations in paragraphs 25 through 51 are incorporated by reference.

53. On or about January 29, 2019, in the Western District of Kentucky, Bullitt County, and elsewhere, the defendant, **BRYAN DOUGLAS CONLEY**, knowingly and willfully transmitted communications in interstate commerce from the Commonwealth of Kentucky to Tennessee, and through Apple data processing servers located outside of Kentucky, and the communication contained a threat to kidnap and injure Adult Female 1 that was sent to the parents of Adult Female 1, to wit: **BRYAN DOUGLAS CONLEY** sent the following iMessage, "Good I am actually the woman who has your daughter. No cops. Nothing stupid ok Or I sell her and you won't see her again".

In violation of Title 18, United States Code, Section 875(c).

The Grand Jury further charges:

## COUNT 7
*(Interstate Threats)*

54. The allegations in paragraphs 25 through 53 are incorporated by reference.

55. On or about January 29, 2019, in the Western District of Kentucky, Bullitt County, and elsewhere, the defendant, **BRYAN DOUGLAS CONLEY**, knowingly and willfully transmitted communications in interstate commerce from the Commonwealth of Kentucky to Tennessee, and through Apple data processing servers located outside of Kentucky, and the communication contained a threat to kidnap and injure Adult Female 1 that was sent to the parents of Adult Female

1, to wit: **BRYAN DOUGLAS CONLEY** sent the following iMessage, "One cop or police report she's done. Goal is close to 20,000 as you can".

In violation of Title 18, United States Code, Section 875(c).


The Grand Jury further charges:

## COUNT 8
(*Interstate Threats*)

56. The allegations in paragraphs 25 through 55 are incorporated by reference.

57. On or about January 29, 2019, in the Western District of Kentucky, Bullitt County, and elsewhere, the defendant, **BRYAN DOUGLAS CONLEY**, knowingly and willfully transmitted communications in interstate commerce from the Commonwealth of Kentucky to Tennessee, and through Apple data processing servers located outside of Kentucky, and the communication contained a threat to kidnap and injure Adult Female 1 that was sent to the parents of Adult Female 1, to wit: **BRYAN DOUGLAS CONLEY** sent the following iMessage, "My contact will be here in 12 hours to buythensex slaves. You got till then. No marked bills or anything over a 50".

In violation of Title 18, United States Code, Section 875(c).


The Grand Jury further charges:

## COUNT 9
(*Interstate Threats*)

58. The allegations in paragraphs 25 through 57 are incorporated by reference.

59. On or about January 29, 2019, in the Western District of Kentucky, Bullitt County, and elsewhere, the defendant, **BRYAN DOUGLAS CONLEY**, knowingly and willfully transmitted communications in interstate commerce from Ohio to Kentucky and Tennessee, and through Apple

data processing servers in interstate commerce, and the communication contained a threat to kidnap and injure Adult Female 1 that was sent to the parents of Adult Female 1, to wit: **BRYAN DOUGLAS CONLEY** sent the following iMessage, ""Hurry up or she will be sold soon".

In violation of Title 18, United States Code, Section 875(c).

The Grand Jury further charges:

## COUNT 10
(*Interstate Threats*)

60. The allegations in paragraphs 25 through 59 are incorporated by reference.

61. On or about January 29, 2019, in the Western District of Kentucky, Bullitt County, and elsewhere, the defendant, **BRYAN DOUGLAS CONLEY**, knowingly and willfully transmitted communications in interstate commerce from Ohio to the Commonwealth of Kentucky and Tennessee, and through Apple data processing servers in interstate commerce, and the communication contained a threat to kidnap and injure Adult Female 1 that was sent to the parents of Adult Female 1, to wit: **BRYAN DOUGLAS CONLEY** sent the following iMessage, "Your daughter will be sold soon if your not on the fucking road. She's n Ohio .at a safe house so hurry".

In violation of Title 18, United States Code, Section 875(c).

The Grand Jury further charges:

## COUNT 11
(*Interstate Threats*)

62. The allegations in paragraphs 25 through 61 are incorporated by reference.

63. On or about January 29, 2019, in the Western District of Kentucky, Bullitt County, and elsewhere, the defendant, **BRYAN DOUGLAS CONLEY**, knowingly and willfully transmitted

communications in interstate commerce from Ohio to the Commonwealth of Kentucky and Tennessee, and through Apple data processing servers in interstate commerce, and the communication contained a threat to kidnap and injure Adult Female 1 that was sent to the parents of Adult Female 1, to wit: **BRYAN DOUGLAS CONLEY** sent the following iMessage, "She will be missing fingers and toes if you don't hurry le fuck up".

In violation of Title 18, United States Code, Section 875(c).

The Grand Jury further charges:

## COUNT 12
*(Interstate Threats)*

64. The allegations in paragraphs 25 through 63 are incorporated by reference.

65. On or about January 29, 2019, in the Western District of Kentucky, Bullitt County, and elsewhere, the defendant, **BRYAN DOUGLAS CONLEY**, knowingly and willfully transmitted communications in interstate commerce from the Commonwealth of Kentucky to Tennessee, and through Apple data processing servers located outside of Kentucky, and the communication contained a threat to kidnap and injure Adult Female 1 that was sent to the parents of Adult Female 1, to wit: **BRYAN DOUGLAS CONLEY** sent the following iMessage, "Ok I'm going to start removing toes if not answer".

In violation of Title 18, United States Code, Section 875(c).

The Grand Jury further charges:

## COUNT 13
*(Interstate Threats)*

66. The allegations in paragraphs 25 through 65 are incorporated by reference.

67. On or about January 29, 2019, in the Western District of Kentucky, Bullitt County, and elsewhere, the defendant, **BRYAN DOUGLAS CONLEY**, knowingly and willfully transmitted communications in interstate commerce from the Commonwealth of Kentucky to Tennessee, and through Apple data processing servers located outside of Kentucky, and the communication contained a threat to kidnap and injure Adult Female 1 that was sent to the parents of Adult Female 1, to wit: **BRYAN DOUGLAS CONLEY** sent the following iMessage, "Drop the money and go to exit 117 and I tell you where she is safe. If you don't then she's fucked. No more arguing. If you don't you just killed your daughter end of discussion".

In violation of Title 18, United States Code, Section 875(c).

The Grand Jury further charges:

## COUNT 14
*(Interstate Threats)*

68. The allegations in paragraphs 25 through 67 are incorporated by reference.

69. On or about January 29, 2019, in the Western District of Kentucky, Bullitt County, and elsewhere, the defendant, **BRYAN DOUGLAS CONLEY**, knowingly and willfully transmitted communications in interstate commerce from the Commonwealth of Kentucky to Tennessee, and through Apple data processing servers located outside of Kentucky, and the communication contained a threat to kidnap and injure Adult Female 1 that was sent to the parents of Adult Female 1, to wit: **BRYAN DOUGLAS CONLEY** sent the following iMessage, "He has 5 minutes to do it or I send video of me gutting her like a fish. No more of his games. He just signed her death warrant if he doesn't stop".

In violation of Title 18, United States Code, Section 875(c).

The Grand Jury further charges:

## COUNT 15
*(Interstate Threats)*

70. The allegations in paragraphs 25 through 69 are incorporated by reference.

71. On or about January 29, 2019, in the Western District of Kentucky, Bullitt County, and elsewhere, the defendant, **BRYAN DOUGLAS CONLEY**, knowingly and willfully transmitted communications in interstate commerce from the Commonwealth of Kentucky to Tennessee, and through Apple data processing servers located outside of Kentucky, and the communication contained a threat to kidnap and injure Adult Female 1 that was sent to the parents of Adult Female 1, to wit: **BRYAN DOUGLAS CONLEY** sent the following iMessage, "Your husbands going to get her killed playing his games. He's fucked around for 6 hours now. For every 30 he's late now I remove a body part. Fore every time I message you and no response same".

In violation of Title 18, United States Code, Section 875(c).

## NOTICE OF FORFEITURE

72. As a result of committing offenses in violation of Title 18, United States Code, Sections 2421, 2423, 1201(a), 1344, 1028A, and 875(c), as alleged in Counts 1 through 15 of this Indictment, felonies punishable by imprisonment for more than one year, the defendant, **BRYAN DOUGLAS CONLEY**, shall forfeit to the United States, pursuant to Title 18, United States Code, Sections 981(a)(1)(C), 982(a)(2)(B), 1028(b), and 2428, and Title 28, United States Code, Section 2461, any and all property constituting, or derived from, proceeds defendant obtained, directly or

indirectly, as a result of the violations alleged in Counts 1 through 15 of this Indictment, and any property used or intended to be used to commit or to facilitate the commission of these violations, including but not limited to the following: A 2014 Ford Taurus, VIN 1FAHP2D89EG147917.

A TRUE BILL.

Redacted

FOREPERSON

MICHAEL A. BENNETT
UNITED STATES ATTORNEY

MAB:JDJ

UNITED STATES OF AMERICA v. **BRYAN DOUGLAS CONLEY**
**PENALTIES**

Count 1: NM 10 yrs/ $250,000/both/ NL 5 yrs to Life Supervised Release.
Count 2: NL 10 yrs to NM Life/$250,000/NL 5 yrs to Life Supervised Release.
Count 3: NM Life/ $250,000/both/ NM 3 Supervised Release.
Count 4: NM 30 yrs/$1,000,000/both/NM 5 yrs Supervised Release.
Count 5: 2 yrs consecutive/$250,000/both/NM 1 yrs Supervised Release.
Counts 6-15: NM 5 yrs./$250,000/both/NM 3 yrs. Supervised Release
Forfeiture

## NOTICE

### ANY PERSON CONVICTED OF AN OFFENSE AGAINST THE UNITED STATES SHALL BE SUBJECT TO SPECIAL ASSESSMENTS, FINES, RESTITUTION & COSTS.

SPECIAL ASSESSMENTS

18 U.S.C. § 3013 requires that a special assessment shall be imposed for each count of a conviction of offenses committed after November 11, 1984, as follows:

| | | | |
|---|---|---|---|
| Misdemeanor: | $ 25 per count/individual | Felony: | $100 per count/individual |
| | $125 per count/other | | $400 per count/other |

FINES

In addition to any of the above assessments, you may also be sentenced to pay a fine. Such fine is due <u>immediately</u> unless the court issues an order requiring payment by a date certain or sets out an installment schedule. You shall provide the United States Attorney's Office with a current mailing address for the entire period that any part of the fine remains unpaid, or you may be held in contempt of court. 18 U.S.C. § 3571, 3572, 3611, 3612

**Failure to pay fine as ordered may subject you to the following:**

1. **INTEREST** and **PENALTIES** as applicable by law according to last date of offense.

    For offenses occurring after December 12, 1987:

    No **INTEREST** will accrue on fines under $2,500.00.

    **INTEREST** will accrue according to the Federal Civil Post-Judgment Interest Rate in effect at the time of sentencing. This rate changes monthly. Interest accrues from the first business day following the two week period after the date a fine is imposed.

    **PENALTIES** of:

    10% of fine balance if payment more than 30 days late.

    15% of fine balance if payment more than 90 days late.

2. Recordation of a **LIEN** shall have the same force and effect as a tax lien.

3. Continuous **GARNISHMENT** may apply until your fine is paid.

18 U.S.C. §§ 3612, 3613

   If you **WILLFULLY** refuse to pay your fine, you shall be subject to an **ADDITIONAL FINE** of not more than the greater of $10,000 or twice the unpaid balance of the fine; or **IMPRISONMENT** for not more than 1 year or both. 18 U.S.C. § 3615

RESTITUTION

If you are convicted of an offense under Title 18, U.S.C., or under certain air piracy offenses, you may also be ordered to make restitution to any victim of the offense, in addition to, or in lieu of any other penalty authorized by law. 18 U.S.C. § 3663

APPEAL

If you appeal your conviction and the sentence to pay your fine is stayed pending appeal, the court shall require:

1. That you deposit the entire fine amount (or the amount due under an installment schedule during the time of your appeal) in an escrow account with the U.S. District Court Clerk, or

2. Give bond for payment thereof.

18 U.S.C. § 3572(g)

PAYMENTS

If you are ordered to make payments to the U.S. District Court Clerk's Office, certified checks or money orders should be made payable to the Clerk, U.S. District Court and delivered to the appropriate division office listed below:

| | |
|---|---|
| LOUISVILLE: | Clerk, U.S. District Court<br>106 Gene Snyder U.S. Courthouse<br>601 West Broadway<br>Louisville, KY 40202<br>502/625-3500 |
| BOWLING GREEN: | Clerk, U.S. District Court<br>120 Federal Building<br>241 East Main Street<br>Bowling Green, KY 42101<br>270/393-2500 |
| OWENSBORO: | Clerk, U.S. District Court<br>126 Federal Building<br>423 Frederica<br>Owensboro, KY 42301<br>270/689-4400 |
| PADUCAH: | Clerk, U.S. District Court<br>127 Federal Building<br>501 Broadway<br>Paducah, KY 42001<br>270/415-6400 |

If the court finds that you have the present ability to pay, an order may direct imprisonment until payment is made.