UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff<br><br>v.<br><br>BRYAN DOUGLAS CONLEY,<br><br>Defendant. | Case No. 3:23-CR-00014-DJH<br><br>*Electronically Filed* |

### MOTION TO DISMISS COUNT 2

The United States Supreme Court has long held that, while broad, prosecutorial discretion is not unfettered. *Wayte v. United States*, 470 U.S. 598, 608 (1985). "For an agent of the State to pursue a course of action whose objective is to penalize a person's reliance on his protected statutory or constitutional rights is 'patently unconstitutional.'" *Bragan v. Poindexter*, 249 F.3d 476, 481 (6th Cir. 2001) (*quoting United States v. Goodwin*, 457 U.S. 368, 372 n.4 (1982)); *see also Bordenkircher v. Hayes*, 434 U.S. 357, 363 (1978). The government has ignored those principles here in charging Mr. Conley with interstate transportation of a minor, an offense which carries a ten-year statutory mandatory minimum and an offense for which he did not face prior to asserting his statutory and constitutional right to a speedy trial.

For four years, Mr. Conley previously faced charges for conduct now alleged in the instant case. The government superseded twice in the previous case, last superseding more than three years ago. Mr. Conley was on the eve of trial when the previous case was dismissed on speedy trial grounds. Only after that dismissal did the government add a new charge – a charge based on information the government has had for at least three years and a charge that carries a

much more significant mandatory minimum penalty than any Mr. Conley previously faced. Consequently, pursuant to Federal Rule of Criminal Procedure 12(b)(3)(A)(iv), Mr. Conley respectfully moves the Court to dismiss with prejudice Count 2 of the Indictment.

## BACKGROUND & CHARGES

In February 2019, a federal grand jury indicted Mr. Conley on ten counts of sending interstate threatening communications.  (Docket Entry #11 in Western District of Kentucky Case #3:19-CR-19 (hereafter, "Underlying Case").)  In June 2019, the government sought, and obtained, a superseding indictment, which added charges of kidnapping, bank fraud, and aggravated identity theft.  (Docket Entry #22 in Underlying Case.)  The entirety of the charges contained in these two indictments related to an incident that occurred in January 2019, wherein Mr. Conley is alleged to have kidnapped a Tennessee woman, attempted to use her debit/credit card, used her information in an attempt to gain access to her bank account, and sent threatening text messages to her parents.  (*See id.*)

In September 2019, the government sought, and obtained, a second superseding indictment in the Underlying Case.  (Docket Entry #45 in Underlying Case.)  The second superseding indictment added one count of interstate transportation for prostitution, in violation of 18 U.S.C. § 2421(a).  (*See id.*)  Though the details underlying this charge are not fully articulated in the second superseding indictment, Mr. Conley is alleged to have transported, or attempted to transport, a minor female from Ohio to Kentucky, Tennessee, and elsewhere with the intent that the minor female engage in prostitution and in sexual activity for which any person can be charged with a criminal offense.  (*See id.*; *see also* Docket Entry #111 in Underlying Case.)  Undeniably, the government knew the minor female's date of birth at the time the second superseding indictment was obtained.  (Exhibit 1, Texas Department of Public

Safety Criminal Investigations Division Supplemental Report.) Importantly, transportation for prostitution, a violation of 18 U.S.C. § 2421(a), carries a potential punishment of *no more than* ten years; the statute does not carry a mandatory minimum sentence.

Litigation in the Underlying Case continued for more than three years. Trial was ultimately scheduled for February 6, 2023. (Docket Entry #122 in Underlying Case.) On January 17, 2023, Mr. Conley, then on his fifth attorney, filed a motion to dismiss arguing that his statutory and constitutional rights to a speedy trial had been violated. (Docket Entry #157 in Underlying Case.) On February 1, 2023, the Court ordered the Underlying Case dismissed without prejudice after finding Mr. Conley's statutory right to a speedy trial had been violated. (Docket Entry #172 in Underlying Case.)

In anticipation of the dismissal of the Underlying Case, on January 31, 2023, the government filed a new criminal complaint charging Mr. Conley with the same kidnapping, bank fraud, aggravated identity theft, and interstate threatening communications charges asserted in the Underlying Case. (*See* R. 1.) On February 7, 2023, the government returned to a federal grand jury and indicted Mr. Conley on all of the same charges that were contained in the Underlying Case's second superseding indictment, but also charging Mr. Conley with transportation of a minor, in violation of 18 U.S.C. § 2423(a), a charge that was not pursued in the Underlying Case. (R. 4.) Importantly, this new offense carries a statutory mandatory minimum sentence of ten years, a mandatory minimum penalty Mr. Conley did not face prior to asserting his statutory and constitutional right to a speedy trial in the Underlying Case.

Mr. Conley exercised his statutory and constitutional right in seeking dismissal of the Underlying Case on speedy trial grounds. In response to Mr. Conley successfully obtaining dismissal of the Underlying Case, the government re-indicted and included a charge carrying a

mandatory minimum sentence Mr. Conley did not face prior to asserting his constitutional and statutory rights. While the dismissal of the Underlying Case was without prejudice, leaving the government with the discretion to re-indict Mr. Conley, that discretion is not unfettered, and the vindictive prosecution exhibited in this case requires dismissal of Count 2, the new transportation of a minor charge.

## LEGAL STANDARDS

The Sixth Circuit has acknowledged that "due process prohibits an individual from being punished for exercising a protected statutory or constitutional right." *United States v. Poole*, 407 F.3d 767, 774 (6th Cir. 2005) (citing *United States v. Goodwin*, 457 U.S. 368, 372 (1982). That said, "the Due Process Clause is not offended by all possibilities of increased punishment . . . but only by those that pose a realistic likelihood of 'vindictiveness.'" *Id.* (quoting *Blackledge v. Perry*, 417 U.S. 21, 27 (1974)). "To punish a person because he has done what the law plainly allows him to do is a due process violation of the most basic sort. . . ." *Bordenkircher v. Hayes*, 434 U.S. 357, 363 (1978).

Prosecutorial vindictiveness can be shown through one of two ways. *Bragan v. Poindexter*, 249 F.3d 476, 481 (6th Cir. 2001). "First, a defendant may demonstrate 'actual vindictiveness,' *i.e.*, he may establish through objective evidence that a prosecutor acted in order to punish the defendant for standing on his legal rights." *Id.* (internal citations omitted). "Second, a defendant may establish that, in the particular factual situation presented, there existed a 'realistic likelihood of vindictiveness' for the prosecutor's action." *Id.* "[A] criminal prosecution that would not have been initiated but for vindictiveness is constitutionally prohibited. *Id.* The ordinary remedy for prosecutorial vindictiveness is dismissal of the augmented charge. *See Blackledge v. Perry*, 417 U.S. 21, 24-29 (1974); *see also United States*

*v. Andrews*, 633 F.2d 449, 455 (6th Cir. 1980). That the Underlying Case was in a pretrial posture at the time Mr. Conley sought dismissal on speedy trial grounds does not preclude his claim of prosecutorial vindictiveness. *See United States v. LaDeau*, 734 F.3d 561, 567 (6th Cir. 2013) (reaffirming that prosecutorial vindictiveness can potentially be found in the pre-trial addition of charges following pre-trial assertions of protected rights). Here, prosecutorial vindictiveness can be established through either recognized prong. Consequently, Count 2 must be dismissed with prejudice.

    A.    <u>Actual Vindictiveness</u>

Actual vindictiveness, though exceedingly rare, can be established through objective evidence that a prosecutor acted in order to punish the defendant for standing on his legal rights. *Bragan*, 249 F.3d at 481.

In 2019, the government brought a second superseding indictment in the Underlying Case charging Mr. Conley with interstate transportation for prostitution, in violation of 18 U.S.C. §2421(a), alleging that Mr. Conley "knowingly transported, and attempted to transport, a person, female 1, in interstate commerce with the intent that the individual engage in prostitution and in sexual activity for which any person can be charged with a criminal offense." (Docket Entry #45 in Underlying Case, Count 1.) The government knew, prior to seeking the second superseding indictment in the Underlying Case, that "female 1" was a minor. (*See* Exh. 1.) Indeed, there is absolutely no difference in Mr. Conley's alleged conduct with regard to the interstate transportation charge in the Underlying Case and the interstate transportation of a minor charge in this case. Yet, for over three years, the government never sought to amend this charge. Importantly, a violation of 18 U.S.C. §2421(a) carries a statutory <u>maximum</u> potential penalty of ten years imprisonment.

On January 17, 2023, after the second superseding indictment had been pending for over three years and just weeks before the February 2023 trial, Mr. Conley filed a motion to dismiss the Underlying Case due to violations of his constitutional and statutory rights to a speedy trial. (Docket Entry #157 in Underlying Case.) On February 1, 2023, just days before trial, the Court found that Mr. Conley's statutory right to a speedy trial had been violated and dismissed the Underlying Case without prejudice. (Docket Entry #172 in Underlying Case.) Within a week, and less than one month after Mr. Conley stood on his constitutional and statutory rights to a speedy trial, the government re-indicted Mr. Conley. (R. 4.) In doing so, the government inappropriately retaliated against Mr. Conley by charging him with the more severe offense of transportation of a minor (Count 2), in violation of 18 U.S.C. §2423(a), in addition to the original charge of transportation for prostitution (Count 1), in violation of 18 U.S.C. §2421(a). This new offense (Count 2) carries a statutory mandatory *minimum* sentence (ten years imprisonment) that equals the statutory *maximum* sentence he previously faced in the Underlying Case for the same alleged conduct. Moreover, Mr. Conley now faces a potential maximum sentence of life imprisonment for the conduct allegedly underlying this specific charge, which previously was capped, by statute, at ten years.

Objectively, the series of events leading to the government charging Mr. Conley with interstate transportation of a minor evidences actual vindictiveness in the prosecutorial decision to pursue that charge. Consequently, the Court should dismiss, with prejudice, Count 2 of the indictment.

B.     Presumptive Vindictiveness / Realistic Likelihood of Vindictiveness

Even if the Court does not find actual vindictiveness in the government's decision to charge Mr. Conley with interstate transportation of a minor, the Court should still dismiss Count

2 because of the realistic likelihood of vindictiveness underpinning the government's action to pursue this charge.

"If a defendant establishes that '(1) the prosecutor has some stake in deterring the defendant's exercise of his rights and (2) the prosecutor's conduct was somehow unreasonable, then the district court may presume an improper vindictive motive." *LaDeau*, 734 F.3d at 566 (quoting *Bragan*, 249 F.3d at 482). "The government bears the burden of rebutting the presumption with 'objective, on-the-record explanations' such as 'governmental discovery or previously unknown evidence' or 'previous legal impossibility.'" *Id*. Each claim of presumptive vindictiveness will necessarily turn on the facts of the case, which the Court must assess when determining if the vindictiveness standard has been met. *Id.*

       *1.    The government had a significant stake in deterring Mr. Conley's exercise of his rights*.

Here, the government had a significant stake in deterring Mr. Conley's exercise of his right to seek dismissal of his prior case on speedy trial grounds. The only substantive occurrence between the second superseding indictment in the Underlying Case and the indictment in this case is Mr. Conley succeeding in obtaining dismissal of the Underlying Case due to a violation of his statutory right to a speedy trial. The government cannot argue that discovery of new evidence prompted the new charge (Count 2 – interstate transportation of a minor) because the only evidence needed for that charge – in addition to the evidence for the Underlying Case's charge of interstate transportation for prostitution – was the alleged victim's date of birth, which the government had in its possession. *See* Exh. 1. Consequently, the government's view of Mr. Conley's case could not have changed due to this information.

Additionally, the government's stake in deterring Mr. Conley's dismissal request resulted in the government having to return to the grand jury to re-indict Mr. Conley. Mr. Conley's

Underlying Case was dismissed in its entirety. The government spent resources in preparing a criminal complaint in preparation of dismissal so that Mr. Conley would not be released from detention before the government could re-indict. (*See* R. 1.) Subsequently, the government returned to the grand jury and re-presented its case in order to obtain a new indictment, which it obtained. (R. 11.) This imposed upon the government some burden, which is only magnified by the timing of Mr. Conley's exertion of a statutory right.

Courts have previously held that "some repetition of prosecutorial efforts," such as seeking re-indictment following dismissal on speedy trial grounds, does not create a "sufficient burden to trigger a realistic likelihood of vindictiveness in the pretrial context." *United States v. Moon*, 513 F.3d 527, 535-36 (6th Cir. 2008) (citing *United States v. Ewing*, No. 94-3010, 1994 WL 577055, 38 F.3d 1217 (Table) (6th Cir. 1994)[1]). In *Moon*, the defendant sought dismissal of the indictment early in the litigation due to lack of an interstate nexus. *Moon*, 513 F.3d at 533. The government returned to the grand jury, albeit twice, in order to fix the indictment on the original charge and ultimately charge an additional offense no more serious that the initial charged offense. *Id.* In *Ewing*, the trial court dismissed the case because the government did not obtain an indictment within 30 days of the defendant's arrest. *Ewing*, 1994 WL 577055, at *1. The defendant was arrested, and detained solely on federal charges, on November 13, 1992; the government obtained an indictment on December 17, 1992; and the defendant filed his motion to dismiss on December 31, 1992. *Id.* Thus, in both *Moon* and *Ewing*, the government's only repetition of efforts was to return to the grand jury within a short time of having already obtained the initial indictments.

---

[1] *Ewing* is being attached as Exhibit 2 because of its unpublished classification. Mr. Conley does not rely on *Ewing* for any precedential value, but cites to *Ewing* only to distinguish its facts from the facts of the case at bar.

Conversely, in Mr. Conley's case, the dismissal on speedy trial grounds came on the eve of trial after four years of litigation. Unlike in *Moon* and *Ewing*, Mr. Conley's motion to dismiss came after years of litigating the Underlying Case. Mr. Conley's second superseding indictment came on September 18, 2019. (Docket Entry #45 in Underlying Case.) Trial was ultimately scheduled for February 6, 2023. (Docket Entry #122 in Underlying Case.) On January 17, 2023, Mr. Conley filed his motion to dismiss. (Docket Entry #157.) On February 1, 2023, just five calendar days before trial, the Court dismissed the Underlying Case. (Docket Entry #172 in Underlying Case.) The case had previously been declared complex (Docket Entry #52 in Underlying Case), the final pretrial conference had already taken place (Docket Entry #160), and both parties were in the depths of trial preparation when Mr. Conley filed his motion to dismiss.

Additionally, the nature of the charges, the number of witness, including several out-of-state witness, and the amount and volume of discovery in this case (*see, e.g.,* Docket Entry #113 in Underlying Case) indicates that the trial in this matter would likely continue for more than a week. Thus, unlike in *Moon* and *Ewing*, the government was significantly burdened when Mr. Conley exercised his statutory right to seek dismissal on speedy trial grounds. Not only did the government have to repeat going back to the grand jury, but the government, in the midst of trial prep, had to make contact with its numerous witnesses to cancel their arrangements for trial on the eve of trial, and, again in the future, will incur the burden of trial prep in this serious case. The Court is well aware of the efforts that are involved with preparing for trial, and undoubtedly having to repeat those efforts in the future will be a significant time, cost, and resource burden on the government, a burden it has already incurred once. These additional repetitive burdens were not at play in *Moon* and *Ewing*. Consequently, here, the government had a significant stake in

deterring Mr. Conley, and other defendants similarly situated, in standing on their constitutional and statutory rights at such a late stage of litigation.

> 2. *The government's conduct in charging an additional offense with severely increased penalties was unreasonable.*

Upon dismissal of the Underlying Case, the government was well within its right to re-indict Mr. Conley. However, that right is not unfettered. The government could have re-indicted Mr. Conley on the same charges that were included in the second superseding indictment that had been pending for more than three years, but it choose to also seek a new charge that carries more significant penalties. Above, Mr. Conley has already set forth the factual series of events that transpired before the government obtained the indictment in this case, and incorporates that recitation of events in this section of the memorandum.

The government had all of the information it needed to charge interstate transportation of a minor years before seeking the current indictment. (*See* Exh. 1.) The government had the minor's date of birth at the time it obtained the second superseding indictment. (*Id.*) The parties continued to litigate the Underlying Case, up to the point of trial, without the government ever indicating that it would seek additional charges. Had the government indicated to Mr. Conley that it would seek additional, more severe charges if Mr. Conley did not plea, Mr. Conley would have been free to accept or reject that offer. *See Bordenkircher*, 434 U.S. at 363-65. However, that was not the case here. Legal impossibility did not prevent the government from seeking the more severe charge as the government was always free to supersede the indictment in the Underlying Case in order to add the more severe charge; it chose not to.

Only upon Mr. Conley's assertion of his right to a speedy trial, during the rigors of trial preparation and on the eve of trial, did the government decide to seek a more severe charge and subject Mr. Conley to significantly greater penalty to which he was not previously subjected.

10

Such conduct is unreasonable. Such conduct also has created a realistic likelihood that vindictiveness played a role in the government's decision to charge Mr. Conley with interstate transportation of a minor, an offense that carries a statutory mandatory minimum penalty of ten years and a potential maximum penalty of life, neither of which Mr. Conley faced with regard to the alleged conduct for this specific offense in the Underlying Case.

        3.    *The government cannot present objective, on-the-record explanations to justify its conduct.*

Neither legal impossibility nor the discovery of new evidence led to the government charging Mr. Conley with the new interstate transportation of a minor charge (Count 2). The government could have charged Mr. Conley with this offense at any point in the four years that the Underlying Case was pending. Any attempt to justify its conduct should be met with scrutiny, especially considering that the same individual prosecutor, who endured the previous four years of litigating the Underlying Case, is the same prosecutor who made the charging decision in the instant matter. *See Thigpen v. Roberts*, 468 U.S. 27, 31 (1984); *see also Bragan*, 249 F.3d at 482 (recognizing that an argument could be made that presumptive vindictiveness does not arise where separate prosecutors are involved). Put another way, the government cannot objectively rebut the presumption that a realistic likelihood of vindictiveness affected its decision to charge Mr. Conley with interstate transportation of a minor given the timing and severity of the additional charge.

## CONCLUSION

The arguments set forth above support an objective finding that the government acted with actual vindictiveness when it charged Mr. Conley with the more severe offense of interstate transportation of a minor (Count 2) after Mr. Conley succeeded in asserting his statutory right to a speedy trial in the Underlying Case. Even if the Court does not find actual vindictiveness, the

factual series of events evidence a realistic likelihood that vindictiveness played a role in the government charging Mr. Conley with the interstate transportation of a minor offense at issue in this Motion. Either way, the Court should dismiss with prejudice Count 2 – Interstate Transportation of a Minor.

Respectfully submitted,

*/s/ Ashley W Ward for Joshua F. Barnette*
Joshua F. Barnette
STITES & HARBISON PLLC
400 West Main Street, Suite 1800
Louisville, KY 40202
859.226.2318
jbarnette@stites.com
*Counsel for Bryan Douglas Conley*
*(Attorney Ashley Ward is filing this motion for Attorney Joshua Barnette for this filing and this case only.)*

**CERTIFICATE OF SERVICE**

I hereby certify that on 13th day of March, 2023, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send a notice of electronic filing to all counsel of record.

*/s/ Joshua F. Barnette*
Joshua F. Barnette