UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff <br><br> v. <br><br> BRYAN DOUGLAS CONLEY, <br><br> Defendant. | Case No. 3:23-CR-00014-DJH <br><br> *Electronically Filed* |

_____

### DEFENDANT'S TRIAL MEMORANDUM
_____

Comes now Defendant Bryan Douglas Conley, by and through counsel, and hereby submits this Trial Memorandum.

**A.    STATUTES INVOLVED AND ELEMENTS OF OFFENSES**

<u>*Count 1 - Interstate Transportation for Prostitution or Other Criminal Purposes*</u>

Count 1 of the indictment charges Mr. Conley with interstate transportation for prostitution in violation of 18 U.S.C. §2421(a). The elements of that offense are as follows:

1.    The Defendant knowingly transported Minor Female 1 (the individual identified in the indictment) in interstate or foreign commerce, or in any Territory or Possession of the United States; and

2.    The Defendant intended Minor Female 1 to engage in, or attempt to engage in, prostitution or in any sexual activity for which any person can be charged with a criminal offense.

### *Count 2 – Transportation of Minors*

Count 2 of the indictment charges Mr. Conley with transportation of a minor in violation of 18 U.S.C. §2423(a). The elements of that offense are as follows:

1. The Defendant knowingly transported Minor Female 1 (the individual identified in the indictment) in interstate or foreign commerce, or in any Territory or Possession of the United States; and

2. The Defendant intended Minor Female 1 to engage in, or attempt to engage in, prostitution or in any sexual activity for which any person can be charged with a criminal offense; and

3. Minor Female 1 had not attained the age of 18 years.

### *Count 3 – Kidnapping*

Count 3 of the indictment charges Mr. Conley with kidnapping by inveigle and decoy in violation of 18 U.S.C. §1201(a). The elements of that offense are as follows:

1. The Defendant unlawfully seized, confined, inveigled, decoyed, kidnapped, abducted, or carried away Adult Female 1 (the individual identified in the indictment); and

2. The Defendant held Adult Female 1 for ransom, reward, or for any other reason; and

3. In committing or in furtherance of the offense,

    (a) The Defendant willfully transported Adult Female 1 in interstate or foreign commerce; or

    (b) The Defendant traveled in interstate or foreign commerce; or

    (c) The Defendant used the mail; or

    (d)  The Defendant used a means, facility, or instrumentality of interstate or foreign commerce; and

4. The Defendant acted unlawfully, knowingly, and willfully.

*Count 4 - Bank Fraud*

Count 4 of the indictment charges Mr. Conley with bank fraud in violation of 18 U.S.C. §1344.  The elements of that offense are as follows:

1. The Defendant knowingly executed or attempted to execute a scheme:

    (a) to defraud a financial institution; or

    (b)  to obtain the moneys, funds, credits, assets, securities, or other property owned by, or under the custody or control of, a financial institution by means of false or fraudulent pretenses, representations, or promises; and

2. The Defendant did so with the intent to defraud; and

3. The financial institution was insured by the FDIC.

*Count 5 - Aggravated Identity Theft*

Count 5 of the indictment charges Mr. Conley with aggravated identity theft in violation of 18 U.S.C. §1028A.  The elements of that offense are as follows:

1. The Defendant knowingly transferred, possessed, or used;

2. without lawful authority;

3. a means of identification of another person;

4. during and in relation to the Bank Fraud charge alleged in Count 4 of the second superseding indictment.

*Counts 6 - 15 - Interstate Threats*

Counts 6 - 15 of the indictment charges Mr. Conley with interstate threats in violation of 18 U.S.C. §875(c). The elements of that offense are as follows:

1. The Defendant sent a message in interstate commerce; and
2. A reasonable observer would view the message as a threat; and
3. The Defendant intended the message as a threat.

**B.  STATEMENT OF UNDISPUTED AND DISPUTED FACTS**

At this time, Defendant believes all facts are in dispute. Currently, Mr. Conley and the government have not agreed on any stipulated facts. If Mr. Conley and the government agree to any stipulated facts, Mr. Conley will notify the Court.

**C.  UNRESOLVED SUBSTANTIVE ISSUES OF LAW**

Defendant is unaware of any such issue at this time. Defendant notes that he previously filed a motion to dismiss Count 2 of the indictment for prosecutorial vindictiveness. (*See* R. 19.) At the current time, that motion remains pending.

**D.  STATEMENT OF EVIDENTIARY ISSUES**

Currently pending before the Court are the following motions: Mr. Conley's motion in limine to exclude certain psychological evaluations (R. 27); Mr. Conley's motion in limine to exclude certain text messages (R. 28); Mr. Conley's motion in limine to exclude evidence related to an Econo Lodge theft (R. 29). Additionally, the government has filed two notices of

intent to use 404(b) evidence, in which the notice also purports to be a motion in limine. (*See* R. 23; R. 24.)  The deadline to file motions in limine is the same date the parties' trial memorandums are due.  Thus, the government may still file motions in limine prior to the expiration of the deadline.

Previously, in W.D. Ky. 3:19-CR-19, the government responded to Mr. Conley's motion in limine to exclude certain psychological evaluations and, in doing so, the government stated it "anticipates having [Adult Female 1's] parents testify about her relationship challenges, anxiety, IQ, psychological and emotional developmental challenges," among other things.  (*See* R. 151 in W.D. Ky. 3:19-CR-19.)  Consequently, if that remains the government's response to the current motion in limine to exclude psychological evaluations, evidentiary issues are likely to arise over lay witnesses testifying as expert witnesses.

### E.     POTENTIAL TRIAL PROBLEMS

Potential trial problems may include issues surrounding *Jencks* material.  Mr. Conley previously made a specific request for the advance production of any *Jencks* material.  Because of the complexity of the case, the anticipated length of trial, and the volume of anticipated government witnesses, early production of *Jencks* material is essential to avoiding additional trial problems.

Additionally, the defense anticipates calling witnesses at trial.  One such witness had limited availability due to previously scheduled international travel.  Counsel for Mr. Conley has provided this information to the government, and the parties have agreed that, depending on how the trial is progressing, this witness may need to be called out of order.

### F.     PROPOSED JURY INSTRUCTIONS

Mr. Conley's proposed jury instructions are attached as Exhibit 1.

### G.     PROPOSED VOIR DIRE QUESTIONS

Mr. Conley's proposed voir dire questions are attached as Exhibit 2.

### H.     EXHIBIT LIST

Mr. Conley respectfully declines to outline his exhibit list or defensive strategy to the United States, but will discuss same with the Court *ex parte* and *in camera* if requested. Additionally, Mr. Conley identifies as potential exhibits any and all exhibits proposed by the United States, including, but not limited, to those exhibits identified by the government in W.D. Ky. 3:19-CR-19 (*see* R. 112; R. 113 in W.D. Ky. 3:19-CR-19), as well as all evidence produced in discovery.

Respectfully submitted,

*/s/ Joshua F. Barnette*
Joshua F. Barnette
STITES & HARBISON PLLC
400 West Main Street, Suite 1800
Louisville, KY  40202
859.226.2318
jbarnette@stites.com
*Counsel for Bryan Douglas Conley*

6

## **CERTIFICATE OF SERVICE**

      I hereby certify that on 27th day of March, 2023, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send a notice of electronic filing to all counsel of record.

                                           */s/ Joshua F. Barnette*
                                           Joshua F. Barnette