UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

**UNITED STATES OF AMERICA**                                                           **PLAINTIFF**

**v.**                                                     **NO. 3:23-CR-00014DJH**
*Electronically Filed*

**BRYAN DOUGLAS CONLEY**                                       **DEFENDANT**

### RESPONSE TO DEFENDANT'S MOTION TO DISMISS FOR VINDICTIVE PROSECUTION

Defendant Conley has asked this Court to dismiss Count 2 of the Indictment returned by a federal grand jury pursuant to Federal Rule of Criminal Procedure 12(b)(3)(iv), asserting that it is a product of "vindictive prosecution." The United States opposes the Defendant's Motion. It is unsupported in law and fact, and the Court should deny it.

On January 17, 2023, Defendant Conley filed a Motion to Dismiss his previous case for speedy trial violations. The United States agreed with his motion. This Court granted that motion on February 1, 2023 and dismissed all 14 of the Defendant's pending charges without prejudice. Subsequently, on February 7, 2023, the United States filed a new indictment against the Defendant. It reindicted him on the 14 dismissed charges and one additional charge for "transportation of minors," in violation of 18 U.S.C 2423. The Defendant claims that the additional charge is a result of vindictive prosecution, brought in retaliation for exercising his rights under the Speedy Trial Act. He thus states a claim of prosecutorial vindictiveness and requests that the Court dismiss the additional charge.

### ARGUMENT

    I.    <u>Probable Cause Supports Defendant Conley's Increased Charges.</u>

A prosecutor is generally free to exercise discretion with regards to whether and what to prosecute, so long as he or she has probable cause to believe that the defendant has committed the statutorily defined offense. *Bordenkircher v. Hayes*, 434 U.S. 357, 364 (1978). A prosecutor's conscious exercise of discretion is not unconstitutional unless it rests on an "unjustifiable standard such as race, religion, or other arbitrary classification." *Id*. at 668-669. In this case, the United States' exercise of discretion rests on probable cause and evidence that shows that Defendant Conley transported a minor across state lines for purposes of prostitution, in violation of 18 U.S.C 2423.

Further, the grand jury found that Defendant Conley should be indicted on the charge. In *United States v. Roach*, 502 F.3d at 445, the issuance of new charges approved by a grand jury were "presumed to have rested on probable cause." Like the Defendant in *Roach*, Defendant Conley does not allege that the grand jury was manipulated or otherwise prejudiced against him. Nor does he dispute the evidence or charges. Instead, he claims that when the United States brought valid charges against him supported by evidence, it did so vindictively. The United States acted constitutionally and within the bounds of its discretion when it charged Defendant Conley with transportation of minor.

II.     <u>Defendant Conley Cannot Show Prosecutorial Vindictiveness.</u>

The Supreme Court has held that due process prohibits an individual from being "punished for exercising a protected statutory or constitutional right." *United States v Goodwin*, 457 U.S. 368, 372 (1982). But the mere "presence of a punitive motivation. . . does not provide an adequate basis for distinguishing governmental action that is fully justified as a legitimate response to perceived criminal conduct from governmental action that is an impermissible

response to noncriminal, protected activity." *Goodwin*, 457 U.S. 368, 372–73.

"The imposition of punishment is the very purpose of virtually all criminal proceedings." *Goodwin*, 457 U.S. 368, 372. A punitive motive is not sufficient. There are only two ways to prove vindictive prosecution. *Bragan v. Poindexter*, 249 F.3d 476, 481 (6th Cir. 2001). A defendant may establish vindictive prosecution by proving "actual vindictiveness," or the court can find a presumption of by applying the "realistic likelihood of vindictiveness test." *United States v. Poole*, 407 F.3d 767, 774 (6th Cir. 2005).

### A. Actual Vindictiveness

Though "exceedingly difficult," a defendant can prove actual vindictiveness with "objective evidence that a prosecutor acted in order to punish the defendant for standing on his legal rights." *Bragan*. at 481. In *Bordenkircher v. Hayes*, 434 U.S. 357, the Court for the first time considered an allegation of vindictiveness that arose in a pretrial setting. In rejecting a presumption of vindictiveness, the Court acknowledged that a defendant could prove an improper prosecutorial motive with objective evidence. *Goodwin*, 456 U.S. 368, 380 at n. 12. There, the prosecutor carried out a threat, made during plea negotiations, to bring additional charges against a defendant who refused to plead guilty to his original charge. *Id*. at 377. "It was not disputed that the additional charge was justified by the evidence, that the prosecutor was in possession of this evidence at the time the original indictment was obtained, and that the prosecutor sought the additional charge because of the accused's refusal to plead guilty to the original charge." *Id*. at 377. The defendant argued instead that the prosecutor's conduct was vindictive. *Id*. at 377. But the Court found that the additional charges were not brought solely to 'penalize' the defendant and were, thus, justified as a proper exercise of prosecutorial discretion. *Id*. at n. 12.

Defendant Conley argues that the Superseding Indictments and charges themselves are objective evidence of actual vindictiveness because the United States possessed the relevant evidence at the time of the initial indictment. In *Bordenkircher*, the prosecutor expressly threatened additional charges based on evidence from the original indictment, and that did not sufficiently prove actual vindictiveness. That the United States previously had probable cause to charge Defendant Conley with Count 2 initially and did not, is not proof of actual vindictiveness.

### B. *Presumption of Vindictiveness*

Second, "the court can find a presumption of vindictiveness by applying the realistic likelihood of vindictiveness standard, which focuses on the prosecutor's stake in deterring the exercise of a protected right and the unreasonableness of his actions." *United States v. Poole*, 407 F.3d 767, 774 (6th Cir. 2005). "To prove a reasonable likelihood of vindictiveness, the petitioner must establish that (1) the prosecutor has some 'stake' in deterring the petitioner's exercise of his rights and (2) the prosecutor's conduct was somehow 'unreasonable'." *United States v. Andrews*, 633 F.2d 449, 454 (6th Cir. 1980).

#### 1. *The United States Had No Stake in Deterring Defendant Conley from Exercising His Rights Under the Speedy Trial Act.*

In *Goodwin*, the Court addressed prosecutorial vindictiveness in a pretrial setting. In that case, a prosecutor raised a defendant's previous misdemeanor charge to a felony. Even though the case changed hands from a prosecutor who could not charge felony crimes to one that could, the Defendant still alleged that the increased charges were retaliation for requesting the trial. *Id*. He argued that there should be a presumption of vindictiveness and his conviction set aside. *Id*. The Court disagreed and refused to adopt a bright line presumption of vindictiveness in the pretrial

setting. *Id*.

The Court distinguished the pretrial from the posttrial setting, observing that because convictions are reviewed *de novo*, prosecutors have a "considerable stake" in discouraging defendants from appealing their convictions. *Goodwin*. at 376. The "increased expenditures of prosecutorial resources" required to prepare for a *de novo* retrial justify a presumption of prosecutorial vindictiveness, so that a fear of retaliation does not "unconstitutionally deter a defendant's exercise of the right to appeal or collaterally attack his first conviction." *Id*. at 376, 373, *citing North Carolina v. Pearce*, 395 U.S., at 723–724 (1969).

No similar motive to deter a defendant from exercising a right exists prior to trial. Thus, "a change in the charging decision made after an initial trial is completed is much more likely to be improperly motivated than is a pretrial decision." *Goodwin*. at 381. Further, pretrial charging changes are to be expected. The Court stressed that "[a] prosecutor should remain free before trial to exercise the broad discretion entrusted to him . . . [and that a]n initial decision should not freeze future conduct." *Id*. at 382.

The Court also recognized that the "institutional bias inherent in the judicial system against the retrial of issues that have already been decided" justifies a presumption of prosecutorial vindictiveness in posttrial settings. *Goodwin*. at 376. It acknowledged that such a bias might "subconsciously motivate a vindictive prosecutorial . . . response to a defendant's exercise of his right to obtain a retrial of a decided question." *Id*. at 377.

In a pretrial setting, that bias does not exist. In fact, prior to trial, a defendant "is expected to invoke procedural rights that inevitably impose some 'burden' on the prosecutor." *Goodwin*. at 381. It would be unrealistic to presume that a prosecutor's probable response to pretrial motions

is to seek to penalize and to deter, especially considering that the "invocation of procedural rights is an integral part of the adversary process in which our criminal justice system operates." *Id.* at 381.

In *Goodwin*, the Court observed that a defendant may prove prosecutorial vindictiveness prior to by trial with an objective showing that the "prosecutor's charging decision was motivated by a desire to punish him for doing something that the law plainly allowed him to do." *Goodwin*. at 384. But the "[m]ere possibility that prosecutorial or judicial conduct may be vindictive is insufficient to trigger judicial sanctions." *United States v. Andrews*, 633 F.2d. 449, 455 (6th Cir. 1980).

Ultimately, the Sixth Circuit held, in *Andrews* that a "near per se appearance of vindictiveness standard . . . is too harsh." The court elaborated. To say that "where the prosecutor adds charges after the defendant's exercise of a procedural right, there arises an appearance of vindictiveness which the government has the 'heavy burden' to rebut . . . operates to unduly limit prosecutorial discretion." *Id.* at 455.

Conley has failed to demonstrate a 'realistic likelihood of vindictiveness.' The United States does not have a stake in deterring Conley's exercise of his statutory or constitutional rights. It is well established that the addition of new charges to deter a defendant from going to trial is an insufficient basis for a vindictive prosecution claim. *Bordenkircher v. Hayes*, 434 U.S. 357, 363 (1978); *U.S. v. Goodwin*, 457 U.S. 380 (1982); *U.S. v. Walls*, 293 F.3d 959, 970 (6th Cir. 2002). Moreover, courts have generally held that prosecutors do not have a stake in limiting "garden-variety pretrial motions." *U.S. v. Suarez*, 263 F.3d 468 (6th Cir. 2001) (holding that the defendant's motions to suppress and to dismiss posed only a minimal burden on the prosecution); *U.S. v. Rosse*,

2017 WL 5625719 (6th Cir. 2017) (holding that the defendant's motions contesting detention and alleging speedy trial violations imposed only a minimal burden on the prosecution). The United States has no stake in Defendant Conley's lack of speedy trial motion. In fact, the United States did not object to the defendant's motion to dismiss. The motion and dismissal of his previous case without prejudice imposed a minimal burden on the United States.

### 2. *The United States Acted Reasonably in Indicting Defendant Conley for Interstate Transportation of a Minor*

In *United States v. Rosse*, 716 F. App'x 453, after a defendant's case was dismissed without prejudice for statutory speedy trial violations, a presumption of vindictiveness did not apply when a prosecutor sought a superseding indictment, which exposed the defendant to harsher penalties. The Court found that the prosecutor's decision to bring the indictment was not unreasonable, even though evidence of more severe charges was available and known to the government at the time of the original indictment and did not demonstrate a reasonable likelihood of prosecutorial vindictiveness. *Id*. at 458.

The facts of Conley's case are nearly identical to this case. Just like in *Rosse*, the United States' decision to file a superseding indictment against Defendant Conley exposing him to harsher penalties is not unreasonable, even though it is based on evidence available and known at the time of the original indictment; especially because that evidence has since been bolstered by minor victim.[1] Prior to the new indictment, Conley faced a maximum penalty of life with a consecutive

---

[1] During a February 2023 interview, the minor victim confirmed herself in sexually explicit video recovered from Conley's phone. This confirms that Defendant Conley participated in "other criminal activity," referenced in Count 2 of the Indictment, when he transported the minor victim to Tennessee to engage in illegal sexual activity. She also confirmed the profile depicting a pig that Conley used to pose as Bryant taken from Conley's phone.

two-year sentence to that sentence. Although, there is now a minimum penalty of ten years, Conley still faces the same maximum penalty of life.

## CONCLUSION

The United States did not vindictively file a superseding indictment with harsher penalties. The Sixth Circuit has noted that the "vindictive prosecution" doctrine was designed to prevent retaliation against the defendant for the assertion of his protected rights. *United States v. Rosse*, 34 F. Supp. 3d 862, 872 (W.D. Tenn. 2014), *vacated and remanded* (July 29, 2015). In this case, Defendant Conley was not prevented from asserting his right to a dismissal for Speedy Trial Act violations. Further, all of the charges filed against Defendant Conley after the dismissal of his case are supported by probable cause and evidence. A grand jury reaffirmed that finding of probable cause and recommended indicting him on these charges. The United States had no stake in deterring Defendant Conley from exercising rights and acted reasonably in charging him with interstate transportation of a minor. The Court should deny Defendant Conley's motion.

Respectfully submitted,

JOSHUA JUDD
United States Attorney

s/Joshua Judd
Assistant U.S. Attorney
717 West Broadway
Louisville, Kentucky 40202
PH: (502) 582-5911

## CERTIFICATE OF SERVICE

      I hereby certify that on March 27, 2023, I electronically filed the foregoing with the clerk of the court by using the CM/ECF system, which will send a notice of electronic filing to counsel for the defendant.

                                              s/Joshua Judd
                                              Assistant U.S. Attorney