UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

UNITED STATES OF AMERICA                                                              PLAINTIFF

V.

CASE NO: 3:23-CR-14-DJH

BRYAN DOUGLAS CONLEY                                                                DEFENDANT

Electronically Filed

**DEFENDANT'S REPLY TO THE RESPONSE OF THE UNITED STATES TO THE DEFENDANT'S MOTION TO DISMISS COUNT TWO FOR VINDICTIVE PROSECUTION**

\*\*\*\*\*   \*\*\*\*\*   \*\*\*\*\*

Comes the Defendant, BRYAN DOUGLAS CONLEY, by his appointed counsel, and pursuant to this Court's directive in the Memorandum of Conference and Order of April 4, 2023 [DN 40; ¶ 4], hereby notifies the Court and opposing counsel that undersigned successor counsel adopts the Motion to Dismiss Count Two [DN 19] in its entirety and files the foregoing Reply to the Response of the United States to the Motion to Dismiss [DN 32]. In support of his Motion, the Defendant states as follows:

The Record of the "Underlying Case (# 3:19-CR-19)" and the above-numbered Case demonstrates that the Defendant exercised his statutory and constitutional rights in seeking and obtaining an Order of dismissal of the Underlying Case on speedy trial grounds [DN 172 in Underlying Case]. The United States responded by obtaining a new indictment that contained all of the same charges that were charged in the Underlying Case's second superseding indictment, but added the charge of Interstate Transportation of a Minor (in Count 2) as proscribed by Title 18 U.S.C. § 2423(a). This added charge provides for a mandatory 10-year minimum sentence upon

1

conviction. Mr. Conley was not subject to any mandatory minimum sentence for the charge involving the minor in the Underlying Case. Now the Defendant is subject to a potential maximum sentence of life imprisonment for alleged conduct involving the minor which was previously capped at 10 years.

Since the dismissal of the Underlying Case was without prejudice, the government had the discretion to re-indict the Defendant. However, as both parties agree, that discretion is not unfettered. *See Bragan v. Poindexter*, 249 F.3d 476 (6th Cir. 2001); *United States v. Goodwin,* 457 U.S. 368 (1982).

"[V]indictive conduct by persons with the awesome power of prosecutors…is unacceptable and requires control." *United States v. Andrews,* 633 F.2d 449, 453 (6th Cir. 1980) (en banc), *cert. den.,* 450 U.S. 927 (1981). The Sixth Circuit has held:

> [i]f a defendant establishes that "(1) the prosecutor has some stake in deterring the [defendant's] exercise of his rights and (2) the prosecutor's conduct was somehow unreasonable," then the district court may find that there is a "reasonable likelihood of vindictiveness" and may presume an improper motive." *Bragan,* 249 F.3d at 482 (internal quotation marks omitted); *see United States v. Suarez,* 263 F.3d 468, 479 (6th Cir. 2001). The government bears the burden of rebutting the presumption with "objective, on-the-record explanations" such as "governmental discovery of previously unknown evidence" or "previous legal responsibility." *Bragan*, 249 F. 3d at 482 (internal quotation marks omitted): *Andrews*, 633 F.2d at 456.
>
> We have previously explained that "a court faced with vindictiveness allegations must assess the fact situation before it to see if the [vindictiveness] standard is met…Each situation will necessarily turn on its own facts."

*United States v. Ladeau,* 734 F.3d 561, 566-567, *quoting Andrews,* 633 F.2d at 453-454.

As previously stated, the government was significantly burdened when the Defendant exercised his right to seek dismissal of the underlying indictment on speedy-trial grounds. The

government was required to make contact with all of its witnesses to cancel their arrangements for trial. The efforts involved with trial preparation and the logistics of out-of-state lay witnesses and law enforcement personnel will be duplicated by the prosecution when this case is finally tried. Therefore, the government had a significant stake in deterring Mr. Conley's exercise of his rights.

The United States has failed to present objective evidence sufficient to rebut that presumption. The record of the underlying case and the current case shows that the government's initiation of a new charge came about even though the government knew from the beginning of the case that the alleged victim in Count 2 was a minor. The government's evidence relating to Count 2 did not "undergo an objective change" from the time the Defendant's previous counsel filed the Motion to Dismiss on speedy trial grounds and the time the current indictment was returned. *Ladeau*, 734 F.3d at 571 & n. 2.

Finally, the government's reliance on *United States v. Rosse,* No. 16-6320, 16-6321 (6th Cir. 2017), is misplaced. In this case, a panel of the Sixth Circuit found that "the mere filing of a superseding indictment does not reflect an intent to punish generally and that here specifically the two sentences would most likely merge and cause no increase to [the defendant's] total punishment." Slip op. at 6-7.

By contrast, the new charge in the Superseding Indictment dramatically increases Mr. Conley's potential punishment if he is convicted of Count 2 of the Indictment, from a maximum of ten years to a mandatory minimum of ten years. Until there is a verdict in the case, there is no guarantee that Mr. Conley will be convicted of one or more than one count of the Indictment, or even convicted of some or every count particular to each alleged victim.

**CONCLUSION**

Based upon the record in this case, the Defendant respectfully submits that the United States "made retaliatory use of its power to 'up the ante'" against Mr. Conley by bringing the new charge in Count 2. *Thigpen v. Roberts,* 468 U.S. 27, 30 (1984). Defendant, Bryan Douglas Conley, respectfully renews his Motion that this Court dismiss Count 2 of the Indictment.

Respectfully submitted,

**s/LARRY D. SIMON**
LARRY D. SIMON
Attorney for Defendant BRYAN DOUGLAS CONLEY
471 West Main Street, Suite 200
Louisville, Kentucky 40202
502-589-4566
larrysimonlawoffice@gmail.com

**CERTIFICATION**

I hereby certify that on April 28, 2023, a copy of the foregoing was filed electronically. Service of this filing will be made on all ECF-registered counsel by operation of the court's electronic filing system. Parties may access this filing through the court's system.

s/LARRY D. SIMON
LARRY D. SIMON