UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

UNITED STATES OF AMERICA,                                        Plaintiff,

v.                                        Criminal Action No. 3:23-cr-14-DJH

BRYAN DOUGLAS CONLEY,                                        Defendant.

\* \* \* \* \*

## MEMORANDUM AND ORDER

Defendant Bryan Douglas Conley is charged with interstate transportation for prostitution (Count 1), interstate transportation of a minor (Count 2), kidnapping by inveigle and decoy (Count 3), bank fraud (Count 4), aggravated identity theft (Count 5), and interstate threats (Counts 6-15).  (Docket No. 4)  All of the charges except interstate transportation of a minor were previously dismissed without prejudice under the Speedy Trial Act.  *See United States v. Conley*, No. 3:19-cr-19-DJH (W.D. Ky. Feb. 1, 2023), ECF No. 172.  Conley argues that the addition of Count 2—which carries a mandatory minimum sentence of ten years—amounts to vindictive prosecution because the United States has had the evidence underlying that charge since 2019 but did not add the charge until after Conley asserted his speedy-trial rights.  His prior counsel filed a motion to dismiss Count 2 on that ground, which his current counsel has adopted.  (D.N. 19; *see* D.N. 42)

Vindictive prosecution may be established by showing "either actual vindictiveness or a realistic likelihood of vindictiveness."  *United States v. Taylor*, 489 F. App'x 34, 40 (6th Cir. 2012) (quoting *United States v. Roach*, 502 F.3d 425, 443 (6th Cir. 2007)).  To show actual vindictiveness, a defendant must produce "objective evidence that a prosecutor acted in order to punish the defendant for standing on his legal rights."  *Id.* (quoting *Roach*, 502 F.3d at 443).

1

And "to prove a realistic likelihood of vindictiveness, a defendant must demonstrate that 'the prosecutor has some "stake" in deterring the petitioner's exercise of his rights, and that the prosecutor's conduct was somehow unreasonable.'"  *United States v. Moon*, 513 F.3d 527, 535 (6th Cir. 2008) (quoting *United States v. Anderson*, 923 F.2d 450, 453-54 (6th Cir. 1991)). According to Conley, both standards are met here, though he acknowledges that actual vindictiveness is "exceedingly rare."  (D.N. 19, PageID.131)

The Sixth Circuit has found on at least two occasions that merely having to refile an indictment following a speedy-trial dismissal does not give rise to a prosecutorial "stake" for purposes of the realistic-likelihood inquiry.  *See United States v. Rosse*, 716 F. App'x 453, 462-63 (6th Cir. 2017); *Moon*, 513 F.3d at 535 (discussing *United States v. Ewing*, No. 94-3010, 1994 U.S. App. LEXIS 30162 (6th Cir. 1994)).  Rather, a motion to dismiss under the Speedy Trial Act is "merely [a] garden-variety pretrial motion[]" that does not significantly "burden the prosecution."  *Rosse*, 716 F. App'x at 462 (citing *United States v. Suarez*, 263 F.3d 468, 479-80 (6th Cir. 2001)).  The *Rosse* panel distinguished this scenario from *United States v. LaDeau*, 734 F.3d 561 (6th Cir. 2013), where the defendant's successful motion to suppress "'crucial evidence' underlying his possession charge . . . 'eviscerat[ed] the government's possession case,'" thereby "forc[ing] the government to restart its prosecution from square one."  716 F. App'x at 462 (quoting *LaDeau*, 734 F.3d at 569-70).

Here, as in *Rosse*, "[a]fter [the defendant] successfully moved to dismiss the first indictment, the government simply filed a criminal complaint and sought a new indictment"; the prosecution was not forced to "start[] its entire case from scratch."[1]  *Id.* at 463.  Sixth Circuit

---

[1] The part of *Rosse* that Conley seeks to distinguish—that the sentences for the original charge and the added charge "would most likely merge and cause no increase to [the defendant's] total punishment" (D.N. 42, PageID.380 (quoting 716 F. App'x at 459))—was the reasoning of the

precedent is clear that "'some repetition of prosecutorial efforts,' in the form of a reindictment, d[oes] not constitute a sufficient 'burden' to trigger a 'realistic likelihood of vindictiveness' in the pretrial context." *Moon*, 513 F.3d at 535 (quoting *Ewing*, 1994 U.S. App. LEXIS 30162, at *10); *see id.* at 536 (observing that although the prosecution had to refile the case twice, "this repetition of efforts is not a sufficient 'stake' in the outcome such that the prosecutor would seek to deter the exercise of the procedural right" to challenge the sufficiency of the indictment via a motion to dismiss (citing *Durham v. United States*, 791 F.2d 932 (6th Cir. 1986)).   And since Conley fails to demonstrate a realistic likelihood of vindictiveness, he likewise cannot show actual vindictiveness.   *See Taylor*, 489 F. App'x at 40 ("Because . . . reindicting the defendant following a mistrial d[oes] not raise a presumption of vindictiveness, it follows by even stronger force of logic that reindicting a defendant following a mistrial does not constitute objective evidence of prosecutorial misconduct." (internal citation omitted)).   Accordingly, and the Court being otherwise sufficiently advised, it is hereby

ORDERED that Conley's motion to dismiss (D.N. 19) is DENIED.

May 22, 2023

David J. Hale, Judge
United States District Court

---

district court, not the Sixth Circuit.  *See* 716 F. App'x at 459.  The Sixth Circuit's conclusion in *Rosse* that the government "lacked a sufficient 'stake'" ended the vindictive-prosecution analysis.  *Id.* at 463.