UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION
CASE NO: 3:23-CR-14-DJH

UNITED STATES OF AMERICA                                          PLAINTIFF

V.

BRYAN DOUGLAS CONLEY                                              DEFENDANT

## MOTION TO SEVER COUNTS
*Electronically Filed*

Comes the Defendant, Bryan Douglas Conley, by counsel, and, pursuant to Federal Rules of Criminal Procedure 8(a) and 14, hereby moves this Court to sever Counts 1 and 2 from all other charges in the Indictment. As grounds for this Motion, Defendant states as follows:

## BACKGROUND AND CHARGES

This Indictment was issued following the previous dismissal without prejudice of the original Indictment in this case on speedy-trial grounds. *United States v. Bryan Douglas Conley,* No. 3:19-CR-00019-DJH, DN 172 ("First Indictment").

The First Indictment devoted only one paragraph to the one count dealing with "Female 1" (now designated "Minor Female 1"). *See id,*, Second Superseding Indictment, Case No. 3:19:CR-00019-DJH, DN 45, at ¶1. This count alleges a violation of 18 U.S.C. § 2421(a), interstate transportation for purposes of prostitution, from "on or about November 8, 2018 through November 12, 2018…" *Id.*

Defendant Conley filed a Motion to Sever Count 1 from Counts 2-14 of the original Indictment for purposes of trial. *Id.*, DN 134. After briefing, this Court granted Mr. Conley's

1

Motion.

In doing so, the Court noted that

> [a]lthough the government's description of the facts in its response to Conley's motion suggests some similarities in how Conley allegedly contacted and presented himself to the two victims…those facts do not appear in the Second Superseding Indictment as to Count 1 and thus may not be considered for purposes of the Rule 8 inquiry.

Order [First Indictment], DN 156 at 3, PageID #: 688.

The First Indictment was subsequently dismissed on speedy-trial grounds. Order, First Indictment, DN 172.

**The Present Indictment**

On February 7, 2023, the Grand Jury for the United States District Court for the Western District of Kentucky returned the present Indictment against Mr. Conley regarding the same allegations. DN 4, PageID #: 45-63. This Indictment is not identical to the First Indictment.

Count 1 of the present Indictment also charges Mr. Conley with interstate transportation for purposes of prostitution in early November 2018, relating to a person now designated "Minor Female 1." Indictment, DN 4, ¶¶ 1-22, PageID# 45-48. The United States attempts to address the Court's determination in its previous Order by including descriptions of the allegations of how Mr. Conley came into contact with Minor Female 1. On re-indictment, the United States now presents a second Count alleging that Mr. Conley engaged in interstate transportation of a minor, Minor Female 1, for purposes of prostitution pursuant to 18 U.S.C. § 2423 during the same period. *Id.,* Count 2, ¶¶ 23-24, PageID# 48.

The remaining substantive counts of the present Indictment, Counts 3 through 15, charge Mr. Conley with a variety of offenses against a different person ("Adult Female 1") related to conduct that occurred on or about January 26, 2019, through January 30, 2019, surrounding an

alleged kidnapping offense. These counts are substantively the same (but not identical) to Counts 2 through 14 of the First Indictment.

Count 3 charges Mr. Conley with kidnapping an individual identified as Adult Female 1 by inveigle and decoy, in violation of 18 U.S.C. § 1201(a)(1), as did Count 2 of the First Indictment. However, the United States has expanded on its allegation in Court 2 of the First Indictment that Mr. Conley, "in committing or in furtherance of the commission of the offense, used cellular telephones and his car, a means, facility, and instrumentality of interstate or foreign commerce[…]" (First Indictment, ¶16, PageID #: 154-155), by alleging that

> …in committing or in furtherance of the commission of the offense, traveled in interstate commerce from Kentucky to Ohio and Tennessee and used cellular telephones and his car, a means, facility, and instrumentality of interstate or foreign commerce.

Present Indictment, DN 4, ¶ 47, PageID #: 53. However, again, there is no allegation that he transported Adult Female 1 from one state to another.

Count 4 charges Mr. Conley with bank fraud (18 U.S.C. § 1344) and Count 5 charges Mr. Conley with aggravated identity theft (18 U.S.C. § 1028A), both of which relate to Mr. Conley's alleged improper use of Adult Female 1's USAA credit or debit card. The remining substantive Counts (7-15) charge Mr. Conley with interstate threats, in violation of 18 U.S.C. § 875(c). These charges relate to text messages that Mr. Conley allegedly sent to Adult Female 1's parents during the alleged kidnapping charged in Count 3. None of the conduct charged in Counts 3 through 15 overlap with, or involve, the same lay witnesses or alleged victim(s) charged in Counts 1 and 2.

Because Counts 1 and 2 are improperly joined with Counts 3 through 15 under Fed. R. Crim. R. 8(a), and because one trial on these distinctly separate occurrences, involving distinctly different conduct, with distinctly different evidence and witnesses undoubtedly would cause actual prejudice to Mr. Conley, this Court should sever Counts 1 and 2 from the remaining charges.

3

## ARGUMENT

### I. THE INDICTMENT IMPROPERLY JOINED COUNTS 1 AND 2 WITH COUNTS 3 - 15, PURSUANT TO FED. R. CRIM. P. 8(A).

Rule 8(a) of the Federal Rules of Criminal Procedure states that an indictment or information

> may charge a defendant in separate counts with 2 or more offenses if the offenses charged—whether felonies or misdemeanors or both—are of the same or similar character, or are based on the same act or transaction, or are connected with or constitute parts of a common scheme or plan.

"[F]ailure to meet the requirements of this rule constitutes misjoinder as a matter of law." *United States v. Chavis*, 296 F.3d 450, 456 (6th Cir. 2002) (citations omitted). Where joinder of multiple offenses does not comport with Fed. R. Crim. P. 8(a), "the district court has no discretion on the question of severance." *Id.* "Whether joinder was proper under Rule 8(a) is determined by the allegations on the **face of the indictment**." *Id.* at 457 (emphasis added).

The present Indictment provides many more factual allegations in support of Count One of the Indictment, apparently with the purpose of attempting to link the two alleged crimes via the implication that Mr. Conley's alleged *modus operandi* in the two cases was similar. However, as the face of the Indictment shows, Counts 1 and 2 charge different offenses, concerning a different person, with different allegations, during a different time period from the remainder of the Indictment. Nothing on the face of the Indictment supports joinder of Counts 1 and 2 with Counts 3 through 15. As this Court has previously ruled: "The Indictment reveals no connection between Count 1 and Counts 2-14" [now counts 1 - 2 and 3 - 15]. First Indictment, Order, DN 156, PageID #: 687. For these reasons, severance of these Counts is proper.

Furthermore, under a Fed. R. Cr. P 8(a) analysis, this Court has no discretion with regard to severance, and Counts 1 and 2 must be severed from Counts 3 through 15. *Chavis, supra.*

4

## II. ALTERNATIVELY, FED. R. CRIM. P. 14 REQUIRES THE SEVERANCE OF COUNTS 1 AND 2 FROM COUNTS 3 - 15.

Rule 14 of the Federal Rules of Criminal Procedure provides that if the joinder of offenses in an indictment "appears to prejudice a defendant . . . the court may order separate trials of counts . . . or provide any other relief that justice requires." "In order to prevail on a motion for severance, a defendant must show compelling, specific, and actual prejudice from a court's refusal to grant the motion to sever." *United States v. Saadey*, 393 F.3d 669, 678 (6th Cir. 2005). In considering a Rule 14 motion, courts must balance "the interest of the public in avoiding a multiplicity of litigation and the interest of the defendant in obtaining a fair trial. *United States v. Wirsing*, 719 F.2d 859, 864-65 (6th Cir. 1983). The Sixth Circuit has acknowledged that joinder is appropriate "when the joined counts are logically related, and there is a large area of overlapping proof." *United States v. Graham*, 275 F.3d 490, 512 (6th Cir. 2001); *Wirsing*, 719 F.2d at 863.

### A. Defendant would suffer compelling, specific, and actual prejudice if required to stand trial for Counts 1 and 2 at the same time as Counts 3-15.

Here, the compelling, specific, and actual prejudice Mr. Conley faces in a trial joining Counts 1 and 2 with Counts 3-15 is that the jury will hear unrelated and highly prejudicial testimony about the separate events. The nature of the alleged conduct of the Defendant engaging in sexual contact with Minor Female 1 is significantly different from that of Adult Female 1. The potential legal consequences arising from the sexual conduct with Minor Female 1 is vastly different compared to Adult Female 1.

Additionally, Count 1 (interstate transportation for prostitution) has an element requiring evidence of sexual conduct, as does Count 2 (interstate transportation of a minor for prostitution). Counts 3-15 (kidnapping, bank fraud, aggravated identity theft, and interstate threats) do not require a showing of sexual conduct.

Based on the discovery provided by the government, there is no allegation of coercion. Nevertheless, Counts 1 and 2 each contain an element of proof relating to illegal sexual conduct; Counts 3-15 do not. A jury that hears evidence of sexual conduct associated with the kidnapping offenses (Counts 3-15), even though not an element of kidnapping, bank fraud, aggravated identity theft, or interstate threats, would be inclined to give consideration to that evidence when deliberating whether the Defendant is guilty under Counts 1 and 2.

Severance is required under Fed. R. Crim. P. 14(a) because the Defendant would suffer compelling and specific actual prejudice if all the Counts were tried together. *See United States v. Sivils,* 960 F.2d 587 (6th Cir. 1992), cert. den. 113 S.Ct. 130 (1992).

### B. The interests of Mr. Conley obtaining a fair trial greatly outweigh the interests of the interests of the public in avoiding a multiplicity of litigation.

Trial courts, when considering whether to sever charges, are charged with weighing "the interests of the public in avoiding a multiplicity of litigation against the defendant's interest in obtaining a fair trial." *See Wirsing*, 719 F.2d at 864-65. Here, Count 1 carries a maximum possible sentence of no more than 10 years. 18 U.S.C. § 2421. Counts 3-15, on the other hand, carry a maximum potential sentence of life plus two years.[1] See 18 U.S.C. § 1201(a) and 18 U.S.C. § 1028A. Notwithstanding the fact that any criminal defendant should be afforded a fair trial, the potential penalties in this case require a ruling that ensures fairness.

On the other hand, the public would not be prejudiced by a multiplicity of litigation by the Court's severance of Counts 1 and 2 from Counts 3-15. Here, the charged conduct for Counts 1

---

[1] A maximum potential sentence of life plus two years accounts for a potential life sentence for (Count 2) kidnapping, in violation of 18 U.S.C. § 1201(a)(1), and a two-year consecutive sentence for (Count 4) aggravated identity theft, in violation of 18 U.S.C. § 1028A. The life-plus-two-years sentence also assumes any sentence received for a conviction of (Count 3) bank fraud, in violation of 18 U.S.C. § 1344, and/or (Counts 5-14) interstate threats, in violation of 18 U.S.C. § 875(c), would run concurrently to any sentence imposed for a conviction for kidnapping, pursuant to 18 U.S.C. § 3584.

and 2 occurred several months before the conduct charged in Counts 3-15. Additionally, the lay witnesses and alleged victim involved in Counts 1 and 2 are completely separate and distinct from the witnesses and alleged victims of Counts 3-15. Moreover, the elements of the offense charged in Counts 1 and 2 do not overlap, at all, with the elements of the offenses charged in Counts 3-15. The only similarity between the conduct charged in Counts 1 and 2, and the conduct charged in Counts 3-15, is the allegation that Mr. Conley met the two alleged victims through use of the same dating app, and misled them. The bottom line is that the joined counts are not logically related, and there is not a large area of overlapping proof, which the Sixth Circuit has articulated as necessary for the joinder of charges.

Because the interests of Mr. Conley in receiving a fair trial greatly outweigh the public's interest in avoiding a multiplicity of litigation, the Court should sever Counts 1 and 2 from Counts 3-15.

### III. CONCLUSION

For all of the reasons outlined above -- because standing trial on Counts 1 and 2 at the same time as standing trial on Counts 3-15 would cause Mr. Conley to endure compelling, specific, and unfair prejudice; because Count 1 is not logically related to Counts 3-15; because there is no large area of overlapping proof between what can be offered on Counts 1 and 2 and Counts 3-15; and because Mr. Conley's interest in obtaining a fair trial greatly outweighs the public's interest in avoiding a multiplicity of litigation -- the Court should sever Counts 1 and 2 from all other charges contained in the Indictment.

Respectfully submitted,

**s/LARRY D. SIMON**
LARRY D. SIMON
Attorney for Defendant BRYAN DOUGLAS CONLEY
471 West Main Street, Suite 200
Louisville, Kentucky 40202
502-589-4566
larrysimonlawoffice@gmail.com

## CERTIFICATION

I hereby certify that on June 26, 2023, a copy of the foregoing Motion to Sever Counts was filed electronically. Service of this filing will be made on all ECF-registered counsel by operation of the court's electronic filing system. Parties may access this filing through the court's system.

s/LARRY D. SIMON
LARRY D. SIMON