**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF KENTUCKY**
**LOUISVILLE DIVISION**
**CASE NO: 3:23-CR-14-DJH**

UNITED STATES OF AMERICA                                                    PLAINTIFF

V.

BRYAN DOUGLAS CONLEY                                                        DEFENDANT

### MOTION IN LIMINE TO EXCLUDE PSYCHOLOGICAL EVALUATIONS

*Electronically Filed*

Comes the Defendant, Bryan Douglas Conley, by counsel, and hereby moves *in limine* for this Court exclude as evidence in this case any psychological and psycho-educational evaluations of Adult Female 1. In support of this Motion, Defendant states as follows:

Adult Female 1 is the alleged victim of Count 3, 4, and 5 in the Indictment. DN 4. Previously, this individual was identified as R.W. (*see, e.g., United States v. Conley,* W.D. Ky., Case No. 3:19-CR-19, DN 45.) On October 31, 2022, the government provided previous counsel several psychological/psycho-educational evaluations, and associated documents, that had been conducted on Adult Female 1 more than twenty years ago. The evaluations are dated: December 19, 1990; April 5, 1991; May 21, 1992; February 10, 1997; and August 2 & 3, 2001. These evaluations, collectively, have been identified, though not Bates stamped, by the government as USA1713 - USA1766.

The evaluations are irrelevant to this case. F.R.E. 401 states that "[e]vidence is relevant if: (a) it has a tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action." Psychological evaluations and

psychoeducational evaluations conducted on an alleged victim more than twenty years ago does not fit the definition of relevant. Therefore, pursuant to F.R.E. 402, the irrelevant psychological and psychoeducational evaluations are inadmissible.

Even if the Court determines the psychological and psycho-educational evaluations are relevant, the evaluations should be excluded by operation of F.R.E. 403 because any probative value the evaluations might have would be substantially outweighed by their unfair prejudice. The government could only introduce these evaluations to show Adult Female 1's assessment results as they were on the dates of the evaluations. The five evaluations were conducted when the alleged victim was: 9 years old (two evaluations); 10 years old; 15 years old; and 19 years old, respectively. Conversely, Adult Female 1 was 37 years old at the time of the alleged conduct. Nothing in the evaluations purport to assess Adult Female 1 at 37 years old, and nothing in the reports can be projected onto her at age 37 as nearly twenty years passed from the time of her last evaluation to the time of the conduct alleged in the indictment.

Any reasoning for the evaluations, or any findings by the evaluations, would only prejudice Mr. Conley at trial because (1) the jury would believe that the reasoning or findings of the evaluations were somehow relevant to the alleged conduct; and (2) their introduction into evidence would suggest that Mr. Conley knew or should have known of the alleged victim's psychological assessment.

Finally, the government has not disclosed any experts to testify about the evaluations or opine on how, if at all, the evaluations may be relevant to Adult Female 1 at the time of the alleged conduct. The time to disclose any experts has expired. (*See* DN 40.)

Because the evaluations are irrelevant, because the evaluations' probative value is substantially outweighed by unfair prejudice, and because the government has not identified any

expert to testify and opine on the evaluations' results, the Court should exclude the psychological evaluations, psycho-educational evaluations, and any associated testimony related to documents identified as USA1713-USA1766.

                                Respectfully submitted,

                                **s/LARRY D. SIMON**
                                LARRY D. SIMON
                                Attorney for Defendant BRYAN DOUGLAS CONLEY
                                471 West Main Street, Suite 200
                                Louisville, Kentucky 40202
                                502-589-4566
                                larrysimonlawoffice@gmail.com

## **CERTIFICATION**

      I hereby certify that on June 26, 2023, a copy of the foregoing Motion to Sever Counts was filed electronically. Service of this filing will be made on all ECF-registered counsel by operation of the court's electronic filing system. Parties may access this filing through the court's system.

                                                s/LARRY D. SIMON
                                              LARRY D. SIMON