UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION
CASE NO: 3:23-CR-14-DJH

UNITED STATES OF AMERICA                                                    PLAINTIFF

V.

BRYAN DOUGLAS CONLEY                                                       DEFENDANT

### MOTION IN LIMINE TO EXCLUDE CERTAIN TEXT MESSAGES
*Electronically Filed*

Comes the Defendant, Bryan Douglas Conley, by counsel, and hereby moves this Court *in limine* to exclude certain text messages allegedly sent by Mr. Conley to K.C. and Elizabeth Heather Glass. The substance of these unauthenticated text messages are irrelevant and, even if relevant, their probative value is substantially outweighed by the risk of causing unfair prejudice, confusing the issues, and misleading the jury. Further, the text messages are inadmissible hearsay.

K.C. is purportedly Mr. Conley's ex-wife. (See Exhibit 1, Affidavit of for Search Warrant in 3:19-MJ-453, at pp.18-19, 56-57.) According to an FBI affidavit for a search warrant in Western District of Kentucky Case No. 3:19-MJ-453-HBB, K.C. advised that she had been receiving threatening text messages from unknown numbers since spring of 2018. (Id.) One of those text messages, memorialized in the search warrant affidavit, reads:

> Hi
> You seem to never return
> my messages so further
> action will be taken
> So I know where you live
> Work
> Kids dr and school
> You fucked my husband
> and think you can get

1

> away with it?
> You have 30 day to get
> ahold of you x and
> answer immediately when
> I text back
> If not your family across
> the street and kids will
> pay for it.
> No cops.
> 10K
> A BBC
> Camera
> And hotel is what you will need

(Id.) According to the affidavit, a screenshot of the text message is included as an attachment to the search warrant affidavit. (Id.)

According to a police report disclosed in discovery by the government, an individual named Elizabeth Heather Glass filed a police report in April, 2018, about harassing phone calls. (See Exhibit 2, Apex, North Carolina Police Report.) Ms. Glass reported that, after initially meeting Bryan Conley on an online gaming platform, they met in person in North Carolina and engaged in sexual relations. (Id.) Sometime thereafter, according to the police report, Ms. Glass began receiving harassing messages from Mr. Conley, but none of the messages were threatening. (Id.) Mr. Glass claimed that while she had returned his text messages on occasion, she had also told him to stop messaging her. (Id.) Ms. Glass reported that some of the harassing messages she received would come from phone numbers different from Mr. Conley's phone number. (Id.)

1. **The communications reported by K.C. and Ms. Glass are irrelevant.**

Federal Rule of Evidence 401 states "evidence is relevant if it has any tendency to make a fact more or less probable than it would be without the evidence, and the fact is of consequence in determining the action." F.R.E. 402. Here, the text messages reported by K.C. and Ms. Glass do not tend to make any fact that is of consequence to the charges in this Indictment more or less

probable. Thus, the substance of the text messages is irrelevant and the text messages should be inadmissible at the trial of this case.

> **2. Even if the substance of the text messages is relevant, any probative value the text messages may have is substantially outweighed by the risk of causing prejudice, confusing the issues, or misleading the jury.**

Even if the Court determines the substance of the text messages is relevant, the F.R.E. 403 balancing test mandates the exclusion of the text messages in this case. Under F.R.E. 403, even relevant evidence may be excluded "if its probative value is substantially outweighed by a danger of…unfair prejudice, confusing the issues, [or] misleading the jury..."

Here, while K.C. and Ms. Glass believed that Mr. Conley sent the text messages, neither of these individuals would be able to say with certainty that Mr. Conley sent the text messages. Without a proper evidentiary foundation, the introduction of these text messages would cause unfair prejudice to the Defendant, confuse the issues, and mislead the jury.

Permitting the introduction of these text messages would cause great prejudice to Mr. Conley because the jury could believe that if Mr. Conley sent such text messages, he should be punished for that behavior regardless of whether his charged conduct goes unproven.

The introduction of these text messages would also confuse the issues and mislead the jury. Should the government attempt to admit into evidence at trial these text messages, the authentication of the source of these text messages would be a collateral issue. This would be a distraction from the actual issues for the trier of fact, as well as unfairly prejudicial to the Defendant.

Because any probative value these text messages may have is so greatly outweighed by the risk of causing unfair prejudice, confusing the issues, and misleading the jury, the Court should exclude the text messages from the trial in this matter.

**3. The text messages are also inadmissible hearsay**.

Neither K.C. nor Ms. Glass would be able to say with certainty that Mr. Conley sent the text messages they reported to law enforcement. These text messages cannot be authenticated. Further, no recognized exception to the rule against hearsay would permit the admission of the text messages. *See* F.R.E. 803. The substance of the text messages amount to inadmissible hearsay and should be excluded.

WHEREFORE, the Defendant respectfully requests that this Court exclude from admission at trial the substance of the text messages reported to law enforcement by K.C. and Ms. Glass.

Respectfully submitted,

s/LARRY D. SIMON
LARRY D. SIMON
Attorney for Defendant BRYAN DOUGLAS CONLEY
471 West Main Street, Suite 200
Louisville, Kentucky 40202
502-589-4566
larrysimonlawoffice@gmail.com

**CERTIFICATION**

I hereby certify that on June 26, 2023, a copy of the foregoing Motion in Limine to Exclude Certain Text Messages was filed electronically. Service of this filing will be made on all ECF-registered counsel by operation of the court's electronic filing system. Parties may access this filing through the court's system.

s/LARRY D. SIMON
LARRY D. SIMON