UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION
CASE NO: 3:23-CR-14-DJH

UNITED STATES OF AMERICA                                                                    PLAINTIFF

V.

BRYAN DOUGLAS CONLEY                                                                        DEFENDANT

## MOTION IN LIMINE TO EXCLUDE EVIDENCE
## RELATED TO ECONO LODGE THEFT
*Electronically Filed*

Comes the Defendant, Bryan Douglas Conley, by counsel, and hereby moves this Court *in limine* to exclude any evidence related to a purported television theft from a Cave City, Kentucky, Econo Lodge in June 2019, because such evidence is irrelevant and unduly prejudicial.

In discovery, the government produced a police report from June 20, 2019, concerning a stolen television at the Econo Lodge, located at 870 Mammoth Cave Road in Cave City, Kentucky. (Exhibit 1, Cave City, Kentucky Police Report.) This report has been identified and Bates stamped as USA-002190 - USA-002192. (See id.)

The narrative of the police report indicates that an individual named Bryan Conley had stayed in room 107 at the hotel from June 15, 2019 - June 20, 2019. (See id.) After the individual checked out of the hotel, management noticed that a television, valued at $380, was missing from the room. (Id.) Hotel management reported that they attempted to contact the individual at the provided telephone number, but "discovered" the number to be a false number; management also suspected that the individual's address was also false. (Id.) According to the report, hotel management "observed Conley operating a gray 4 door sedan car." (Id.)

1

Any evidence related to the Econo Lodge incident from June 2019, is irrelevant to this case. F.R.E. 401 states that "[e]vidence is relevant if: (a) it has a tendency to make a fact more or less probable that it would be without the evidence; and (b) the fact is of consequence in determining the action. The June 2019 Econo Lodge incident allegedly occurred sometime after Mr. Conley was arrested, arraigned, and released on pretrial supervision in February 2019. Whether the allegations contained in the police report occurred or not, they have no tendency to make a fact that is of consequence to determining this case more or less probable. Further, the allegations contained in the police report are of no consequence whatsoever in determining the outcome of this matter. Consequently, and pursuant to F.R.E. 402, any allegations contained in the police report, and any evidence associated with the Econo Lodge event from June 2019, is irrelevant and inadmissible.

Even if the Court determines the June 2019 Econo Lodge event is relevant, the events should be excluded by operation of F.R.E. 403 because any probative value the allegations might have is substantially outweighed by their unfair prejudice. The introduction of this evidence would prejudice Mr. Conley by having a jury consider his guilt on a stolen television, which is wholly unrelated to the charges in the Indictment.

Because the June 2019 Econo Lodge event is irrelevant, and because the Econo Lodge event's probative value is substantially outweighed by unfair prejudice, the Court should exclude any and all evidence related to the alleged stolen television incident that purportedly occurred in June 2019 at the Econo Lodge in Cave City, Kentucky and which is associated with documents produced in discovery and identified as USA-002190 - USA-002192.

Respectfully submitted,

**s/LARRY D. SIMON**
LARRY D. SIMON
Attorney for Defendant BRYAN DOUGLAS CONLEY
471 West Main Street, Suite 200
Louisville, Kentucky 40202
502-589-4566
larrysimonlawoffice@gmail.com

## **CERTIFICATION**

I hereby certify that on June 26, 2023, a copy of the foregoing Motion to Exclude Evidence Related to Econo Lodge Theft was filed electronically. Service of this filing will be made on all ECF-registered counsel by operation of the court's electronic filing system. Parties may access this filing through the court's system.

s/LARRY D. SIMON
LARRY D. SIMON