UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION
CASE NO: 3:23-CR-14-DJH

UNITED STATES OF AMERICA                                            PLAINTIFF

V.

BRYAN DOUGLAS CONLEY                                      DEFENDANT

**DEFENDANT'S OBJECTIONS TO UNITED STATES' NOTICE OF INTENT TO INTRODUCE EVIDENCE OF OTHER ACTS UNDER FED. R. EVID. 404(b) AND MOTION TO ADMIT EVIDENCE OF OTHER ACTS, *RES GESTAE*, AND INEXTRICABLY INTERTWINED EVIDENCE**

*Electronically Filed*

Comes the Defendant, Bryan Douglas Conley, by counsel, and for his Objections to the United States' Notice of Intent to Introduce Evidence Of Other Acts Under Fed. R. Evid. 404(b) and Motion to Admit Evidence of Other Acts, Res Gestae, and Inextricably Intertwined Evidence [DN 23] (hereinafter "Notice/Motion"), states as follows:

Substantively, the United States seeks to introduce evidence

> (1) that the defendant communicated through his cellular device using third party applications that created additional telephone numbers, in addition to his Mobile Station International Subscriber Directory Number (MSISDN) obtained through Verizon, and posed as people other than himself, and (2) that the defendant produced and possessed child sexual abuse material ("CSAM") of victim A.Y.

*Id.* at 1, PageID # 157.

Basically, the United States seeks to argue that Mr. Conley began interacting with the two prosecuting witnesses on the "Plenty of Fish" application (POF) by using fictitious names and creating numbers via VoIP texting applications, neither of which is in and of itself illegal. Further,

1

the "child sexual abuse material" that the United States seeks to admit under Rule 404(b) comprises two items of video that Minor Female 1, age 17, voluntarily sent to Defendant under the screen name "Bryant" before he ever picked her up in Ohio. *See, e.g., id.* at 2, PageID # 158.

As a preliminary matter, the United States' Notice is premature. The Defendant has filed a Motion to Sever Counts 1 and 2, concerning Minor Female 1, from the remainder of the Indictment for trial [DN 50]. This will necessarily affect what evidence is admissible with respect to either or both alleged encounters between Mr. Conley and the alleged victims designated in the Indictment. This Court has not ruled on that Motion. For example, any mention of alleged "child sexual abuse material" would not be admissible with respect to Counts 3 through 15 of the Indictment.

Substantively, though, the United States has failed to carry its burden with respect to showing that any of this information is admissible under FRE 404(b) or is *res gestae* with respect to any of the counts of the Indictment.

**ARGUMENT**

**I.      The United States has not demonstrated that either of the items is *res gestae*.**

The United States argues that the "background evidence" of the Defendant's alleged use of two additional VoIP numbers to communicate from his cellular device is "intrinsic to the charged offenses or otherwise part of a continuing pattern." *Id*. at 4. The government further urges that the evidence that Defendant possessed the video that Minor Female 1 had sent him is "directly probative of Counts 1 and 2, arises from the same events as the charged offense, forms an integral part of the witness's testimony, or completes the story of the charged offense." *Id.*

However, the "'background circumstances exception' to the general exclusion of other act evidence is not an open-ended basis to admit any and all other act evidence the proponent wishes to introduce," *United States v. Hardy*, 228 F.3d 745, 748 (6th Cir.2000), *citing United States v.*

2

*Buchanan,* 213 F.3d 302, 311 (6th Cir. 1999) *and United States v. Paulino*, 935 F. 2d 739, 755 (6th Cir.), *cert. den.*, 502 U.S. 914, 112 S.Ct. 315, 116 L.Ed. 2d 257 (1991).

"[B]ackground or *res gestae* evidence consists of those other acts that are inextricably intertwined with the charged offense or those acts, the telling of which is necessary to complete the story of the charged offense." *Hardy,* 228 F.3d at 748 (6th Cir.2000) (citations omitted).

Here, the Notice and Motion of the United States fails to show how the evidence sought to be is necessary to explain any of the charged offenses.

With respect to the use of the extra VoIP numbers, the United States has not articulated why it is necessary to adduce evidence that Defendant used the alternative telephone numbers in order to accomplish the crimes charged. Regarding both the minor and the adult, all the United States claims in its Motion is that the Defendant posed as different fictitious persons.

With respect to the admissibility as *res gestae* of the videos that Minor Female 1 allegedly sent to "Bryant" from Ohio via POF, the United States seeks to conflate it with video allegedly sought to be produced by the Defendant of Minor Female 1 and another male in Tennessee. The video that Minor Female 1 sent to the Defendant was not produced by anyone other than Minor Female 1. There is no allegation that Minor Female 1 was under any sort of control, coercion, duress, real or imagined obligation, or physical proximity to Mr. Conley when the videos were produced and uploaded. As such, they are not probative, not background, and not *res gestae* as to Counts 1 and 2, and certainly not as to the remainder of the Counts in the Indictment. Defendant respectfully requests that this Court deny the government's Motion on this ground.

II.     **This evidence is not admissible under FRE 404(b)**

FRE 404(b) states in pertinent part:

> (1) Prohibited Uses. Evidence of any other crime, wrong, or act is not admissible to prove a person's character in order to show

3

> that on a particular occasion the person acted in accordance with the character.
> (2) Permitted Uses. This evidence may be admissible for another purpose, such as proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident.

This Circuit has clearly and cogently set forth the procedure courts must follow in determining whether to admit uncharged misconduct evidence under FRE 404(b) in *United States v. Merryweather*, 78 F.3d 1070 (6th Cir. 1996):

> Upon objection by the defendant, the proponent of the evidence, usually the government, should be required to identify the specific purpose or purposes for which the government offers the evidence of "other crimes, wrongs, or acts." By so requiring, we do not mandate hypertechnicality. It is true that whether 404(b) evidence is admissible for a particular purpose will sometimes be unclear until late in the trial because whether a fact is "in issue" often depends on the defendant's theory and the proofs as they develop. Nevertheless, **the government's purpose in introducing the evidence must be to prove a fact that the defendant has placed, or conceivably will place, in issue, or a fact that the statutory elements obligate the government to prove.**
>
> After requiring the proponent to identify the specific purpose for which the evidence is offered, the district court must determine whether the identified purpose, whether to prove motive or intent or identity [or] some other purpose, is "material"; that is, whether it is "in issue" in the case. If the court finds it is, the court must then determine, before admitting the other acts evidence, whether the probative value of the evidence is substantially outweighed by the danger of unfair prejudice under Rule 403. If the evidence satisfies Rule 403, then, after receiving the evidence, the district court must "clearly, simply, and correctly" instruct the jury as to the specific purpose for which they may consider the evidence.

(Emphasis added) *United States v, Merryweather,* 78 F.3d at 1076-1077, *citing inter alia United States v. Johnson*, 27 F.3d 1186, 1193 (6th Cir.1994). *See also, e.g., United States v. Gibbs,* 797 F.3d 416, 425 (6th Cir. 2015).

4

Applying the Rule and the analysis outlined in *Merryweather*, the United States has simply not met its burden.

The United States first argues that there is "sufficient evidence the other acts occurred." The government states that a digital forensic examiner "will testify and explain that both items of evidence are derived from a review of the defendant's cellular device." Notice at 5, PageID # 161. While this may well be true, it has not yet occurred.

The United States submits that the evidence "is being offered for a permissible purpose," but broadly proposes that this evidence "falls squarely within the exceptions outlined in Fed. R. Evid. 404(b)(2), including identity, modus operandi, and common plan or scheme." *Id.* The government does not articulate this any further. *Merryweather* is clear that, while the rationale need not be hypertechnical, the party who seeks to introduce 404(b) evidence must articulate a specific purpose for offering the evidence. *Merryweather* at 1077. Without more than a recitation of part of the Rule itself, the United States has simply not met its burden of explaining why this evidence should be admitted.

Finally, the United States has made no showing, on the facts that it has provided in this Notice and Motion, that the probative value of this evidence outweighs the danger of unfair prejudice.[1]

---

[1] In its Notice and Motion, the United States proposes that "there is no time lapse between the 404(b) incident and the charged incidents. In fact, the Indiana bank robbery constitutes uncharged conduct which arose out of the same series of transactions as the charged offenses…" There is no allegation that this Defendant was in the state of Indiana during the period of time in which the alleged events leading to the Indictment took place, nor has any 404(b) notice been given as to any robbery. As such, it appears that this set of facts may have been inadvertently included here.

## CONCLUSION

This Notice and Motion, at best, is premature. If the Court orders severance of the Counts for trial, the calculus of what is and is not admissible at trial will change, and the parties and Court will no doubt revisit this issue.

Even if the Counts remain joined for trial, though, the United States has not established that either the videos Minor Female 1 allegedly made and sent to the Defendant, or the use of fictitious names and VoIP telephone numbers, are admissible either as *res gestae* or under any specific portion of FRE 404(b). As such, Defendant respectfully requests that the Court deny the United States' Motion to Admit Evidence of Other Acts.

Respectfully submitted,

**s/LARRY D. SIMON**
LARRY D. SIMON
Attorney for Defendant BRYAN DOUGLAS CONLEY
471 West Main Street, Suite 200
Louisville, Kentucky 40202
502-589-4566
larrysimonlawoffice@gmail.com

## CERTIFICATION

I hereby certify that on June 26, 2023, a copy of the foregoing Motion to Sever Counts was filed electronically. Service of this filing will be made on all ECF-registered counsel by operation of the court's electronic filing system. Parties may access this filing through the court's system.

s/LARRY D. SIMON
LARRY D. SIMON