UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION
CASE NO: 3:23-CR-14-DJH

UNITED STATES OF AMERICA                                                       PLAINTIFF

V.

BRYAN DOUGLAS CONLEY                                       DEFENDANT

**DEFENDANT'S OBJECTIONS TO UNITED STATES' NOTICE OF INTENT TO INTRODUCE FLIGHT EVIDENCE AND MOTION TO ADMIT FLIGHT AS SUBSTANTIAL EVIDENCE OF GUILT IN A CRIMINAL CASE UNDER RULES 402, 403, AND 404(b)**

*Electronically Filed*

Comes the Defendant, Bryan Douglas Conley, by counsel, and for his Objections to the United States' Notice of Intent to Introduce Flight Evidence and Motion to Admit Flight as Substantial Evidence Of Guilt In A Criminal Case Under Rules 402, 403, and 404(b) [DN 24], states as follows:

As a preliminary matter, the United States' Notice is acknowledged by the Defendant. However, the Defendant has filed on today's date his Motion to Sever Counts 1 and 2 from the remainder of the Indictment for trial [DN 50]. This will necessarily affect what evidence is admissible with respect to either or both alleged encounters between Mr. Conley and the alleged victims designated in the Indictment. This Court has not ruled on that Motion.

The United States Supreme Court has historically expressed skepticism as to the value of flight evidence:

> In *Alberty v. United States*, 162 U.S. 499, 511, [16 S.Ct. 864, 868, 40 L.Ed. 1051 (1896) ] this Court said: "... it is not universally true that a man, who is conscious that he has done a wrong, 'will pursue a certain course not in harmony with the conduct of a man who is

1

> conscious of having done an act which is innocent, right and proper,' since it is a matter of common knowledge that men who are entirely innocent do sometimes fly from the scene of a crime through fear of being apprehended as the guilty parties, or from an unwillingness to appear as witnesses…

*United States v. Dillon,* 870 F.2d 1125, 1126 (6th Cir. 1989), *quoting Wong Sun v. United States,* 371 U.S. 471, 483 n. 10, 83 S.Ct. 407, 415 n. 10, 9 L. Ed.2d 1051 (1896).

> This Circuit has ruled that flight evidence is proper if
>
>> "four inferences can be drawn: (1) from the defendant's behavior to flight; (2) from flight to consciousness of guilt; (3) from consciousness of guilt to consciousness of guilt concerning the crime charged; and (4) from consciousness of guilt concerning the crime charged to actual guilt of the crime charged."

*Dillon*, 870 F.2d at 1127, *quoting United States v. Myers*, 550 F.2d 1036, 1049 (5th Cir. 1977).

In this case, the record in *United States v. Conley*, 3:19-CR-00019-DJH, shows that an Indictment was returned charging the Defendant with ten (10) counts of interstate threats, pursuant to 18 U.S.C. § 875(c) [DN 11]. After being released on home detention and GPS monitoring in February, 2019, Mr. Conley was allowed to reside in his home state of Texas.

The Grand Jury for the Western District of Kentucky returned a Superseding Indictment in the 2019 proceeding, which was filed June 4, 2022 [DN 22]. According to the record in that proceeding, the Defendant's arraignment on the Superseding Indictment was scheduled for June 20, 2019, before Magistrate Judge Edwards.

Instead, a Waiver of Appearance for Arraignment and Entry of Plea was filed on behalf of Mr. Conley by his previously appointed counsel [DN 26]. Attached to said pleading was a document purportedly signed by Mr. Conley titled "Waiver and Entry of Plea" [DN 26-1]. This document is not dated. It was filed on June 19, 2019.

The government's Motion states that the United States Attorney's Office received information from the Defendant's supervising probation officer in Texas that a "Tracker Strap

2

Tamper alert notification from the [Defendant's] GPS monitor" was received at 11:25 a.m. on June 21, 2019 [DN 24, PageID # 105].

According to the government's Motion, the Defendant's GPS monitor and battery were recovered by the FBI near Bowling Green, Kentucky, on the shoulder of Interstate 65. The pleading does not indicate the date and time when this monitoring equipment was located [DN 24, PageID # 106].

According to the government's Motion, Mr. Conley was arrested by law enforcement in Ada, Ohio, on June 22, 2019, at 8:05 p.m. [DN 24, PageID # 106]. The record in the previous Indictment indicates that Rule 5 documents regarding Mr. Conley were received from the Northern District of Ohio on June 26, 2019 [DN 33 – SEALED].

The government's Motion attributes a number of statements to Mr. Conley regarding why he was unable to appear at his scheduled arraignment and the circumstances regarding the removal of the GPS device from his ankle. It is uncertain at this point of the proceeding if any of these statements would be admissible as evidence at trial. According to the government's Motion, the admission as evidence at trial of these statements would require foundation testimony by Mr. Conley's previous lawyer, Mr. Conley's wife, and the law enforcement agents that had Mr. Conley in their custody in Ohio.

## ARGUMENT

### THE EVIDENCE PROPOSED BY THE UNITED STATES
### TO DEMONSTRATE FLIGHT IS INSUFFICIENT

Both parties agree that all four inferences must be "reasonably supported" by the evidence before the government can introduce flight evidence as "other act" Rule 404(b) evidence at trial.

The first inference appears to be adequately satisfied by the fact the GPS monitor was removed and Mr. Conley was located outside the districts authorized by his release.

However, the remaining factors are not reasonably supported by the evidence. As stated in *Dillon*:

> …the second and third inferences -- (2) that the defendant is afflicted with a guilty conscience (3) of the crime charged – involve examination of two interrelated factors: immediacy and the defendant's knowledge that he is in trouble with the law. For flight evidence to be admissible, the timing of flight must itself indicate the sudden onset or the sudden increase of fear in the defendant's mind that he or she will face apprehension for, accusation of, or conviction of the crime charged.

*Dillon* at 1128.

Since this is a case in which flight does not occur immediately after the commission of a criminal act, the timing of the flight becomes the important factor. The government asserts that the Defendant's upcoming court date for arraignment on the additional charges regarding Adult Female 1 in the Superseding Indictment [DN 22] is the basis for the Defendant meeting "sudden-increase-in-fear" standard of *Myers* and *Dillon*.

The only facts concerning the timing of the flight that are known are that the Defendant's waiver was filed on June 19, 2019; the GPS monitor sent a tampering alert on June 21, 2019, at 11:25 a.m.; and Mr. Conley was arrested in Ohio on June 22, 2019, at 8:05 p.m. The disconnected GPS monitor was located in southern Kentucky near Bowling Green. It is unknown when and where the Defendant's waiver [DN 26-1] was signed, other than the fact that it was signed two days before the tampering alert (near Bowling Green) and at least three days before the Defendant's arrest (in the Northern District of Ohio).

Of equal importance is the third required inference: "from consciousness of guilt to consciousness of guilt **concerning the crime charged**." *Dillon* at 1127. The Defendant was not charged with any crimes involving Minor Female 1 in the original Indictment [DN 11] or the Superseding Indictment [DN 22] in Indictment No. 3:19-CR-00019.

The combination of all of these factors would result in a situation in which a "jury could infer flight only by resort to 'conjecture and speculation'(…)" *Myers,* 550 F.2d at 1050. This is particularly the situation presented to this Court regarding the Defendant's charges involving Minor Female 1. The Defendant was not charged with any offense involving Minor Female 1 until the return of the Second Superseding Indictment [DN 45] on September 18, 2019.

It would be unreasonable for any juror to draw an inference that the Defendant knew that he would be charged with a crime involving Minor Female 1 months before the return of the Second Superseding Indictment.

As stated earlier, the Defendant's Motion to Sever Counts 1 and 2 (involving Minor Female 1) from the remaining Counts 3-15 (involving Adult Female 1) has been filed and is pending.

Finally, in light of the potential for conjecture and speculation on behalf of a jury in drawing an inference of consciousness of guilt by the Defendant during the June, 2019, time period, Defendant submits that the probative value of this proffered evidence is substantially outweighed by the danger of unfair prejudice. Fed. R. Evid. 403; *see generally United States v. Jenkins,* 345 F.3d 928 (6th Cir. 2003) (other acts evidence).

## CONCLUSION

Defendant respectfully requests that the Court deny the United States' Motion to Admit Flight as Substantial Evidence of Guilt in a Criminal Case Under Rules 402, 403, and 404(b). Even under the high standard prescribed by the case law of this Circuit, the government has failed to establish sufficient evidence of flight pursuant to *Dillon*, *Myers*, and their progeny to render it admissible as substantive evidence of guilt.

Respectfully submitted,

**s/LARRY D. SIMON**
LARRY D. SIMON
Attorney for Defendant BRYAN DOUGLAS CONLEY
471 West Main Street, Suite 200
Louisville, Kentucky 40202
502-589-4566
larrysimonlawoffice@gmail.com

## **CERTIFICATION**

I hereby certify that on June 26, 2023, a copy of the foregoing Motion to Sever Counts was filed electronically. Service of this filing will be made on all ECF-registered counsel by operation of the court's electronic filing system. Parties may access this filing through the court's system.

s/LARRY D. SIMON
LARRY D. SIMON