UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

UNITED STATES OF AMERICA                                                              PLAINTIFF

v.                                                               CRIMINAL ACTION NO. 3:23-CR-14-DJH

BRYAN DOUGLAS CONLEY                                            DEFENDANT

## UNITED STATES RESPONSE TO MOTION TO CONTINUE

Defendant Bryan Douglas Conley moved to continue the trial date for the trial currently scheduled for August 21, 2023. As his basis, Conley claimed he need to time to employ an expert to review digital forensic evidence. The United States has disclosed the testimony of its digital forensic witness and disclosed proposed exhibits to be introduced by the digital forensic examiner as part of Rule 16 discovery in an abundance of caution, but not as an expert witness. The disclosures of the United States were timely made to the defense in accordance with or well in advance the Court's expert deadlines even though the United States did not treat the disclosures as expert disclosures.

The United States understands that the defendant has a right to investigate defenses in this matter. The United States also understands that through no fault of the United States or his present attorney, that Conley has repeatedly changed counsel causing delays in his previous trial dates. The United States has repeatedly issued trial subpoenas and conducted trial preparations only to be continued by Conley at the last minute. The United States expresses its concerns that victims have the right to a resolution of the matter. Without conceding any viability of Conley's future legal claims, to object or deny Conley's claim could only benefit Colney's possible post-conviction

claims, in the event of conviction.   To that end, the United States cannot object to the motion but defers to the Court's judgment.

The United States respectfully requests that the Court make a finding excluding the time between this motion to the next hearing date or trial date from speedy trial calculations.   The ends-of-justice provision excludes "[a]ny period of delay resulting from a continuance . . . if the judge granted such continuance on the basis of his findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial." 18 U.S.C. § 3161(h)(7)(A). No time shall be excluded pursuant to the ends-of-justice provision "unless the court sets forth, in the record of the case, either orally or in writing, its reasons for finding" that the ends-of-justice provision applies. § 3161(h)(7)(A).   Therefore, the United States respectfully request the court make the interest of justice finding excluding the time for the Speedy Trial Act.

The United States also requests the trial date not be reset for the following dates based on the victims' requests:  November 10-15 and October 7-15.

                                      Respectfully submitted,

                                      MICHAEL A. BENNETT
                                      UNITED STATES ATTORNEY

                                      */s/ Joshua Judd*
                                      Assistant U.S. Attorney
                                      717 West Broadway
                                      Louisville, KY 40202
                                      (502) 582-5911

## **CERTIFICATE OF SERVICE**

    I certify that this pleading was electronically filed using the Court's ECF system on July 14, 2023, with notice to counsel for defendant.

*s/ Joshua Judd*
Assistant U.S. Attorney
