**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF KENTUCKY**
**LOUISVILLE DIVISION**

UNITED STATES OF AMERICA                                    PLAINTIFF

V.

**CASE NO: 3:23-CR-14-DJH**

BRYAN DOUGLAS CONLEY                                         DEFENDANT

**Electronically Filed**

**DEFENDANT'S TRIAL MEMORANDUM**

\*\*\*\*\*   \*\*\*\*\*   \*\*\*\*\*

Comes the Defendant, BRYAN DOUGLAS CONLEY, by counsel, and pursuant to this Court's previous Order [DN 71], hereby submits his Trial Memorandum:

**STATUTES INVOLVED AND ELEMENTS OF OFFENSES:**

Count One: Interstate Transportation for Prostitution or Other Criminal Purpose; 18 U.S.C. §2421(a): The elements of this offense are as follows:

1.      The Defendant knowingly transported an individual in interstate or foreign commerce, or in any Territory or Possession of the United States; and

2.      The Defendant intended that individual to engage in prostitution, or in any sexual activity for which any person can be charged with a criminal offense.

Count Two: Transportation of Minors; 18 U.S.C. §2423(a): The elements of this offense are as follows:

1.      The Defendant knowingly transported an individual who has not attained the age of 18 years in interstate or foreign commerce, territory, or possession of the United

1

States; and

2.      The Defendant intended that the individual engage in prostitution, or in any sexual activity for which any person can be charged with a criminal offense; and

3.      That Minor Female 1 had not attained the age of 18 years.

Count Three: Kidnapping by Inveigle and Decoy; 18 U.S.C. §1201(a): The elements of this offense are as follows:

1.      The Defendant unlawfully seized, confined, inveigled, decoyed, kidnapped, abducted, or carried away and held for ransom or reward or otherwise, another person; and

2.      In committing or in furtherance of the offense,

        (a) the Defendant willfully transported the other person in interstate or foreign commerce; or

        (b) the Defendant traveled in interstate or foreign commerce; or

        (c)  the Defendant used the mail; or

        (d) the Defendant used any means, facility, or instrumentality of interstate or foreign commerce; and

3.      The Defendant acted unlawfully, willfully, and knowingly.

Count Four: Bank Fraud; 18 U.S.C. §1344: The elements of this offense are as follows:

1.      The Defendant knowingly executed or attempted to execute a scheme:

        (a) to defraud a financial institution; or

        (b) to obtain any of the moneys, funds, credits, assets, securities, or other property owned by, or under the custody or control of, a financial institution, by means of false or fraudulent pretenses, representations, or promises; and

2.        The Defendant did so with the intent to defraud a financial institution; and

3.        The financial institution was insured by the Federal Deposit Insurance Corporation or National Credit Union Administration.

Count Five: Aggravated Identity Theft; 18 U.S.C. §1028A(a): The elements of this offense are as follows:

1.        The Defendant knowingly transferred, possessed, or used:

2.        without lawful authority;

3.        a means of identification of another person;

4.        during and in relation to the Bank Fraud charge alleged in Court 4 of the indictment.

Count Six: Interstate Threats; 18 U.S.C. §875(c): The elements of this offense are as follows:

1.        The Defendant transmitted a message in interstate or foreign commerce; and

2.        The communication contained a true threat to injure the person of another; and

3.        The Defendant intended the message to be a threat.

## STATEMENT OF UNDISPUTED AND DISPUTED FACTS:

At this time, all facts are in dispute.

## UNRESOLVED SUBSTANTIVE ISSUES OF LAW:

At this time, the Defendant is not aware of any such issues.

## STATEMENT OF EVIDENTIARY ISSUES:

Currently pending before the Court are the following Motions:

- Defendant's Motion to Sever Counts One and Two from the remaining counts in the indictment [DN 50]. The United States opposes the Motion for Separate Trials [63].

- The Defendant filed a Motion *in limine* to exclude psychological evaluations of Adult Female 1 from being introduced at trial [DN 51]. The United States responded by stating that the government "does not anticipate introducing the psychological reports and records" of Adult Female 1 "unless they become relevant through cross examination" [DN 60]. Per this Court's previous Order, this Motion was denied without prejudice as moot [DN 71]. It will be refiled. A determination of the admissibility of these psychological evaluations may be an issue during trial.

- The Defendant filed a Motion *in limine* to Exclude Certain Text Messages attributed to Mr. Conley [DN 52]. The United States responded by stating the government does not anticipate introducing at trial the text messages regarding a certain female from North Carolina that felt harassed; but will seek to introduce text messages containing threatening messages from Mr. Conley to his ex-wife [DN 61]. Per this Court's previous Order, this Motion was denied without prejudice as moot [DN 71]. It will be refiled.

- The Defendant filed a Motion *in limine* to Exclude Evidence that Mr. Conley stole a television from a motel [DN 53]. The United States responded by stating the government "does not intend to introduce the [police] report or have testimony regarding the theft of the television" [DN 66]. Per this Court's previous Order, this Motion was denied without prejudice as moot [DN 71]. It will be refiled.

- The Defendant may file one or more additional Motions in limine on or before the date set by the Court in its Order dated August 3, 2023 [DN 71].

- The United States filed Notice of Intent to Introduce Evidence of Other Acts Under Fed. R. Evid. 404(b) and Motion to Admit Evidence of Other Acts, *Res Gestae*, and

Inextricably Intertwined Evidence, which requests the introduction at trial of testimony and exhibits that show Mr. Conley used applications on his cellular phone to "pose as people other than himself" and possessed child sexual abuse material of Minor Female 1 [DN 23]. The Defendant filed his Objection on June 26, 2023 [DN 54].

- The United States also filed Notice of Intent to Introduce Flight Evidence of the Defendant as Substantial Evidence of Guilt [DN 24]. The Defendant filed his Objection on June 26, 2023 [DN 55].

## REASONABLY ANTICIPATED POTENTIAL TRIAL PROBLEMS:

Undersigned counsel anticipates making a request for the early production of *Jencks* materials in advance of the completion of a government witness' testimony at trial. It is submitted that the early disclosure of this category of materials will be both judicially economical and will assist undersigned counsel in ensuring Mr. Conley's confrontation rights.

## PROPOSED JURY INSTRUCTIONS:

The Defendant adopts the proposed substantive and special jury instructions that were previously filed as attachments to the Defendant's Trial Memorandum on March 27, 2023 [DN 30-1; Page ID ## 274-306].

## PROPOSED VOIR DIRE QUESTIONS:

The Defendant's proposed voir dire questions are attached as Exhibit 1.

## DEFENDANT'S EXHIBIT LIST:

The Defendant states that all items of evidence, as well as any proposed exhibits, produced by the United States in its discovery responses to previous and current counsel for Mr. Conley, could be items that the Defendant would seek to introduce at trial. Although no specific items are

designated by Mr. Conley at this time, undersigned counsel will provide notice to the United States.

Respectfully submitted,

**s/LARRY D. SIMON**
LARRY D. SIMON
Attorney for Defendant BRYAN DOUGLAS CONLEY
471 West Main Street, Suite 200
Louisville, Kentucky 40202
502-589-4566
larrysimonlawoffice@gmail.com

### <u>CERTIFICATION</u>

I hereby certify that on November 5, 2023, a copy of the foregoing Trial Memorandum was filed electronically.  Service of this filing will be made on all ECF-registered counsel by operation of the court's electronic filing system.  Parties may access this filing through the court's system.

<u>s/LARRY D. SIMON</u>
LARRY D. SIMON