UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

UNITED STATES OF AMERICA                                                                   PLAINTIFF

v.                                                                       CRIMINAL ACTION NO. 3:23-CR-14-DJH

BRYAN DOUGLAS CONLEY                                               DEFENDANT

## UNITED STATES MOTION IN LIMINE

Defendant Bryan Douglas Conley provided notice of testimony of John R. Mallery. Mr. Mallery was retained to assist the defendant in reviewing cell phone forensics. He reviewed the defendant's, victim's and victim's mother's cell phones. On October 2, 2023, Conley filed and provide a copy of Mr. Mallery's report to the United States. It is included as Exhibit 1 to this filing. See R. 74-1, Letter and CV of John R. Mallery. The report had several paragraphs describing cell phone exams and also contained a short explanation of the witness's opinion:

> The complexities of analyzing a cell phone require that specialized knowledge and training must be obtained in order to complete a meaningful and useful report.

The report does not describe any specific opinion or conclusion related to Mallery's examination of the evidence. Although Mallery's report discusses certain processes that can be used to conduct a cell phone forensic exam, he does not describe specific evidence or provide any specific opinion related to evidence in this case. Based on the language of the disclosure, the proposed testimony appears to opine that digital forensic experts should have specialized knowledge and training, which is inadmissible and irrelevant to a fact at issue.

Furthermore, the disclosure does not provide sufficient information for the Untied States to understand what the intended scope and subject to testimony. Simply put, the United States is

unable to understand what this witness will testify to. Furthermore, there is no relevance to have a witness come in a present the opinion/conclusion contained within the report. The conclusion that a cell phone forensics require specialized knowledge and training is not relevant to any fact at issue in this case. Finally, if the conclusion is to be used to attempt to discredit the testimony of the United States forensic witness, such testimony is improper for impeachment of another witness.

Therefore, the United States moves to prohibit or limit the proposed opinion testimony of John R. Mallery.

Respectfully submitted,

MICHAEL A. BENNETT
UNITED STATES ATTORNEY

*s/ Joshua Judd*
Assistant U.S. Attorney
717 West Broadway
Louisville, KY 40202
(502) 582-5911

**CERTIFICATE OF SERVICE**

I certify that this pleading was electronically filed using the Court's ECF system on November 13, 2023, 2023, with notice to counsel for defendant.

*s/ Joshua Judd*
Assistant U.S. Attorney