UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION
CASE NO: 3:23-CR-14-DJH

UNITED STATES OF AMERICA                                           PLAINTIFF

V.

BRYAN DOUGLAS CONLEY                                               DEFENDANT

## MOTION TO EXCLUDE TESTIMONY OF ERIK VOKOUN
*Electronically Filed*

Comes the Defendant, Bryan Douglas Conley, by counsel, and, pursuant to Federal Rules of Evidence 701, 702, and 703, moves this Court *in limine* to exclude the testimony at trial of government witness Erik Vokoun. As grounds for this Motion, the Defendant states as follows:

The Defendant is charged in the above-numbered Indictment with Interstate Transportation for Prostitution or other Criminal Purposes; Transportation of Minors; Kidnapping by Inveigle and Decoy; Bank Fraud; Aggravated Identity Theft; and ten (10) counts of Interstate Threats [DN 4].

This Court's Order of August 3, 2023 [DN 71] required both the United States and the Defendant to disclose prior to trial any expert testimony the party intended to use under Rule 702, 703, or 705 during its case-in-chief, including a summary of the witness' opinions, the basis and reasons for those opinions, and the witness' qualifications.

The United States originally provided notice to both previous and undersigned counsel for the Defendant that the government will present "information from a digital forensic examiner ("DFE"), Erik Vokoun, regarding the extraction contents of the cellular devices" belonging to Bryan Conley, the Adult Female, and the Adult Female's parents. However, counsel for the United

1

States stated that the government "**does not** intend to present Federal Pule of Evidence 702 expert opinion testimony in the trial of Bryan Conley." (Emphasis added.)

Included in the information contained in these devices, which were extracted by DFE Vokoun, are the following:

- Device identifying information;

- Device location information;

- Multiple social media accounts accessed by the devices;

- Email accounts accessed and used by the devices, as well as the phone numbers and account holder names associated with the email accounts;

- Images, text messages and call logs (including deleted calls);

- Internet search histories and associated dates of searches;

- With respect to both the device allegedly used by the Defendant and devices allegedly used by witnesses in this case, ".udfr" or "UFED" reports generated by "Cellebrite" (Cellebrite DI Ltd.)

The government indicated that

> [g]enerally, DFE Vokoun will testify about the device extraction process, what was found during the extractions (e.g. location, POF accounts, email accounts, etc.), and the associated/allied data (e.g. date and time, whether it was deleted, etc.). The reports and extraction files referenced above and the qualifications of the DFE Vokoun were included in prior disclosures.
>
> **The United States does not believe that this constitutes expert testimony since we do not intend to present opinion testimony from the witness.** (Emphasis added.)

Letter, Joel King to Joshua Barnette, February 23, 2023 (attached as Exhibit 1). This letter included a "Certificate of Authenticity of Data Copies From an Electronic Device, Storage Media Pursuant to Federal Rules of Evidence 902(11) and 902(14)," *id.* at 3, outlining DFE Vokoun's qualifications.

In contrast to the position taken by the United States, the Defendant timely filed his Disclosure of Expert Testimony [DN 74], which was in accordance with Federal Rule of Criminal Procedure 16(b)(1)(C).

Subsequently, on October 6, 2023, the United States disclosed its intention to call Federal Bureau of Investigation Digital Forensic Examiner Erik M. Vokoun as a **rebuttal** expert witness during trial. Letter, Joel King to Larry Simon, October 5, 2023 (attached as Exhibit 2).

Phone data extraction, and the analysis of that data, require technical knowledge over and above that of a lay witness. The report of the Defendant's computer forensic expert, John Mallery [DN 74], makes clear that this process requires specialized training and experience. As indicated by these pretrial disclosures, the United States initially indicated that DFE Vokoun would not be called as an expert. The government thereafter designated DFE Vokoun solely as a rebuttal expert witness.

## ARGUMENT

Fed. R. Evid. 602 states: "A witness may testify to a matter only if evidence is introduced sufficient to support a finding that the witness has personal knowledge of the matter. Evidence to prove personal knowledge may consist of the witness's own testimony…" Fed. R. Evid. 701 further limits opinion testimony of a lay witness to that which is

(a) rationally based on the witness's perception;

(b) helpful to clearly understanding the witness's testimony or to determining a fact in issue; and

(c) not based on scientific, technical, or other specialized knowledge within the scope of Rule 702.

Under Rule 702, a witness who is qualified as an expert by knowledge, skill, experience, training, or education may testify in the form of an opinion or otherwise if:

3

(a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue;

(b) the testimony is based on sufficient facts or data;

(c) the testimony is the product of reliable principles and methods; and

(d) the expert has reliably applied the principles and methods to the facts of the case.

Under Rule 902(14), "data copied from an electronic device…if authenticated by a process of digital identification, as shown by a certification of a qualified person that complies with the certification requirements of Rule 902(11) or (12)" requires no extrinsic evidence of authenticity in order to be admitted into evidence.

However, Defendant Conley's objection to the government's proffered testimony of DFE Vokoun is not based on the authenticity of the electronically copied data. The objection is based on the fact that only a properly qualified person with specialized training and technical knowledge over and above that of a lay person can offer an explanation, provide an analysis, or give opinions regarding the data retrieved from a smartphone extraction.

The report of the Defendant's computer forensic expert, John Mallery [DN 74], makes clear that the average person does not have the training to competently extract data from smartphones. The report indicates that extracting data from an Android device is different and even more complex than for an iPhone. (Both types of cellphones were involved in the extraction process in this case.) In the absence of the proper hardware or software, an untrained or underqualified individual can unintentionally modify the original data on a device.

Mallery's report provides examples of the government's evidence that the United States will attempt to introduce as trial exhibits while utilizing the testimony of DFE Vokoun. One such artifact prepared by DFE Vokoun involves taking large amounts of location data found on the

Defendant's phone, exporting the data in a "Keyhole Markup Language" file and then importing the data into a mapping software such as Google Earth. See potential government exhibits attached as Exhibit 3.

It is anticipated that DFE Vokoun will testify that the Defendant utilized different aliases that he created, along with different phone numbers and email addresses, on his cellphone. As indicated in the government's notice to the Defendant's former and current lawyers, other topics of DFE Vokoun's testimony include identifying account holder names and phone numbers associated with different email accounts, the dates they were created and how they were created; the times and locations when text messages were received and sent; what kinds of data were deleted; and the times and topics of internet search histories. It is submitted that testimony about these topics clearly constitutes opinion testimony encompassed by Rule 702.

> If highly consequential evidence emerges from what looks like an indecipherable computer program to most non-scientists, non-statisticians, and non-programmers, it is imperative that qualified individuals explain how the program works and ensure that it produces reliable information about the case. All of this explains why the courts have developed reliability standards for admitting evidence of this type and why a functioning adversarial system remains critical in handling it.

*United States v. Gissantaner*, 990 F.3d 457, 463 (6th Cir. 2021).

Testimony that describes and provides an explaination to a jury the various kinds of data that is produced by a smartphone extraction process must draw on a person's "knowledge, skill, experience, training or education." In other words, it is Rule 702 expert witness opinion testimony.

In this case, the government declined to disclose DFE Vokoun as an expert (as required by Section 3(b) of the Court's pretrial order [DN 71]) and elected to omit from its previous disclosures the "basis and reasons" for his conclusions about the contents of the smartphone extractions and the associated data.

## III. CONCLUSION

Wherefore, the Defendant moves this Court *in limine* to exclude the opinion testimony at trial of government witness Erik Vokoun.

        Respectfully submitted,

        **s/LARRY D. SIMON**
        LARRY D. SIMON
        Attorney for Defendant BRYAN DOUGLAS CONLEY
        471 West Main Street, Suite 200
        Louisville, Kentucky 40202
        502-589-4566
        larrysimonlawoffice@gmail.com

## CERTIFICATION

I hereby certify that on November 13, 2023, a copy of the foregoing Motion to Exclude Testimony was filed electronically. Service of this filing will be made on all ECF-registered counsel by operation of the court's electronic filing system. Parties may access this filing through the court's system.

        s/LARRY D. SIMON
        LARRY D. SIMON