# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF KENTUCKY
# AT LOUISVILLE

**UNITED STATES OF AMERICA,**                                                     **Plaintiff,**

v.                                             **Criminal Action No. 3:23-cr-14-DJH**

**BRYAN DOUGLAS CONLEY,**                                             **Defendant.**

\* \* \* \* \*

## RESPONSE TO DEFENDANT'S MOTION TO EXCLUDE
## TESTIMONY OF ERIK VOKOUN

The Defendant's motion to exclude the testimony of Erik Vokoun [DN 92] should be denied because the United States has complied with the purpose and the requirements of the Court's Order [DN 71] and Federal Rule of Criminal Procedure 16(a)(1)(G).

**I.      Procedural Background**

A grand jury indicted the Defendant on February 7, 2023, with a 15-count indictment that included charges for interstate transportation of minors for prostitution or other criminal purposes, kidnapping, bank fraud, aggravated identity theft, and communicating threats. [DN 4]. Throughout the indictment, it is alleged that the Defendant used a wireless device, sent text messages to other wireless devices, and used an online dating application to commit the offenses.

On February 23, 2023, the United States provided Defendant's previous counsel a letter providing notice of digital forensic examiner ("DFE") Erik Vokoun as a witness, and that DFE Vokoun would testify to the contents, such as contact information, photographs, and messages, of four wireless device extractions.

This Court relieved the Defendant's prior counsel on March 29, 2023 and appointed the Defendant's current counsel. In addition, the Court scheduled a new trial date for August 21, 2023.

The United States redisclosed the letter regarding DFE Vokoun to Defendant's current defense counsel on April 3, 2023, just 4 days after his appointment and 140 days before the trial date. In the notice, the United States advised defense counsel that it will provide a draft exhibit to be used during DFE Vokoun's testimony and that the exhibit would be an aggregate or composite of screen shots and data pulled from the extractions, so that relevant and admissible data can be easily presented to the jury.

On May 25, 2023 and 88 days before the trial date, the United State shared the draft exhibit with defense counsel. The draft exhibit included the contents of the extracted data, such as contact information, images, and messages.

On July 12, 2023 the Defendant moved to continue the August 21, 2023 trial date, so that defense counsel "has sufficient time to evaluate the anticipated testimony of a government witness designated as a digital forensic examiner." [DN 64]. Defense counsel detailed the expected substance of DFE Vokoun's testimony and explained that the Defendant retained a DFE to conduct his own analysis.

This Court granted the continuance and issued a Memorandum of Conference and Order scheduling a new trial for December 11, 2023 and detailed the pretrial schedule. [DN 71]. In pertinent part, the Order scheduled expert disclosure deadlines 10 weeks prior to trial. The Order also required that any expert testimony a party intends to use to rebut an expert shall be disclosed no later than 9 weeks prior to trial.

On October 2, 2023 approximately 10 weeks before trial, the Defendant noticed John R. Mallery as a DFE expert. [DN 74]. The notice included DFE Mallery's report, which comprised of a single conclusion – that the complexities of analyzing a cell phone require that specialized knowledge and training must be obtained in order to complete a meaningful and useful report. [DN 74-1].

On October 6, 2023 and more than 9 weeks before trial, the United States noticed DFE Vokoun as an expert and provided his CV and referred the Defendant to the reports and draft exhibit previously disclosed.

## II.     Argument

The United States provided notice to the Defendant of DFE Vokoun's expected testimony and all related materials months in advance of trial and the Court's pretrial management order. Initially, the United Stated expected DFE Vokoun to testify to the contents, such as contact information, photos, and messages, of four wireless device extractions. The United States did not expect to elicit opinion testimony in accordance with Federal Rule of Evidence 702. However, after the Defendant's expert disclosure and the conclusion of DFE Mallery, the United States noticed DFE Vokoun as an expert. Thus, the United States complied with Rule 16(a)(1)(G) and the Court's Order. If there was a delayed notice, the Defendant has not been prejudiced.

### A.     The United State's complied with Federal Rule of Criminal Procedure 16(a)(1)(G)

The purpose of 16(a)(1)(G) is to provide notice to the Defendant to adequately prepare for trial. "The amendment is intended to minimize surprise that often results from unexpected expert testimony, reduce the need for continuances, and to provide the opponent with a fair opportunity to test the merit of the expert' s testimony through focused cross-examination." Fed. R. Crim. P. 16, Advisory Committee Noted, 1993 Amendments. This purpose remains true with

the recent amendments. "The amendment clarifies the scope and timing of the parties' obligations to disclose expert testimony they intend to present at trial. It is intended to facilitate trial preparation, allowing the parties a fair opportunity to prepare to cross-examine expert witnesses and secure opposing expert testimony if needed." Fed. R. Crim. P. 16, Advisory Committee Noted, 2022 Amendments.

Here, the United States provided the Defendant with notice that DFE Vokoun would testify and generally described the subject matter of his testimony to the Defendant on February 23, 2023. In addition, DFE Vokoun's reports were disclosed as part of the initial discovery disclosures. Lastly, the United States shared a draft exhibit that serves as a roadmap of DFE Vokoun's testimony. This last disclosure caused the Defendant to retain his own DFE.

Suffice to say that the United States's disclosures to date have facilitated the Defendant's trial preparation, minimized surprise, and have allowed the Defendant a fair opportunity to prepare cross-examination and secure his own DFE. The United States complied with Rule 16(a)(1)(G).

### B. The United State's properly designated Vokoun as a lay witness

The United States initially did not intend for DFE Vokoun to testify as an expert. "A witness who is qualified as an expert by knowledge, skill, experience, training, or education may testify ***in the form of an opinion***…" (emphasis added) Fed. R. Evid. 702. Although DFE Vokoun is certainly qualified by knowledge, skill, experience, training, and education as a DFE expert, the United States did not intend to elicit opinion testimony. Rather, the United States intended DFE Vokoun to relate the unequivocal data recovered from the four wireless devices. ("Merely reading off the contents of the extracted data (such as contact information, notes, and messages) requires no specialized reasoning…So Special Agent Harrell's specialized training

was not necessary to introduce the contents of the phone" *United States v. Lucas*, No. 19-6390, 2021 U.S. App. LEXIS 27358, at *61 (6th Cir. Sep. 9, 2021)). Thus, the United States not required to produce disclosures in accordance with Rule 16(a)(1)(G).

### C. The United States's complied with the Court's pretrial management order

The Court's Memorandum of Conference and Order adhered to the purpose of Rule 16(a)(1)(G) as it created deadlines that ensure both parties noticed their intent to use expert witnesses. Here, the United States disclosed DFE Vokoun as a lay witness and his written reports at least 41 weeks in advance of trial. In addition, the United States went further and provided a draft exhibit that serves as the roadmap of DFE Vokoun's testimony 28 weeks in advance of trial. Thus, the substance of DFE Vokoun's testimony was disclosed well in advance of the 10 weeks before trial deadline.

The Court also imposed a 9-week deadline to produce notice of expert testimony intended to rebut a defense expert. Considering the defense expert's only purpose was to opine that a DFE must be an expert, the United States supplemented its disclosure almost immediately and noticed DFE Vokoun as expert 9 weeks and 3 days before trial. Therefore, the United States also complied with the Court's pretrial management order.

### D. The Defendant seeks an inappropriate remedy

If the Court agrees that the United States failed to comply with its pretrial management order and Rule 16(a)(1)(G), the Defendant seeks a drastic remedy inconsistent with the rules, the circumstances of this case, and precedent. "District courts should embrace the "least severe sanction necessary" doctrine, and hold that suppression of relevant evidence as a remedial device should be limited to circumstances in which it is necessary to serve remedial objectives." *United States v. Ganier*, 468 F.3d 920, 922 (6th Cir. 2006).

There are three factors to consider in determining whether suppression of evidence is an appropriate remedy to be imposed for a disclosure violation: (1) the reasons for the government's delay in producing the materials, including whether it acted intentionally or in bad faith; (2) the degree of prejudice, if any, to the defendant; and (3) whether the prejudice to the defendant can be cured with a less severe course of action, such as granting a continuance or a recess. *United States v. Collins*, 799 F.3d 554, 566 (6th Cir. 2015). Here, the United States did not act in bad faith, but rather in good faith believing the witnesses testimony did not constitute expert testimony. In addition, there is no prejudice to the Defendant, as the Defendant has possessed the materials, and more, required by Rule 16(a)(1)(G) for months. Lastly and if there was prejudice, there are less severe courses of action than suppressing testimony. The Defendant likely does not need any additional time considering that since the United States provided DFE Vokun's materials, the Defendant has retained an digital forensic examiner who reviewed the wireless devices, the relevant case materials, and met with DFE Vokoun.

### III. Conclusion

The Defendant's motion should be denied. The United States complied with the requirements and purpose of Rule 16(a)(1)(G) and the Court's Order in disclosing materials and status relating to DFE Vokoun. In addition, the Defendant seeks an inappropriate remedy.

Respectfully submitted,

MICHAEL A. BENNETT
United States Attorney

_____
Joel King
Special Assistant United States Attorney
207 Grandview Drive, Suite 400
Ft. Mitchell, Kentucky 41017
(859) 652-7034

joel.king@usdoj.gov

## CERTIFICATE OF SERVICE

On November 20, 2022, I electronically filed this document through the ECF system, which will send a notice of electronic filing to all Counsel of record.

_____
Joel King
Special Assistant United States Attorney