UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

UNITED STATES OF AMERICA,                                                                 Plaintiff,

v.                                                                    Criminal Action No. 3:23-cr-14-DJH

BRYAN DOUGLAS CONLEY,                                                                   Defendant.

* * * * *

**MEMORANDUM AND ORDER**

Defendant Bryan Douglas Conley is charged with interstate transportation for prostitution (Count 1), interstate transportation of a minor with intent to engage in criminal sexual activity (Count 2), kidnapping by inveigle and decoy (Count 3), bank fraud (Count 4), aggravated identity theft (Count 5), and interstate threats (Counts 6–15). (Docket No. 4)  This matter is set for trial on December 11, 2023. (D.N. 71)  Conley moves to sever Counts 1–2 from Counts 3–15 for purposes of trial. (D.N. 50)  For the reasons explained below, the Court will deny the motion to sever.

**I.**

In February 2023, the United States charged Conley with fifteen counts of various offenses involving two separate victims.  Counts 1 and 2 of the indictment allege that in November 2018, Conley transported a minor female across state lines for prostitution and other criminal sexual activity. (D.N. 4, PageID.45–49)  According to the indictment, Conley met the minor female on an online-dating platform where he used a fictitious profile, offering the victim money for sex. (*Id.*, PageID.45 ¶¶ 1–4)  Once Conley met the victim in person, he allegedly drove her through various states and engaged in sexual activity with her. (*Id.*, PageID.45–49)

Counts 3–15 allege that in late January 2019, Conley kidnapped an adult female by inveigle and decoy; defrauded the adult female's bank using her credit card and social security number;

1

and made interstate threats to her family demanding a ransom. (*See* D.N. 4, PageID.49–60) Conley allegedly met this victim through the same online-dating platform, again using a fictitious profile, and promised to help the victim get into modeling. (*Id.*, PageID.49–50)

Conley now moves to sever Counts 1–2 from Counts 3–15 for trial purposes, arguing that "[n]othing on the face of the Indictment supports joinder of Counts 1 and 2 with Counts 3 through 15." (D.N. 50, PageID.417) The United States opposes the motion. (D.N. 63)

**II.**

Conley argues that the indictment improperly joined Counts 1–2 with Counts 3–15 under Federal Rule of Criminal Procedure 8(a), or in the alternative, that Counts 1 and 2 must be severed from the other counts under Federal Rule of Criminal Procedure 14. (D.N. 50, PageID.417–20) Because severance is mandatory if offenses are improperly joined, *see United States v. Chavis*, 296 F.3d 450, 456 (6th Cir. 2002), the Court will first consider whether severance is required under Rule 8(a).

**A.    Rule 8(a)**

Pursuant to Federal Rule of Criminal Procedure 8(a),

> [t]he indictment or information may charge a defendant in separate counts with 2 or more offenses if the offenses charged—whether felonies or misdemeanors or both—are of the same or similar character, or are based on the same act or transaction, or are connected with or constitute parts of a common scheme or plan.

Courts must look to the allegations on the face of the indictment to determine whether joinder is proper. *United States v. Deitz*, 577 F.3d 672, 692 (6th Cir. 2009). "Rule 8(a) 'should be construed in favor of joinder,' but 'it is also true that failure to meet the requirements of this rule constitutes misjoinder as a matter of law.'" *Id.* (quoting *United States v. Hatcher*, 680 F.2d 438, 440 (6th Cir. 1982)).

The United States maintains that "Counts 1 and 2 are properly joined with Counts 3–15[] because the offenses are of the same or similar character." (D.N. 63, PageID.559) Conley argues that joinder is improper because "Counts 1 and 2 charge different offenses, concerning a different person, with different allegations, during a different time period from the remainder of the Indictment." (D.N. 50, PageID.417) As explained below, the Court disagrees.

The factual parallels between Counts 1–2 and 3–15 as alleged in the indictment show that the offenses have a similar character. *See* Fed. R. Crim. P. 8(a). Most notably, the crimes charged have a similar modus operandi. The indictment alleges that Conley lured both victims using a fake profile on the same online-dating platform, PlentyofFish.com. (D.N. 4, PageID.45 ¶ 1, PageID.49 ¶ 25) And further, that Conley posed as a young and wealthy member of the "De Beers family," who made promises to both victims to entice them to meet him. (*See id.*, PageID.45–46, 49–50) Specifically, the indictment alleges that Conley, posing as "Bryant De Beers," "offered to pay [the minor victim] $200,000 if she agreed to engage in sexual activity" and "promised to provide [her] a new cell phone, a car, a new I.D., and cash, among other items." (*Id.*, PageID.46) With the adult victim, Conley, posing as "Lance De Beers," allegedly "discussed developing a relationship and the potential for [the victim] to become a model." (*Id.*, PageID.50)

When the victims met Conley in person and saw that he did not match the online-dating profile, the indictment alleges that Conley told the minor victim that he was a friend of "Bryant" (*Id.*, PageID.46 ¶ 10) and told the adult victim that he was a modeling agent for "Lance." (*Id.*, PageID.50 ¶ 33) According to the indictment, Conley told both victims that he would drive them to meet "Bryant" (*Id.*, PageID.46 ¶ 10, PageID.47 ¶ 12, PageID.48 ¶ 20) or "Lance." (*Id.*, PageID.51 ¶ 35)

In addition, Conley allegedly gave both victims drinks containing a sleeping aid (*id.*, PageID.47 ¶ 13, PageID.52 ¶ 40); offered them money to engage in sexual activity with him (*id.*, PageID.47 ¶ 15, PageID.50 ¶ 34); drove them around various states, primarily Kentucky and Tennessee (*id.*, PageID.48 ¶ 22, PageID.53 ¶ 47); and ultimately used them—or attempted to use them—to get money and sex. (*See generally* D.N. 4) Although the victims were two different people, the indictment alleges that each was particularly vulnerable in some way: the minor victim "was susceptible because of her age and family status" (*id.*, PageID.456 ¶ 7), and the adult victim "was susceptible because of her cognitive ability." (*Id.*, PageID.50 ¶ 32) In short, the indictment alleges that Conley used similar methods to target the victms, meet the victims, engage in sexual activity with the victims, transport the victims, and commit the charged offenses. (*See* D.N. 4)

Because the offenses have a similar modus operandi, the two-month gap between them does not render joinder improper. *See United States v. Scott*, 732 F.3d 910, 916 (8th Cir. 2013) (finding seventeen-month gap sufficiently short under Rule 8(a) where bank-robbery counts shared same modus operandi). The Sixth Circuit "ha[s] put little emphasis on temporal connection," finding that offenses could be of the same or similar character "despite a 'significant gap in time' between" them. *United States v. Nolan*, 162 F. App'x 575, 578 (6th Cir. 2006) (quoting *Chavis*, 296 F.3d at 458) Additionally, because Counts 4–15 are "based on the same act or transaction," Fed. R. Civ. P. 8(a), as the kidnapping alleged in Count 3, those offenses are likewise properly joined. *See Scott*, 732 F.3d at 916 (permitting joinder of felon-in-possession offense to robbery offenses because the possession offense was based on the same act or transaction as one of the robbery offenses, and the robbery offenses were properly joined). Accordingly, Counts 1–2 and 3–15 are properly joined under Federal Rule of Criminal Procedure 8(a).

**B.     Rule 14**

Even if joinder is proper under Rule 8, Federal Rule of Criminal Procedure 14 may warrant severance if joinder would prejudice the defendant. *Thomas v. United States*, 849 F.3d 669, 675 (6th Cir. 2017) (citing Fed. R. Crim. P. 14(a)).  Rule 14(a) provides that "[i]f the joinder of offenses or defendants in an indictment . . . appears to prejudice a defendant or the government, the court may order separate trials of counts . . . or provide any other relief that justice requires." Conley argues that the allegations in Counts 1–2 concerning sexual conduct with a minor are "highly prejudicial" and unrelated to Counts 3–15. (D.N. 50, PageID.418) In addition, Conley notes that illegal sexual conduct is an element of the offenses charged in Counts 1 and 2 but is not required to establish Counts 3–15. (*Id.*) According to Conley, "[a] jury that hears evidence of sexual conduct associated with the kidnapping offenses (Counts 3–15), even though [sexual conduct is] not an element of" those offenses, "would be inclined to give consideration to that evidence when deliberating whether [Conley] is guilty under Counts 1 and 2." (*Id.*, PageID.419)

"In order to prevail on a motion for severance" under Rule 14, "a defendant must show compelling, specific, and actual prejudice from a court's refusal to grant the motion to sever." *United States v. Saadey*, 393 F.3d 669, 678 (6th Cir. 2005) (citing *United States v. Sherlin*, 67 F.3d 1208, 1215 (6th Cir. 1995)). Joinder of offenses prejudices a defendant "if the jury cannot 'keep the evidence from each offense separate and [is] unable to render a fair and impartial verdict on each offense.'" *Thomas*, 849 F.3d at 675 (quoting *United States v. Rox*, 692 F.2d 453, 454 (6th Cir. 1982)). "In determining whether a defendant [will suffer] prejudice, courts consider such factors as whether spillover evidence would incite or arouse the jury to convict on the remaining counts, whether the evidence was intertwined, the similarities and differences between the

5

evidence, the strength of the government's case, and the ability of the jury to separate the evidence." *United States v. Dale*, 429 F. App'x 576, 579 (6th Cir. 2011).

Here, as discussed above, Conley's alleged crimes and methods are similar, but the crimes are distinguishable by time and victim. His alleged acts are not so intertwined that a jury would not be able to separately consider the evidence for each count. "While the nature of [Conley's] alleged activities, if proven, certainly has the potential to arouse a desire for justice in the jury, the Court does not find that "spillover" evidence would incite the jury to disregard its instructions and convict [Conley] on other charges." *United States v. Serrano-Ramirez*, 319 F. Supp. 3d 918, 926 (M.D. Tenn. 2018), *aff'd*, 811 F. App'x 327 (6th Cir. 2020). "The Sixth Circuit presumes that the jury is capable of 'sorting out the evidence and considering each count . . . separately.'" *Id.* (quoting *United States v. Swift*, 809 F.2d 320, 323 (6th Cir. 1987)). Because the acts alleged in Counts 1–2 and 3–15 are similar in character but distinct, the Court is not persuaded that joinder of Counts 1–2 and 3–15 would subject Conley to "substantial prejudice." *United States v. Hang Le-Thy Tran*, 433 F.3d 472, 478 (6th Cir. 2006). And "absent a showing of substantial prejudice, spillover of evidence from one [count] to another does not require severance." *Id.* (internal quotations omitted). "Even if there is some potential for jury confusion, it is small and does not outweigh 'society's need for speedy and efficient trials.'" *Swift*, 809 F.2d at 323 (quoting *United States v. Gallo*, 763 F.2d 1504, 1525 (6th Cir. 1985)).

Moreover, even if the charges were severed, the jury would likely still hear evidence of Conley's alleged sexual conduct with both victims. Federal Rule of Evidence 404(b) provides that evidence of other crimes is not admissible as propensity evidence but may be admissible to "prov[e] motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident." According to the government, the charges against Conley "have common

features that make it very likely the offenses were perpetrated by the same person." (D.N. 63, PageID.564) In the Sixth Circuit, evidence of prior crimes is admissible as modus operandi or identity evidence when "the similarity between the prior crime and the charged offense [is] striking, and the method . . . amount[s] to a 'signature.'" *United States v. Joseph*, 270 F. App'x 399, 406 (6th Cir. 2008) (citing *United States v. Perry*, 438 F.3d 642, 648 (6th Cir. 2006)). The Court has already detailed the numerous similarities between the acts alleged in Counts 1–2 and 3–15. *See supra*, pp. 3–4. Since the jury would likely hear evidence of Conley's alleged sexual conduct with both victims regardless of whether the trials are severed, joinder of Counts 1–2 and 3–15 would not prejudice Conley. *See United States v. Shields*, 480 F. App'x 381, 388 (6th Cir. 2012) (observing that if evidence of one offense would be admissible in a separate trial to prove a second offense, then a trial on both offenses would not prejudice a defendant).

Finally, as the government notes (D.N. 63, PageID.564), any risk of prejudice can be mitigated by a limiting instruction. *See Thomas*, 849 F.3d at 677 ("Misjoinder is almost always harmless if the court issues a careful limiting instruction to the jury concerning possible prejudice."). "The Supreme Court has instructed . . . that the danger of prejudice resulting from improper propensity inferences can be reduced significantly by proper curative instructions." *Chavis*, 296 F.3d at 461 (citing *United States v. Lane*, 474 U.S. 438, 450 n.13 (1986)). Accordingly, the Court may issue a limiting instruction to the jury "with a strict charge to consider [Conley's] guilt or innocence [as to each count] independently." *Lane*, 474 U.S. at 450 n.13. In sum, the Court will deny Conley's motion for severance.

## III.

For the reasons set forth above, and the Court being otherwise sufficiently advised, it is hereby

**ORDERED** that Conley's motion to sever (D.N. 50) is **DENIED**.

December 5, 2023

David J. Hale, Judge
United States District Court