UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

UNITED STATES OF AMERICA,                                                    Plaintiff,

v.                                                         Criminal Action No. 3:23-cr-14-DJH

BRYAN DOUGLAS CONLEY,                                                      Defendant.

\* \* \* \* \*

**MEMORANDUM AND ORDER**

Defendant Bryan Douglas Conley is charged with interstate transportation for prostitution, interstate transportation of a minor with intent to engage in criminal sexual activity, kidnapping by inveigle and decoy, bank fraud, aggravated identity theft, and interstate threats. (Docket No. 4) Conley has filed four motions in limine seeking to exclude certain evidence that the United States may offer at trial. (D.N. 88; D.N. 89; D.N. 91; D.N. 92) The government has also filed a motion in limine. (D.N. 90) For the reasons explained below, the Court will deny the parties' motions.

**I.**

Conley first moves to exclude any psychological or psycho-educational evaluations of Adult Female 1, the alleged victim in Counts 3–15 of the indictment. (D.N. 88) The United States does not plan to introduce the evaluations at trial (D.N. 100), so Conley's motion is moot.

**II.**

In his second motion in limine, Conley moves to exclude text messages that he allegedly sent to his ex-wife and another former partner. (D.N. 89) The United States does not anticipate using these text messages as evidence at trial. (D.N. 101) Accordingly, the Court will also deny Conley's second motion in limine as moot.

1

### III.

Conley next moves "to exclude any evidence related to a purported television theft from a Cave City, Kentucky Econo Lodge in June 2019" (D.N. 91, PageID.786); however, the United States does not plan to introduce such evidence at Conley's trial. (D.N. 102) The Court will thus deny Conley's third motion in limine as moot.

### IV.

Lastly, Conley seeks to suppress the testimony of government witness Erik Vokoun pursuant to Rules 701, 702, and 703 of the Federal Rules of Evidence. (D.N. 92) Conley argues that the government failed to disclose timely Vokoun as an expert witness. (*Id.*) The United States contends that it notified Conley of "Vokoun's expected testimony and all related materials months in advance of trial," in compliance with Federal Rule of Criminal Procedure 16(a)(1)(G) and the Court's pretrial deadlines. (D.N. 103, PageID.878; D.N. 71)

On February 23, 2023, the government noticed Vokoun as a lay witness and stated that it "d[id] not intend to present Fed. R. Evid. 702 expert opinion testimony at the trial of Bryan Conley." (D.N. 92-1, PageID.796) The government's notice included Vokoun's expected testimony (D.N. 92), stating that he would testify about "the extraction contents of the cellular devices belonging to Bryan Conley, [Adult Female 1], and [Adult Female 1's] parents." (D.N. 92-1, PageID.796) The trial was subsequently continued after Conley changed counsel. (D.N. 40) Conley later moved to continue the trial again, requesting additional time to evaluate Vokoun's testimony (D.N. 64), which the Court granted. (D.N. 69) The trial was ultimately reset for December 11, 2023. (D.N. 71) The Court ordered the parties to disclose any expert testimony no later than 10 weeks before trial, and any rebuttal expert testimony no later than 9 weeks before trial. (*Id.*, PageID.594)

On October 2, 2023, Conley provided notice that John R. Mallery would testify as a digital forensics expert (D.N. 74) and filed his expert report, in which he asserted that cell-phone extraction and analysis requires specialized knowledge and training beyond that of a lay witness. (D.N. 74-1)  On October 6, 2023, the government noticed Vokoun as an expert witness and referred Conley to the expected testimony and reports included in its February 23, 2023 notice.  (D.N. 92-2)  The government asserted that Vokoun would not offer opinion testimony and that it only noticed him "as an expert witness out of an abundance of caution."  (D.N. 92-2, PageID.802)  The government's October 6, 2023 notice fell just beyond the October 2, 2023 deadline for disclosing expert testimony for its case in chief.  (*See* D.N. 71, PageID.594)

"Courts should impose 'the least severe remedy available to cure prejudice' where a potential Rule 16 violation has occurred." *United States v. Collins*, 799 F.3d 554, 573 (6th Cir. 2015) (quoting *United States v. Maples*, 60 F.3d 244, 247 (6th Cir. 1995)).  Suppression should be "reserved for cases of incurable prejudice or bad faith conduct demanding punishment by the court."  *Maples*, 60 F.3d at 247.  In determining whether a discovery violation presents a rare instance in which suppression is warranted, courts consider "(1) the reasons for the government's delay in producing the materials, including whether it acted intentionally or in bad faith; (2) the degree of prejudice, if any, to the defendant; and (3) whether the prejudice to the defendant can be cured with a less severe course of action, such as granting a continuance or recess." *United States v. Davis*, 514 F.3d 596, 611 (6th Cir. 2008) (quoting *Maples*, 60 F.3d at 247).  As explained below, the *Maples* factors do not require suppression here.

**A.      Willfulness of the Violation**

The first factor the Court must consider is whether the government willfully violated Rule 16 by delaying disclosure intentionally or in bad faith.  *Maples*, 60 F.3d at 247.  There is no reason

to believe that the government violated Rule 16 or this Court's scheduling order willfully or in bad faith by noticing Vokoun as an expert after the pretrial deadline had passed. Although the prosecution is required to disclose expert testimony that it plans to present in its case-in-chief, Fed. R. Crim. P. 16(a)(1)(G)(i), the government maintains that it intends to call Vokoun as a fact witness rather than an expert witness, but nevertheless designated Vokoun as an expert "out of an abundance of caution." (D.N. 92-2, PageID.802) Without ruling on the merits of this argument, the Court finds that the lack of clarity regarding whether Vokoun is an expert, fact, or a hybrid witness at minimum weighs against finding that the government acted intentionally or in bad faith. In sum, there is no indication that the government acted willfully or in bad faith when it notified defense counsel of its intention to call a Vokoun as an expert nine weeks before trial.

### B.   Prejudice to Defendant

The second *Maples* factor is the degree of prejudice to the defendant from the Rule 16 violation. *Maples*, 60 F.3d at 247. Prejudice from delayed disclosure of expert testimony is unlikely to merit suppressing that testimony where (1) the defendant raised the issue involved and already planned to call their own expert to give an opinion on that issue; (2) the defendant was aware that the issue would likely be raised at trial; and (3) the United States disclosed the underlying evidence and reports well in advance of trial. *See United States v. Ganier*, 468 F.3d 920, 928 (6th Cir. 2006).

As to the first factor, the issue of digital forensics was raised by the government. Conley noticed Mallery as a digital-forensics expert in response to the government's notice of Vokoun. (D.N. 103, PageID.879) Turning to the second factor, the government noticed Vokoun's anticipated testimony in February (D.N. 92-1), so the defense has been well aware that digital forensics would likely be raised at trial. The third *Ganier* factor is also present. *See* 468 F.3d at

928. The United States disclosed Vokoun's report and expected testimony months in advance of trial. (D.N. 92-1; D.N. 71)  And the Court gave the defense additional time to evaluate Vokoun's anticipated testimony. (D.N. 64; D.N. 69)  Moreover, the government's later disclosure of Vokoun as an expert was only four days late. (*See* D.N. 71, PageID. 594)  Finally, and significantly, Vokoun's expected testimony and reports did not change once he was noticed as an expert. (*See* D.N. 92-1; D.N. 92-2)  So even though Vokoun's designation later changed, the defense has known his anticipated testimony since February. (*See id.*)  With no change in his testimony, the defense suffered no prejudice.

In sum, even though the defense did not raise the issue of digital forensics, defense counsel received Vokoun's expected testimony nearly ten months before trial and, as a result, has known that the issue may be raised at trial. (*See* D.N. 92-1; D.N. 92-2; D.N. 71)  The defense therefore had plenty of time to evaluate Vokoun's testimony and prepare a response, especially considering that the Court gave the defense additional time to evaluate Vokoun's reports and testimony. (D.N. 69)  Indeed, the defense had time to retain its own digital-forensics expert.  Thus, Conley demonstrates no prejudice from the slightly delayed expert disclosure of Vokoun.

**C.     Adequacy of Alternative Remedies**

Since the Court concludes that Conley did not suffer any prejudice from the government's disclosure of Vokoun as an expert, the Court need not consider alternative remedies. *See Ganier*, 468 F.3d at 927.  But even if Conley did suffer prejudice, he requests no alternative remedies to suppression. (D.N. 92)  When a Rule 16 motion seeks only suppression, the Court may deny the motion in whole rather than granting lesser remedies that defense counsel ignored. *See Maples*, 60 F.3d at 247 (citing *United States v. Bartle*, 835 F.2d 646 (6th Cir. 1987) (affirming

5

denial of Rule 16 motion where defense moved only to suppress the evidence and did not request a recess or continuance)).  Accordingly, the Court will deny Conley's fourth motion in limine.

V.

On November 13, 2023, the government filed a motion to exclude the testimony of defense expert John Mallery.  (D.N. 90)  At the December 6, 2023 final pretrial conference, defense counsel informed the Court that Mallery will not be called to testify at trial.  Thereafter, counsel for the United States offered to withdraw the motion.  The government's motion is therefore moot.

VI.

For the reasons set forth above, and the Court being otherwise sufficiently advised, it is hereby

**ORDERED** as follows:

(1) Conley's motion in limine to exclude psychological evaluations (D.N. 88) is **DENIED** as moot.

(2) Conley's motion in limine to exclude text messages (D.N. 89) is **DENIED** as moot.

(3) Conley's motion in limine to exclude evidence related to an Econo Lodge theft (D.N. 91) is **DENIED** as moot.

(4) Conley's motion in limine to exclude the testimony of Erik Vokoun (D.N. 92) is **DENIED**.

(5) The government's motion in limine to exclude the testimony of John R. Mallery (D.N. 90) is **DENIED** as moot.

December 6, 2023

David J. Hale, Judge
United States District Court