UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

UNITED STATES OF AMERICA,                                          Plaintiff,

v.                                        Criminal Action No. 3:23-cr-14-DJH

BRYAN DOUGLAS CONLEY,                                          Defendant.

* * * * *

## [DRAFT] JURY INSTRUCTIONS

### INSTRUCTION NO. 1

Members of the jury, now it is time for me to instruct you about the law that you must follow in deciding this case.

I will start by explaining your duties and the general rules that apply in every criminal case.

Then I will explain the elements, or parts, of the crimes that the defendant is accused of committing.

[Then I will explain the defendant's position.]

Then I will explain some rules that you must use in evaluating particular testimony and evidence.

And last, I will explain the rules that you must follow during your deliberations in the jury room, and the possible verdicts that you may return.

Please listen very carefully to everything I say.

**FILED**

James J. Vilt Jr,
Clerk

12/15/2023

U.S. District Court
Western District of Kentucky

**INSTRUCTION NO. 2**

You have two main duties as jurors.  The first one is to decide what the facts are from the evidence that you saw and heard here in court.  Deciding what the facts are is your job, not mine, and nothing that I have said or done during this trial was meant to influence your decision about the facts in any way.

Your second duty is to take the law that I give you, apply it to the facts, and decide if the government has proved the defendant guilty beyond a reasonable doubt.  It is my job to instruct you about the law, and you are bound by the oath that you took at the beginning of the trial to follow the instructions that I give you, even if you personally disagree with them.  This includes the instructions that I gave you before and during the trial, and these instructions.  All the instructions are important, and you should consider them together as a whole.

[The lawyers have talked about the law during their arguments.  But if what they said is different from what I say, you must follow what I say.  What I say about the law controls.]

Perform these duties fairly.  Do not let any bias, sympathy, or prejudice that you may feel toward one side or the other influence your decision in any way.

# INSTRUCTION NO. 3

As you know, the defendant has pleaded not guilty to the crimes charged in the indictment. The indictment is not any evidence at all of guilt. It is just the formal way that the government tells the defendant what crimes he is accused of committing. It does not even raise any suspicion of guilt.

Instead, the defendant starts the trial with a clean slate, with no evidence at all against him, and the law presumes that he is innocent. This presumption of innocence stays with him unless the government presents evidence here in court that overcomes the presumption, and convinces you beyond a reasonable doubt that he is guilty.

This means that the defendant has no obligation to present any evidence at all, or to prove to you in any way that he is innocent. It is up to the government to prove that he is guilty, and this burden stays on the government from start to finish. You must find the defendant not guilty unless the government convinces you beyond a reasonable doubt that he is guilty.

The government must prove every element of the crimes charged beyond a reasonable doubt. Proof beyond a reasonable doubt does not mean proof beyond all possible doubt. Possible doubts or doubts based purely on speculation are not reasonable doubts. A reasonable doubt is a doubt based on reason and common sense. It may arise from the evidence, the lack of evidence, or the nature of the evidence.

Proof beyond a reasonable doubt means proof which is so convincing that you would not hesitate to rely and act on it in making the most important decisions in your own lives. If you are convinced that the government has proved the defendant guilty beyond a reasonable doubt, say so by returning a guilty verdict. If you are not convinced, say so by returning a not-guilty verdict.

## INSTRUCTION NO. 4

You must make your decision based only on the evidence that you saw and heard here in court.  Do not let rumors, suspicions, or anything else that you may have seen or heard outside of court influence your decision in any way.

The evidence in this case includes only what the witnesses said while they were testifying under oath; the exhibits that I allowed into evidence; [the stipulations that the lawyers agreed to]; [and the facts that I have judicially noticed].

Nothing else is evidence.  The lawyers' statements and arguments are not evidence.  Their questions and objections are not evidence.  My legal rulings are not evidence.  And my comments and questions are not evidence.

[During the trial I did not let you hear the answers to some of the questions that the lawyers asked.  I also ruled that you could not see some of the exhibits that the lawyers wanted you to see.  And sometimes I ordered you to disregard things that you saw or heard, or I struck things from the record. You must completely ignore all of these things.  Do not even think about them. Do not speculate about what a witness might have said or what an exhibit might have shown.  These things are not evidence, and you are bound by your oath not to let them influence your decision in any way.]

Make your decision based only on the evidence, as I have defined it here, and nothing else.

**INSTRUCTION NO. 5**

You should use your common sense in weighing the evidence. Consider it in light of your everyday experience with people and events, and give it whatever weight you believe it deserves. If your experience tells you that certain evidence reasonably leads to a conclusion, you are free to reach that conclusion.



**INSTRUCTION NO. 6**

Now, some of you may have heard the terms "direct evidence" and "circumstantial evidence."

Direct evidence is simply evidence like the testimony of an eyewitness which, if you believe it, directly proves a fact. If a witness testified that he saw it raining outside, and you believed him, that would be direct evidence that it was raining.

Circumstantial evidence is simply a chain of circumstances that indirectly proves a fact. If someone walked into the courtroom wearing a raincoat covered with drops of water and carrying a wet umbrella, that would be circumstantial evidence from which you could conclude that it was raining.

It is your job to decide how much weight to give the direct and circumstantial evidence. The law makes no distinction between the weight that you should give to either one, or say that one is any better evidence than the other. You should consider all the evidence, both direct and circumstantial, and give it whatever weight you believe it deserves.

**INSTRUCTION NO. 7**

Another part of your job as jurors is to decide how credible or believable each witness was. This is your job, not mine.  It is up to you to decide if a witness's testimony was believable, and how much weight you think it deserves.  You are free to believe everything that a witness said, or only part of it, or none of it at all.  But you should act reasonably and carefully in making these decisions.

Let me suggest some things for you to consider in evaluating each witness's testimony.

(a)    Ask yourself if the witness was able to clearly see or hear the events. Sometimes even an honest witness may not have been able to see or hear what was happening, and may make a mistake.

(b)    Ask yourself how good the witness's memory seemed to be.  Did the witness seem able to accurately remember what happened?

(c)    Ask yourself if there was anything else that may have interfered with the witness's ability to perceive or remember the events.

(d)    Ask yourself how the witness acted while testifying.  Did the witness appear honest?  Or did the witness appear to be lying?

(e)    Ask yourself if the witness had any relationship to the government or the defendant, or anything to gain or lose from the case, that might influence the witness's testimony.  Ask yourself if the witness had any bias, or prejudice, or reason for testifying that might cause the witness to lie or to slant the testimony in favor of one side or the other.

[(f)    Ask yourself if the witness testified inconsistently while on the witness stand, or if the witness said or did something (or failed to say or do something) at any other time that is inconsistent with what the witness said while testifying.  If you believe that the witness was

inconsistent, ask yourself if this makes the witness's testimony less believable.  Sometimes it may; other times it may not.  Consider whether the inconsistency was about something important, or about some unimportant detail.  Ask yourself if it seemed like an innocent mistake, or if it seemed deliberate.]

(g)      And ask yourself how believable the witness's testimony was in light of all the other evidence.  Was the witness's testimony supported or contradicted by other evidence that you found believable?  If you believe that a witness's testimony was contradicted by other evidence, remember that people sometimes forget things, and that even two honest people who witness the same event may not describe it exactly the same way.

These are only some of the things that you may consider in deciding how believable each witness was.  You may also consider other things that you think shed some light on the witness's believability.  Use your common sense and your everyday experience in dealing with other people.  And then decide what testimony you believe, and how much weight you think it deserves.

**INSTRUCTION NO. __**

One more point about the witnesses. Sometimes jurors wonder if the number of witnesses who testified makes any difference.

Do not make any decisions based only on the number of witnesses who testified. What is more important is how believable the witnesses were, and how much weight you think their testimony deserves. Concentrate on that, not the numbers.

**INSTRUCTION NO. __**

There is one more general subject that I want to talk to you about before I begin explaining the elements of the crimes charged.

The lawyers for both sides objected to some of the things that were said or done during the trial. Do not hold that against either side. The lawyers have a duty to object whenever they think that something is not permitted by the rules of evidence. Those rules are designed to make sure that both sides receive a fair trial.

And do not interpret my rulings on their objections as any indication of how I think the case should be decided. My rulings were based on the rules of evidence, not on how I feel about the case. Remember that your decision must be based only on the evidence that you saw and heard here in court.

**INSTRUCTION NO. __**

That concludes the part of my instructions explaining your duties and the general rules that apply in every criminal case. In a moment, I will explain the elements of the crimes that the defendant is accused of committing.

But before I do that, I want to emphasize that the defendant is only on trial for the particular crimes charged in the indictment. Your job is limited to deciding whether the government has proved the crimes charged.

[Also keep in mind that whether anyone else should be prosecuted and convicted for these crimes is not a proper matter for you to consider. The possible guilt of others is no defense to a criminal charge. Your job is to decide if the government has proved this defendant guilty. Do not let the possible guilt of others influence your decision in any way.]

**INSTRUCTION NO. __**

The defendant has been charged with several crimes. The number of charges is no evidence of guilt, and this should not influence your decision in any way. It is your duty to separately consider the evidence that relates to each charge, and to return a separate verdict for each one. For each charge, you must decide whether the government has presented proof beyond a reasonable doubt that the defendant is guilty of that particular charge.

Unless I instruct you otherwise, your decision on one charge, whether it is guilty or not guilty, should not influence your decision on any of the other charges.

**INSTRUCTION NO. __**

Count 1 of the indictment charges the defendant with transporting a person in interstate commerce for the purpose of prostitution or criminal sexual activity. For you to find the defendant guilty of this crime, you must find that the government has proved each and every one of the following elements beyond a reasonable doubt:

First, that the defendant knowingly transported the person in interstate commerce as alleged in the indictment; and

Second, that the defendant transported the person with the intent that the person would engage in prostitution or criminal sexual activity.

"Prostitution" means knowingly engaging in or offering to engage in a sexual act in exchange for money or other valuable consideration.

"Criminal sexual activity" includes employing, using, persuading, inducing, enticing, or coercing a minor to engage in, or assist another person to engage in, sexually explicit conduct for the purpose of producing a visual depiction of that conduct.

The term "in interstate commerce" means the defendant transported the individual across a state line.

If you are convinced that the government has proved both of these elements, say so by returning a guilty verdict on this charge. If you have a reasonable doubt about either one of these elements, then you must find the defendant not guilty of this charge.

**INSTRUCTION NO. __**

Count 2 of the indictment charges the defendant with knowingly transporting a minor with intent that the minor engage in prostitution or criminal sexual activity. For you to find the defendant guilty of this crime, you must find that the government has proved each and every one of the following elements beyond a reasonable doubt:

First, that the defendant knowingly transported an individual;

Second, that the individual transported was under 18 years of age;

Third, that the defendant intended the individual to engage in prostitution or criminal sexual activity; and

Fourth, that the transportation was in interstate commerce.

Now I will give you more detailed instructions on some of these terms.

"Prostitution" means knowingly engaging in or offering to engage in a sexual act in exchange for money or other valuable consideration.

"Criminal sexual activity" includes employing, using, persuading, inducing, enticing, or coercing a minor to engage in, or assist another person to engage in, sexually explicit conduct for the purpose of producing a visual depiction of that conduct.

The term "in interstate commerce" means the defendant transported the individual across a state line.

The government is not required to prove the defendant knew that the person transported was a minor.

If you are convinced that the government has proved all of these elements, say so by returning a guilty verdict on this charge. If you have a reasonable doubt about any one of these elements, then you must find the defendant not guilty of this charge.

# INSTRUCTION NO. __

Count 3 of the indictment charges the defendant with kidnapping. For you to find the defendant guilty of this crime, you must find that the government has proved each and every one of the following elements beyond a reasonable doubt:

First, the defendant knowingly and willfully kidnapped, seized, confined, inveigled, decoyed, abducted, or carried away the victim;

Second, the defendant kidnapped, seized, confined, inveigled, decoyed, abducted, or carried away the victim with the intent to secure a ransom, reward, or other benefit and held the victim for that reason; and

Third, the victim was willfully transported in interstate commerce while being kidnapped, seized, confined, inveigled, decoyed, abducted, or carried away, or the defendant traveled in or used the mail or any means, facility, or instrumentality of interstate commerce in kidnapping, seizing, confining, inveigling, decoying, abducting, or carrying away the victim or in furtherance of kidnapping the victim.

To "kidnap" a person means to forcibly and unlawfully hold, keep, detain, and confine that person against the person's will. Involuntariness or coercion related to taking and keeping the victim is an essential part of the crime.

To "inveigle" a person means to lure, or entice, or lead the person to do something by making false representations or promises, or using other deceitful means.

The Government doesn't have to prove that the defendant committed the kidnapping for ransom or any kind of personal financial gain. It only has to prove that the defendant intended to gain some benefit from the kidnapping.

"Interstate commerce" means business or travel between one state and another.

If you are convinced that the government has proved all of these elements, say so by returning a guilty verdict on this charge. If you have a reasonable doubt about any one of the elements, then you must find the defendant not guilty of this charge.



**INSTRUCTION NO. __**

Count 4 of the indictment charges the defendant with bank fraud. For you to find the defendant guilty of bank fraud, you must find that the government has proved each and every one of the following elements beyond a reasonable doubt:

First, that the defendant knowingly executed or attempted to execute a scheme to obtain any of the money, funds, or property owned by or under the control of a financial institution by means of false or fraudulent pretenses, representations, or promises;

Second, that the scheme related to a material fact or included a material misrepresentation or concealment of a material fact;

Third, that the defendant had the intent to deceive or cheat someone for the purpose of either causing a financial loss to another or bringing about a financial gain to himself; and

Fourth, that the financial institution was federally insured.

Now I will give you more detailed instructions on some of these terms.

The term "false or fraudulent pretenses, representations, or promises" means any false statements or assertions that concern a material aspect of the matter in question, that were either known to be untrue when made or made with reckless indifference to their truth. They include actual, direct false statements as well as half-truths and the knowing concealment of material facts.

An act is done "knowingly" if it is done voluntarily, and not because of mistake or some other innocent reason.

A misrepresentation or concealment of fact is "material" if it has a natural tendency to influence or is capable of influencing the decision of a person of ordinary prudence and comprehension.

It is not necessary that the government prove that the financial institution suffered a financial loss; that the alleged scheme actually succeeded; or that someone relied upon the misrepresentation.

If you are convinced that the government has proved all of the elements, say so by returning a guilty verdict on this charge. If you have a reasonable doubt about any one of the elements, then you must find the defendant not guilty of this charge.

**Sixth Circuit Pattern Instruction 10.03B**

**INSTRUCTION NO. __**

Count 5 of the indictment charges the defendant with transferring, possessing, or using a means of identification of another person during and in relation to a felony violation listed in the statute.

For you to find the defendant guilty of this crime, you must find that the government has proved each and every one of the following elements beyond a reasonable doubt:

First, that the defendant committed the felony violation of bank fraud charged in Count 4. The violation charged in Count 4 is a felony violation listed in the statute.

Second, that the defendant knowingly transferred, possessed, or used a means of identification of another person without lawful authority.

Third, that the defendant knew the means of identification belonged to another person.

And fourth, that the transfer, possession, or use was during and in relation to the felony of bank fraud charged in Count 4.

Now I will give you more detailed instructions on some of these terms.

The term "means of identification" is defined as any name or number that may be used to identify a specific individual, including any name, social security number, date of birth, official government-issued driver's license or identification number, alien registration number, government passport number, employer or taxpayer identification number; unique biometric data, such as fingerprint, voice print, retina or iris image, or other unique physical representation; unique electronic identification number, address, or routing code; or telecommunication identifying information or access device.

The term "access device" means any credit card; card; plate; code; account number; electronic serial number; mobile identification number; personal identification number;

telecommunications service, equipment, or instrument identifier; or other means of account access used to obtain money or any other thing of value or used to initiate a transfer of funds.

The terms "transfer," "possess," and "use" are defined as follows:

The term "transfer" includes selecting an identification document and placing or directing the placement of such document on an online location where it is available to others.

To establish actual possession, the government must prove that the defendant had direct, physical control over the means of identification, and knew that he had control of it. But understand that just being present where something is located does not equal possession. The government must prove that the defendant had possession of the means of identification, and knew that he did, for you to find him guilty of this crime. This, of course, is all for you to decide.

The term "use" means active employment of the means of identification during and in relation to the crime charged in Count 4. "Active employment" includes activities such as displaying or bartering. "Use" also includes a person's reference to a means of identification in his possession for the purpose of helping to commit the crime charged in Count 4.

An act is done "knowingly" if done voluntarily and intentionally, and not because of mistake or accident or other innocent reason.

The phrase "without lawful authority" does not require that the defendant stole the means of identification information from another person but includes the defendant obtaining that information from another person with that person's permission or consent.

The term "during and in relation to" requires that the means of identification have some purpose or effect with respect to the felony of bank fraud charged in Count 4; in other words, the means of identification must facilitate or further, or have the potential of facilitating or furthering

the felony of bank fraud charged in Count 4, and its presence or involvement cannot be the result of accident or coincidence.

If you are convinced that the government has proved all of these elements, say so by returning a guilty verdict on this charge. If you have a reasonable doubt about any one of these elements, then you must find the defendant not guilty of this charge.

# INSTRUCTION NO. __

Counts 6-15 of the indictment charge the defendant with transmitting a communication containing a threat to kidnap or injure.    For you to find the defendant guilty of this offense, you must find that the government has proved each and every one of the following elements beyond a reasonable doubt:

First, the defendant knowingly transmitted a communication;

Second, the communication contained a threat to kidnap or injure a particular person;

Third, the defendant transmitted the communication for the purpose of making a threat or knowing the communication would be viewed as a threat; and

Fourth, the communication was transmitted in interstate commerce.

Now I will give you more detailed instructions on some of these terms.

The word "threat" means a statement that is a serious expression of intent to inflict bodily harm on a particular person that a reasonable observer would perceive to be an authentic threat.

To transmit something in interstate commerce merely means to send it from a place in one state to a place in another state.  The government need not prove that the defendant knew that the communication would be transmitted across state lines.

The government need not prove that the defendant intended to carry out the threat or was capable of carrying out the threat at the time it was made.  The government need not prove that the defendant made the targeted individual feel threatened or that the targeted individual knew about the threat against her.

If you are convinced that the government has proved all of these elements, say so by returning a guilty verdict on the count you are considering.  If you have a reasonable doubt about

any one of these elements, then you must find the defendant not guilty of the count you are considering.



**INSTRUCTION NO. __**

Next, I want to say a word about the dates mentioned in the indictment.

The indictment charges that the crimes happened "on or about" certain dates. The government does not have to prove that the crimes happened on those exact dates. But the government must prove that the crimes happened reasonably close to those dates.

**INSTRUCTION NO. __**

Next, I want to explain something about proving a defendant's state of mind.

Ordinarily, there is no way that a defendant's state of mind can be proved directly, because no one can read another person's mind and tell what that person is thinking.

But a defendant's state of mind can be proved indirectly from the surrounding circumstances. This includes things like what the defendant said, what the defendant did, how the defendant acted, and any other facts or circumstances in evidence that show what was in the defendant's mind.

You may also consider the natural and probable results of any acts that the defendant knowingly did [or did not do], and whether it is reasonable to conclude that the defendant intended those results. This, of course, is all for you to decide.

**INSTRUCTION NO. __**

Although the indictment charges that a statute was violated by acts that are connected by the word "and," it is sufficient if the evidence establishes a violation of the statute by any one of the acts charged. Of course, this must be proved beyond a reasonable doubt.



**INSTRUCTION NO. __**

That concludes the part of my instructions explaining the elements of the crimes <mark>[and the defendant's position]</mark>.  Next, I will explain some rules that you must use in considering some of the testimony and evidence.



**INSTRUCTION NO. \_\_**

A defendant has an absolute right not to testify [or present evidence]. The fact that he did not testify [or present any evidence] cannot be considered by you in any way. Do not even discuss it in your deliberations.

Remember that it is up to the government to prove the defendant guilty beyond a reasonable doubt. It is not up to the defendant to prove that he is innocent.

\*\*\*

You have heard the defendant testify. Earlier, I talked to you about the "credibility" or the "believability" of the witnesses. And I suggested some things for you to consider in evaluating each witness's testimony.

You should consider those same things in evaluating the defendant's testimony.

## INSTRUCTION NO. __

The defendant's voluntary absence from the courtroom from time to time during the trial is unrelated to his guilt or innocence. His absence is not evidence in the case and should not be considered by you as you decide whether he has been proved guilty of the crimes charged.



## INSTRUCTION NO. __

You have heard the testimony of _____, who testified to both facts and opinions. Each of these types of testimony should be given the proper weight.

As to the testimony on facts, consider the factors discussed earlier in these instructions for weighing the credibility of witnesses.

As to the testimony on opinions, you do not have to accept _____'s opinion. In deciding how much weight to give it, you should consider the witness's qualifications and how he reached his conclusions along with the other factors discussed in these instructions for weighing the credibility of witnesses.

Remember that you alone decide how much of a witness's testimony to believe, and how much weight it deserves.

**INSTRUCTION NO. __**

You have heard the testimony of Ryan Bass. You have also heard that the government has promised him that he will not be prosecuted in exchange for his cooperation.

It is permissible for the government to make such a promise. But you should consider Ryan Bass's testimony with more caution than the testimony of other witnesses. Consider whether his testimony may have been influenced by the government's promise.

Do not convict the defendant based on the unsupported testimony of such a witness, standing alone, unless you believe his testimony beyond a reasonable doubt.

**INSTRUCTION NO. __**

You have heard testimony that after the crime was supposed to have been committed, the defendant _____.

If you believe that the defendant _____, then you may consider this conduct, along with all the other evidence, in deciding whether the government has proved beyond a reasonable doubt that he committed the crime charged.  This conduct may indicate that he thought he was guilty and was trying to avoid punishment.  On the other hand, sometimes an innocent person may _____ for some other reason.  The defendant has no obligation to prove that he had an innocent reason for his conduct.

**INSTRUCTION NO. __**

You have heard testimony that the defendant committed [crimes, acts, wrongs] other than the ones charged in the indictment.  If you find the defendant did those [crimes, acts, wrongs], you can consider the evidence only as it relates to the government's claim on the defendant's [intent] [motive] [opportunity] [preparation] [plan] [knowledge] [identity] [absence of mistake] [absence of accident].  You must not consider it for any other purpose.

Remember that the defendant is on trial here only for the crimes charged in the indictment, not for the other acts.  Do not return a guilty verdict unless the government proves the crimes charged in the indictment beyond a reasonable doubt.

**INSTRUCTION NO. __**

You have heard some recorded conversations that were received in evidence, and you were given some written transcripts of the recordings.

Keep in mind that the transcripts are not evidence. They were given to you only as a guide to help you follow what was being said. The recordings themselves are the evidence. If you noticed any differences between what you heard on the recordings and what you read in the transcripts, you must rely on what you heard, not what you read. And if you could not hear or understand certain parts of the recordings, you must ignore the transcripts as far as those parts are concerned.

**INSTRUCTION NO. __**

In conjunction with the recordings that you heard, you are instructed that you are not to consider the agents' statements in those recordings for their truthfulness. Assertions of law enforcement officers during an interrogation are not evidence. The agents' statements have been admitted to assist you in understanding the recorded statements of the defendant. The agents' statements and remarks in the recordings have been admitted for the limited purpose of assisting you in placing the defendant's statements in context.

**INSTRUCTION NO. __**

*\*\*\*To be given after instruction on element to which stipulation pertains\*\*\**

The government and the defendant have agreed, or stipulated, to certain facts.  Therefore, you must accept the following stipulated facts as proved: [*insert facts stipulated*].



# INSTRUCTION NO. __

That concludes the part of my instructions explaining the rules for considering some of the testimony and evidence. Now let me finish up by explaining some things about your deliberations in the jury room, and your possible verdicts.

The first thing that you should do in the jury room is choose someone to be your foreperson. This person will help to guide your discussions, and will speak for you here in court.

Once you start deliberating, do not talk to the jury officer, or to me, or to anyone else except each other about the case. If you have any questions or messages, you must write them down on a piece of paper, sign them, and then give them to the jury officer. The officer will give them to me, and I will respond as soon as I can. I may have to talk to the lawyers about what you have asked, so it may take me some time to get back to you. Any questions or messages normally should be sent to me through your foreperson.

If you want to see any of the exhibits that were admitted in evidence, you may send me a message, and those exhibits will be provided to you.

One more thing about messages. Do not ever write down or tell anyone, including me, how you stand on your votes. For example, do not write down or tell anyone that you are split 6-6, or 8-4, or whatever your vote happens to be. That should stay secret until you are finished.

**INSTRUCTION NO. __**

Remember that you must make your decision based only on the evidence that you saw and heard here in court.

During your deliberations, you must not communicate with or provide any information to anyone by any means about this case. You may not use any electronic device or media, such as a telephone, cell phone, smart phone, iPhone, or computer, the Internet, any Internet service, or any text or instant messaging service, any Internet chat room, blog, or website such as Facebook, Instagram, Snapchat, TikTok, WhatsApp, LinkedIn, YouTube, or Twitter (or X), to communicate to anyone any information about this case or to conduct any research about this case until I accept your verdict. In other words, you cannot talk to anyone on the phone, correspond with anyone, or electronically communicate with anyone about this case. You can only discuss the case in the jury room with your fellow jurors during deliberations. I expect you will inform me immediately if you become aware of another juror's violation of these instructions.

You may not use these electronic means to investigate or communicate about the case because it is important that you decide this case based solely on the evidence presented in this courtroom. Information on the Internet or available through social media might be wrong, incomplete, or inaccurate. You are only permitted to discuss the case with your fellow jurors during deliberations because they have seen and heard the same evidence you have. In our judicial system, it is important that you are not influenced by anything or anyone outside of this courtroom. Otherwise, your decision may be based on information known only by you and not your fellow jurors or the parties in the case. This would unfairly and adversely impact the judicial process. A juror who violates these restrictions jeopardizes the fairness of these proceedings, and a mistrial could result, which would require the entire trial process to start over.

**INSTRUCTION NO. __**

Your verdict, whether it is guilty or not guilty, must be unanimous as to each count.

To find the defendant guilty of a particular count, every one of you must agree that the government has overcome the presumption of innocence with evidence that proves his guilt beyond a reasonable doubt.

To find him not guilty of a particular count, every one of you must agree that the government has failed to convince you beyond a reasonable doubt.

Either way, guilty or not guilty, your verdict must be unanimous as to each count.

## INSTRUCTION NO. __

Now that all the evidence is in and the arguments are completed, you are free to talk about the case in the jury room. In fact, it is your duty to talk with each other about the evidence, and to make every reasonable effort you can to reach unanimous agreement. Talk with each other, listen carefully and respectfully to each other's views, and keep an open mind as you listen to what your fellow jurors have to say. Try your best to work out your differences. Do not hesitate to change your mind if you are convinced that other jurors are right and that your original position was wrong.

But do not ever change your mind just because other jurors see things differently, or just to get the case over with. In the end, your vote must be exactly that—your own vote. It is important for you to reach unanimous agreement, but only if you can do so honestly and in good conscience.

No one will be allowed to hear your discussions in the jury room, and no record will be made of what you say. So you should all feel free to speak your minds.

Listen carefully to what the other jurors have to say, and then decide for yourself if the government has proved the defendant guilty beyond a reasonable doubt.

**INSTRUCTION NO. __**

If you decide that the government has proved the defendant guilty, then it will be my job to decide what the appropriate punishment should be.

Deciding what the punishment should be is my job, not yours. It would violate your oaths as jurors to even consider the possible punishment in deciding your verdict.

Your job is to look at the evidence and decide if the government has proved the defendant guilty beyond a reasonable doubt.

**INSTRUCTION NO. __**

I have prepared a verdict form that you should use to record your verdict. It is the last page of these instructions.

If you decide that the government has proved the charge against the defendant beyond a reasonable doubt, say so by having your foreperson mark the appropriate place on the form. If you decide that the government has not proved the charge against him beyond a reasonable doubt, say so by having your foreperson mark the appropriate place on the form. Your foreperson should then sign the form, put the date on it, and return it to me.

## INSTRUCTION NO. __

Remember that the defendant is only on trial for the particular crimes charged in the indictment.  Your job is limited to deciding whether the government has proved the crimes charged.

[Also remember that whether anyone else should be prosecuted and convicted for these crimes is not a proper matter for you to consider.  The possible guilt of others is no defense to a criminal charge.  Your job is to decide if the government has proved this defendant guilty.  Do not let the possible guilt of others influence your decision in any way.]

**INSTRUCTION NO. __**

Let me finish up by repeating something that I said to you earlier. Nothing that I have said or done during this trial was meant to influence your decision in any way. You decide for yourselves if the government has proved the defendant guilty beyond a reasonable doubt.



**INSTRUCTION NO. __**

Remember that if you elected to take notes during the trial, your notes should be used only as memory aids.  You should not give your notes greater weight than your independent recollection of the evidence.  You should rely upon your own independent recollection of the evidence or lack of evidence, and you should not be unduly influenced by the notes of other jurors.  Notes are not entitled to any more weight than the memory or impression of each juror.

Whether you took notes or not, each of you must form and express your own opinion as to the facts of the case.

UNITED STATES OF AMERICA,                                          Plaintiff,

v.                                          Criminal Action No. 3:23-cr-14-DJH

BRYAN DOUGLAS CONLEY,                                          Defendant.

\* \* \* \* \*

## **VERDICT FORM**

We, the jury, find the defendant,

As to Count 1:

GUILTY_____                    NOT GUILTY\_\_\_\_\_

As to Count 2:

GUILTY_____                    NOT GUILTY\_\_\_\_\_

As to Count 3:

GUILTY_____                    NOT GUILTY\_\_\_\_\_

As to Count 4:

GUILTY_____                    NOT GUILTY\_\_\_\_\_

As to Count 5:

GUILTY_____                    NOT GUILTY\_\_\_\_\_

As to Count 6:

GUILTY_____                    NOT GUILTY\_\_\_\_\_

As to Count 7:

GUILTY_____                    NOT GUILTY\_\_\_\_\_

As to Count 8:

      GUILTY_____                   NOT GUILTY\_\_\_\_\_

As to Count 9:

      GUILTY_____                   NOT GUILTY\_\_\_\_\_

As to Count 10:

      GUILTY_____                   NOT GUILTY\_\_\_\_\_

As to Count 11:

      GUILTY_____                   NOT GUILTY\_\_\_\_\_

As to Count 12:

      GUILTY_____                   NOT GUILTY\_\_\_\_\_

As to Count 13:

      GUILTY_____                   NOT GUILTY\_\_\_\_\_

As to Count 14:

      GUILTY_____                   NOT GUILTY\_\_\_\_\_

As to Count 15:

      GUILTY_____                   NOT GUILTY\_\_\_\_\_