# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF KENTUCKY
# LOUISVILLE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 3:23-cr-14-DJH |
| | ) |
| BRYAN DOUGLAS CONLEY, | ) |
| | ) |
| Defendant. | ) |

## MOTION TO WITHDRAW AS APPOINTED COUNSEL AND TO ALLOW THE DEFENDANT ADDITIONAL TIME TO FILE A MOTION FOR A NEW TRIAL PURSUANT TO RULE 33(b)(2)

*Electronically Filed*

Comes the Defendant, BRYAN DOUGLAS CONLEY, by counsel, and moves this Court to allow undersigned counsel to withdraw as his appointed counsel under the Criminal Justice Act, and in conjunction with this motion, to allow Mr. Conley additional time in which to file a Motion for a New Trial in the above-styled case. As grounds, the undersigned states the following.

Following hearings relating to the representation of Mr. Conley by the undersigned in October and November of 2023, the Court ordered the undersigned to continue his representation of Defendant Conley as appointed counsel [DN 81 and 107, sealed]. The Court made its decision by considering the proper factors in a pretrial motion to withdraw: (1) the timeliness of the motions; (2) the adequacy of the Court's inquiry into the matter; (3) the extent of the conflict between the lawyer and the client and whether it was to the point of preventing an adequate defense; and (4) balancing these factors with the public's interest in the prompt and efficient administration of justice. *United States v. Mack*, 258 F.3d 548, 556 (6th Cir. 2001), *citing inter alia United States v.*

*Williams,* 176 F.3d 301, 314 (6th Cir. 1999).

The trial record will reflect that on two separate occasions during breaks in the proceedings the Defendant threatened to physically harm the undersigned: once in the Courtroom, and again in the location where the Defendant viewed the trial. These threats (which never materialized) followed conversations between the Defendant and his lawyer about the admissibility of certain evidence and the manner of cross-examining a certain witness.

On December 15, 2023, at the conclusion of a jury trial, the Defendant was found guilty of all the Counts in the Indictment, which included Interstate Transportation for Prostitution or Other Criminal Purposes; Transportation of a Minor; Kidnapping by Inveigle and Decoy; Bank Fraud; Aggravated Identity Theft; and 10 counts of Interstate Threats [DN 4; 127].

The Defendant's Sentencing Hearing is now scheduled for March 11, 2024. The undersigned thus believes that this Motion is timely. *Cf. United States v. Wells*, 55 F.4th 1086, 1091-92 (6th Cir. 2022) (defendant waited until two months after plea to ask for new counsel); *United States v. Chapman,* 796 F. App'x 873, 874 (6th Cir. 2019) *(citing Mack,* 258 F.3d at 556 (6th Cir. 2001)).

The undersigned submits that the Defendant's persistent complaints about his representation prior to and during the trial prevent him from representing Mr. Conley in the future, inclusive of the Sentencing Hearing. Additionally, the Defendant's allegations of ineffective representation may be among the grounds that he wants to assert in a Motion for a New Trial pursuant to Rule 33(b)(2).

Mr. Conley's statements and actions indicate that he does not trust his current lawyer. Although it is fair to speculate that Mr. Conley will never be satisfied with whomever he is appointed from the CJA panel, it is axiomatic that undersigned counsel cannot advance ineffective

assistance of trial counsel claims on behalf of Mr. Conley against himself. *See generally United States v. Munoz*, 605 F. 3d 359 (6th Cir. 2010), in which post-verdict substitute counsel asserted constitutionally ineffective assistance of counsel claims against trial counsel in a Rule 33 motion for a new trial.

Wherefore, this Court is requested to permit the undersigned to withdraw as counsel of record for Mr. Conley. In conjunction with this change of CJA counsel, the Defendant should be allowed an extension of time in which to file any Motion for a New Trial.

Respectfully submitted,

/s/ LARRY D. SIMON
Attorney for Bryan Douglas Conley
American Life Building
471 West Street – Suite 200
Louisville, KY 40202
(502) 589-4566
larrysimonlawoffice@gmail.com

CERTIFICATE OF SERVICE

I certify a copy of the foregoing was filed electronically on December 21, 2023. Notice of this filing will be sent to all registered parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

/s/ LARRY D. SIMON