UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

UNITED STATES OF AMERICA, Plaintiff,

v. Criminal Action No. 3:23-cr-14-DJH

BRYAN DOUGLAS CONLEY, Defendant.

\* \* \* \* \*

## ORDER

Defendant Bryan Douglas Conley, through counsel, moves for an additional extension of time to file a motion for a new trial. (Docket No. 135; *see* D.N. 130) As grounds for the motion, defense counsel cites his recent appearance in this matter as successor to Conley's trial counsel and his need for time "to review the voluminous docket," including trial transcripts. (D.N. 135, PageID.1110) The United States does not oppose the requested extension. (*Id.*, PageID.1111)

Typically, "a party seeking a new trial for 'any reason other than newly discovered evidence' must file a motion within fourteen days of a guilty verdict." *United States v. Maricle*, No. CRIM.A. 6:09-16-S, 2010 WL 3927570, at \*2 (E.D. Ky. Oct. 4, 2010) (quoting Fed. R. Crim. P. 33(b)(2)). But "[w]hen an act must or may be done within a specified period, the court on its own may extend the time, or for good cause may do so on a party's motion made . . . before the originally prescribed or previously extended time expires." Fed. R. Crim. P. 45(b)(1)(B). In light of the defendant's post-trial change in counsel, the Court finds good cause for an additional extension of time. Accordingly, and the Court being otherwise sufficiently advised, it is hereby

1

**ORDERED** as follows:

(1) Conley's motion for extension of time (D.N. 135) is **GRANTED**. Any motion for new trial shall be filed on or before **May 6, 2024.** The government shall respond within **thirty (30) days** thereafter. Conley may file a reply within **ten (10) days** of the government's response.

(2) The Court Reporter **SHALL FILE** the official trial transcripts on or before **March 6, 2024**.

(3) In light of the foregoing schedule, on the Court's own motion, the sentencing in this matter, currently set for March 11, 2024, is **REMANDED** and **RESCHEDULED** for **August 7, 2024, at 9:30 a.m.** at the U.S. Courthouse in Louisville, Kentucky.

(4) The Presentence Investigation Report has been disclosed. (D.N. 136) Within sixty (60) days of entry of this Order, counsel shall communicate, in writing, to the Probation Office and to opposing counsel any objections they may have as to any material information, sentencing classifications, sentencing guideline ranges, and policy statements contained in or omitted from the Report. This modified time period is based upon a finding of good cause, given the continuance of the sentencing hearing in paragraph (3) above.

(5) After receiving counsel's objections, the Probation Officer shall conduct any further investigation and make any revisions to the Presentence Report that may be necessary. The Probation Officer may require counsel for both parties to meet with the officer to discuss unresolved factual and legal issues.

(6) Prior to the date of the sentencing hearing, the Probation Officer shall submit the Presentence Report to the sentencing Judge. The Report shall be accompanied by the written objections of counsel, and by an addendum setting forth any objections counsel may have made

that have not been resolved, together with the officer's comments thereon. The Probation Officer shall provide a copy of any addendum to the Presentence Investigation Report, including any revisions thereof, to the defendant and to counsel for the defendant and the United States.

(7) **Not less than twenty (20) days prior to the sentencing hearing, the parties shall communicate with each other to discuss the scope of the sentencing hearing and make certain disclosures. Each party shall disclose to the other if it intends to argue for a non-guideline sentence. The parties shall disclose whether they intend to call witnesses at the hearing and if so, the nature of the testimony shall be revealed. The parties shall disclose the identity of any expert witness and exchange a written summary of the witness's opinions, the bases and reasons for the opinions, and the witness's qualifications.**

**For any sentencing in which testimony is expected, the parties shall estimate the length of time required for the sentencing hearing and communicate same to Natalie Thompson, Case Manager for Judge Hale.**

**It is the Court's policy that all letters of support be filed in the public record. Accordingly, any letters of support that the parties intend to present for the Court's consideration at sentencing shall have personal identifiers (e.g., home addresses, social security numbers, or financial account numbers) redacted.**

(8) **Not less than ten (10) days prior to the sentencing hearing, the parties shall file a Sentencing Memorandum in support of their respective positions on any unresolved objections to the Presentence Investigation Report, including any objections to the calculation of the advisory sentencing guidelines contained therein. Furthermore, in the event a non-guideline sentence is advocated, the Sentencing Memorandum shall address the factors of 18 U.S.C. § 3553(a).**

(9) Except with regard to any objection made under Paragraph 3 that has not been resolved, the Report of the Presentence Investigation may be accepted by the Court as accurate. The Court, however, for good cause shown, may allow new objections to be raised at any time before the imposition of sentence. In resolving disputed issues of fact, the Court may consider any reliable information presented by the Probation Officer, the defendant or the United States.

(10) The time set forth in this Order may be modified by the Court for good cause shown, except that the ten (10) day period provided for disclosure of the Presentence Report pursuant to 18 U.S.C. § 3552(d) may be diminished only with the consent of the defendant.

(11) Nothing in this Order requires the disclosure of any portions of the Presentence Report that are not disclosable under Criminal Rule 32(c).

(12) The Presentence Report shall be deemed to have been disclosed:

    a. When the Report is physically delivered to counsel;

    b. One day after the Report's availability is orally communicated to counsel; or

    c. Three (3) days after notice of its availability is mailed to counsel, or the date of availability reflected in the notice, whichever is later.

(13) It shall be the responsibility of counsel for the defendant to disclose the Report to the defendant.

5

(14) The general conditions of probation as set forth in Probation Form 7A shall apply to the defendant if placed on probation or supervised release, and all persons placed on probation or supervised release shall submit to photographs by the Probation Officer as a condition of probation or supervised release.

February 8, 2024

David J. Hale, Judge
United States District Court