UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | Plaintiff, |
| v. | Criminal Action No. 3:23-cr-14-DJH |
| BRYAN DOUGLAS CONLEY, | Defendant. |

\* \* \* \* \*

## **MEMORANDUM OPINION AND ORDER**

On December 15, 2023, a jury convicted Defendant Bryan Douglas Conley of transporting an individual interstate for criminal sexual activity (Count 1), transporting a minor interstate for criminal sexual activity (Count 2), kidnapping by inveigle and decoy (Count 3), bank fraud (Count 4), aggravated identity theft (Count 5), and interstate threats (Counts 6–15). (Docket No. 4; D.N. 127) Conley has filed a combined motion for partial judgment of acquittal and a new trial pursuant to Federal Rules of Criminal Procedure 29 and 33, respectively. (D.N. 146) Conley seeks a partial judgment of acquittal as to Count 1 and/or 2, arguing that those charges are multiplicitous and that Count 2 was added vindictively. (*Id.*) On the remaining counts, Conley seeks a new trial, arguing that Counts 1 and 2 were improperly joined with Counts 3-15, that the United States made improper statements in its closing arguments, that the Court erred by admitting flight evidence, and that the cumulative effect of the aforementioned errors deprived Conley of a fair trial. (*Id.*) The United States filed a response conceding that Counts 1 and 2 are multiplicitous but opposing Conley's motion otherwise. (D.N. 149) In light of the government's concession, the Court will vacate Count 1 but will deny Conley's motion for the reasons explained below.

I.

A.    **Motion for Partial Judgment of Acquittal**

Conley first argues—and the government concedes—that Counts 1 and 2 are multiplicitous. (D.N. 146, PageID.1898–99; *see* D.N. 149, PageID.1959) "'Multiplicity' is charging a single offense in more than one count in an indictment." *United States v. Swafford*, 512 F.3d 833, 843 (6th Cir. 2008) (internal quotation marks omitted) (quoting *United States v. Lemons*, 941 F.2d 309, 317 (5th Cir. 1991)). "Multiplicity may result in a defendant being punished twice for the same crime," *id.* (citing *United States v. Brandon*, 17 F.3d 409 (1st Cir. 1994)), in violation of the Fifth Amendment's Double Jeopardy Clause. *United States v. Graham*, 275 F.3d 490, 519 (6th Cir. 2001). "To determine whether two offenses violate double jeopardy, [the Sixth Circuit] ask[s] whether each offense requires proof of a fact that the other does not." *Lemoine v. United States*, 819 F. App'x 358, 363 (6th Cir. 2020) (citing *Rutledge v. United States*, 517 U.S. 292, 297 (1996)). "A common shorthand for this standard is whether one offense is a lesser-included offense of the other." *Id.* (internal quotation marks omitted) (quoting *United States v. Hutchinson*, 448 F. App'x 599, 602 (6th Cir. 2012)). Whether an offense is a lesser-included offense depends on the facts of the case. *Id.*

Count 1 charges Conley with the transportation of a person for criminal sexual activity, in violation of 18 U.S.C. § 2421(a), and Count 2 charges the transportation of a minor for criminal sexual activity, in violation of 18 U.S.C. § 2423(a). (D.N. 4) Counts 1 and 2 arise from the same conduct with the same victim. (*Id.*, PageID.45–49) The two counts do not "each . . . require[] proof of a fact that the other does not." *Lemoine*, 819 F. App'x at 363; *see United States v. York*, 92-3800/3801, 1993 U.S. App. LEXIS 26652, at *9–10 (6th Cir. Oct. 8, 1993) (finding that previous versions of §§ 2421 and 2423 fail the double-jeopardy test). Specifically, § 2423(a)

requires that the person being transported is under the age of eighteen, but § 2421(a) applies to the transport of "any individual," regardless of age. Count 1 is therefore a lesser-included offense of Count 2. *See Lemoine*, 819 F. App'x at 363. Thus, as the parties agree, Conley's convictions on Counts 1 and 2 violate the Double Jeopardy Clause.

Although the parties agree that Counts 1 and 2 are multiplicitous, they disagree on the remedy. The United States argues the Count should vacate Count 1 because "[t]he proper remedy is to vacate the conviction of the lesser crime." (D.N. 149, PageID.1960) But Conley, citing *United States v. Ehle*, 640 F.3d 689, 699 (6th Cir. 2011), argues that the Court has discretion to choose which count to vacate. (D.N. 151, PageID.198) In *Ehle*, the defendant pleaded guilty to one count of receiving child pornography and one count of possessing the same child pornography, and he was sentenced for both offenses. 640 F.3d at 691–92. The Sixth Circuit determined that the dual convictions violated the Double Jeopardy Clause and held that "[t]he only constitutionally sufficient remedy in th[e] case [wa]s to remand to the district court for it to vacate one of the two convictions *in its discretion*." *Id.* at 699. (emphasis added) (quoting *Ball v. United States*, 470 U.S. 856, 864–65 (1985); *United States v. Miller*, 527 F.3d 54, 74 (3d Cir. 2008); *Sellers v. Morris*, 840 F.2d 352, 355 (6th Cir. 1988)).

Conley contends that the Court should exercise its purported discretion to vacate Count 2 "because [Count 2] was improperly added to the indictment as an act of prosecutorial vindictiveness." (D.N. 151, PageID.1981) Conley was originally charged in 2019, but that case was dismissed after the Court granted Conley's motion to dismiss under the Speedy Trial Act. *United States v. Conley*, No. 3:19-CR-19-DJH (W.D. Ky. Feb. 1, 2019), ECF No. 172. The government subsequently re-indicted Conley, adding Count 2 to the new indictment. According to Conley, the government added Count 2 in retaliation for his successful motion to dismiss the

3

original indictment. (D.N. 146, PageID.1900–03) The Court has already ruled that the addition of Count 2 was not vindictive, however, and Conley offers no new arguments or reason for the Court to reconsider its prior ruling. (*Compare* D.N. 19 *and* D.N. 42 *with* D.N. 146, PageID.1900–1903 *and* D.N. 151, PageID.1980–84) Nor does Conley offer any other reason or authority demonstrating that the Court should vacate Count 2 instead of Count 1, and the Court is aware of none.

Moreover, the weight of authority supports the government's contention that Count 1 should be vacated. In *United States v. DeCarlo*, the defendant appealed his conviction and sentence for one count of traveling with intent to engage in a sexual act with a child younger than twelve years old and one count of traveling with intent to engage in a sexual act with a person under eighteen. 434 F.3d 447, 449 (6th Cir. 2006). After determining that the latter count was a lesser-included offense of the former, the Sixth Circuit found that conviction on both charges violated the Double Jeopardy Clause. *Id.* at 456. The court held "that the Double Jeopardy Clause requires that [the defendant's] conviction of the lesser crime be vacated." *Id.* at 457.

Several Sixth Circuit decisions post-*Ehle* have reaffirmed *DeCarlo*'s holding. *See, e.g.*, *Hutchinson*, 448 F. App'x at 604 (citing *DeCarlo*, 434 F.3d at 457) ("Where convictions violate the Double Jeopardy Clause, the conviction for the lesser-included offense should be vacated."); *United States v. Gerick*, 568 F. App'x 405, 408 (6th Cir. 2014) (citing *Hutchinson*, 448 F. App'x at 604) ("It is well established that, when convictions violate the Double Jeopardy Clause, the Court must vacate the conviction for the lesser-included offense."); *United States v. Mazel*, 603 F. App'x 379, 383 (6th Cir. 2015) (citing *DeCarlo*, 434 F.3d at 457) ("[W]e must vacate Mazel's conviction for possession of child pornography because it is the lesser-included offense."); *United States v. Jones*, 817 F. App'x 138, 141 (6th Cir. 2020) (finding "no room for discretion" and

vacating the lesser-included offense). *But see Lemoine*, 819 F. App'x at 365 (finding that "'the only constitutionally sufficient remedy' [wa]s for the district court to exercise its discretion by vacating one of [the defendant's] convictions" (quoting *Ehle*, 640 F.3d at 699)). In short, a review of the case law indicates that vacating the lesser-included offense is the proper remedy for the double-jeopardy violation that has occurred here. *See United States v. Austin*, 321 F. Supp. 3d 820, 829 (M.D. Tenn. 2018) (finding that "the overwhelming weight of authority confirmed that lesser included offenses should be vacated in favor of the greater offense in . . . cases" where "dual convictions violate the Double Jeopardy Clause"). But regardless of whether the Court is required to vacate the lesser-included offense or has discretion to choose, the result will be the same.

The Sixth Circuit has explained that "[i]t would be an unjust windfall 'to give a defendant a shorter sentence than he would have received had the government not also charged him with the less serious offense.'" *Jones*, 817 F. App'x at 141 (quoting *United States v. Peel*, 595 F.3d 763, 768 (7th Cir. 2010)); *see also United States v. Brown*, 701 F.3d 120, 128 (4th Cir. 2012) ("[A] long line of authorities direct[s] vacation of the conviction that carries the more lenient penalty when a defendant is convicted of both a greater and a lesser-included offense." (collecting cases)). "That is even clearer when the less serious offense is also the lesser included one," as is the case here. *Jones*, 817 F. App'x at 141. Count 1 carries a mandatory *maximum* sentence of ten years, *see* 18 U.S.C. § 2421(a), whereas Count 2 carries a ten-year mandatory *minimum* sentence. *See id.* § 2423(a). Vacating Count 2 would therefore give Conley "an unjust windfall." *Jones*, 817 F. App'x at 141. Consistent with Sixth Circuit authority, the Court will vacate Count 1 to remedy Conley's multiplicitous convictions on Counts 1 and 2.

### B.     Motion for a New Trial

Conley moves for a new trial on the non-multiplicitous counts. (D.N. 146) Under Rule 33(a) of the Federal Rules of Criminal Procedure, "[u]pon the defendant's motion, the court may vacate any judgment and grant a new trial if the interest of justice so requires." "The 'interest of justice' standard allows a district court to grant a new trial 'where substantial legal error has occurred,' including any reversible error and errors that jeopardized the substantial rights of the defendant." *United States v. Jackson*, No. 19-cr-20425, 2023 U.S. Dist. LEXIS 118826, at *2 (E.D. Mich. July 11, 2023) (quoting *United States v. Munoz*, 605 F.3d 359, 373 (6th Cir. 2010)). "Motions for a new trial are not favored and are granted only with great caution." *United States v. Fritts*, 557 F. App'x 476, 479 (6th Cir. 2014) (internal quotation marks omitted) (quoting *United States v. Garner*, 529 F.2d 962, 969 (6th Cir. 1976)). The defendant "bears the burden of proving that a new trial should be granted." *Id.* (internal quotation marks omitted) (quoting *United States v. Davis*, 15 F.3d 526, 531 (6th Cir. 1994)).

#### 1.     Misjoinder

Conley asserts that "[e]ven if the Court finds that Counts 1 and 2 are not multiplicitous, it was still error for Conley to be tried on Counts 1-2 and Counts 3-15 at the same trial." (D.N. 146, PageID.1904) But the Court has already determined that neither Rule 8(a) nor Rule 14 required severance of Counts 1 and 2 from Counts 3-15. (D.N. 106) Conley has not made any new arguments in support of severance, so the Court need not reconsider its prior ruling. (*Compare* D.N. 50 *with* D.N. 146, PageID.1904–07 *and* D.N. 151, PageID.1984–87)

#### 2.     Prosecutorial Misconduct

Next, Conley contends that "it was improper for the government to argue in rebuttal that Conley's counsel was 'victim blaming' because this argument unfairly undermined Conley's valid

arguments that R.W. was—at the least—a co-conspirator in the ransom scheme." (D.N. 146, PageID.1907)  At trial, the government presented evidence that Conley kidnapped R.W. and sent ransom demands to her parents.  (D.N. 139, PageID.1395, 1407)  During closing arguments, the United States argued on rebuttal that

> I can't help but see what – some of those questions on cross examination of these ladies. "You could have.  You could have done that, or you could have gone home." We saw it again when [defense counsel] talked about [RW] could have been sending these messages.  That's victim blaming.  All right?  We are not here today, you are not here, we did not spend this week, we did not spend the years investigating this case because of what these women did.  We're here because of this man and what he chose to do, only him.[1]

(D.N. 141, PageID.1879-80)  The United States contends that its comments "fairly responded to the defense's closing argument." (D.N. 149, PageID.1970)  The defense stated, in relevant part:

> So I asked [RW], what—what about the text that you got—whether it's from Bryan or Lance, it doesn't matter—the text that says, "Hey, it's like $20,000 or $25,000 if you get members of the same family in a sex shoot of some sort."  Okay.  And [RW] said, "No, no, I would never participate in a thing like that."  And I truly don't believe that she would, but the point was she is willing to hang around with people that think that's okay.  She is willing to stay in contact with people that do that kind of stuff and think that is all right.

(D.N. 141, PageID.1870)  As to R.W., defense counsel further argued, "And if you're in it for the money and you have a lack of scruples, then you may be very well capable of making those phone calls and sending the text messages to [your] own parents." (*Id.*)

In the Sixth Circuit, "[r]eviewing allegations of prosecutorial misconduct is a two-step inquiry: determining whether the statements were improper; and, if so, determining whether they were flagrant enough to warrant reversal." *United States v. Wells*, 623 F.3d 332, 337–38 (6th Cir. 2010).  The second step requires "consideration of four factors: '(1) whether the prosecutor's remarks or conduct tended to mislead the jury or prejudice the accused; (2) whether the remarks

---

[1] Conley did not object to any of these statements at trial. (*See* D.N. 141, PageID.1879–82)

7

were isolated or extensive; (3) whether the remarks were accidentally or deliberately made; and (4) the overall strength of the evidence against the accused.'" *Id.* at 338 (quoting *United States v. Gonzalez*, 512 F.3d 285, 292 (6th Cir. 2008)). "[T]he prosecuting attorney's remarks must be considered within the context of the trial as a whole when determining whether they are improper." *Id.* (citing *Girts v. Yanai*, 501 F.3d 743, 759 (6th Cir. 2007)). "Inappropriate but isolated prosecutorial comments do not warrant a new trial." *Id.* (citing *United States v. Bond*, 22 F.3d 662, 667 (6th Cir. 1994)). Rather, "[t]he prosecutorial misconduct must have been 'so pronounced and persistent that it permeate[d] the entire atmosphere of the trial.'" *Id.* (quoting *Bond*, 22 F.3d at 667).

The United States' rebuttal comments accusing the defense of "victim blaming" were a proper response to defense counsel's closing arguments. "The prosecutor is ordinarily entitled to wide latitude in rebuttal argument and may fairly respond to arguments made by defense counsel." *Angel v. Overberg*, 682 F.2d 605, 607–08 (6th Cir. 1982) (citing *Donnelly v. DeChristoforo*, 416 U.S. 637 (1974)). Indeed, "[w]hen defense counsel's remarks invite a response, the prosecutor may respond in order to 'right the scale.'" *Wilson v. Berghuis*, No. 1:04-CV-771, 2008 U.S. Dist. LEXIS 125154, at *17 (W.D. Mich. Jan. 3, 2008) (quoting *United States v. Young*, 470 U.S. 1, 11–13 (1985)). Here, by arguing in rebuttal that the defense was "victim blaming," the government simply attempted to "right the scale" after defense counsel argued that R.W. had participated in the ransom scheme. *Cf. United States v. Bazar*, 747 F. App'x 454, 458 (9th Cir. 2018) (affirming that "prosecutor did not engage in misconduct by arguing in rebuttal that defense counsel was 'blaming the victim'" because "[t]he prosecutor's use of the term 'victim' merely summarized the government's legitimate theory of the case"). Conley "points to no case law suggesting that the government's statements—legitimately responding to the defense's theory during closing

8

arguments—were improper." *United States v. Barnett*, 398 F.3d 516, 523 (6th Cir. 2005). In sum, the government's statements were not improper.

Even if the government's closing remarks were improper, Conley has not shown that they "were flagrant enough to warrant reversal." *Wells*, 623 F.3d at 337–38. Conley argues that "the assertion that defense counsel was victim blaming served to incite the passions of the jury and prejudice [him]" and was deliberate. (D.N. 146, PageID.1908) Conley concedes, however, that the government's remarks were "made in isolation." (*Id.*) Conley again cites no caselaw indicating that isolated remarks like those at issue here constitute prosecutorial misconduct (*see* D.N. 146; D.N. 151), and the Court is aware of none. In fact, the Sixth Circuit "has declined to find prosecutorial misconduct where objectionable remarks were isolated and did not reoccur." *United States v. Miller*, 319 F. App'x 351, 354 (6th Cir. 2009) (citing *United States v. Layne*, 192 F.3d 556, 580 (6th Cir. 1999)). In short, Conley has not shown that the government's remarks in rebuttal amounted to prosecutorial misconduct.

### 3. Flight Evidence

Before trial, the United States moved to introduce evidence that Conley removed his ankle monitor and fled after the government filed a superseding indictment in the prior prosecution of this case. (D.N. 24) The Court granted the government's motion (D.N. 133) over Conley's objections. (D.N. 55) Conley now argues that the admission of the flight "evidence over [his] objections was unduly prejudicial and justifies his request for a new trial" and that the Court erred by submitting a flight instruction to the jury. (D.N. 146, PageID.1908–09) Conley's challenge to the flight instruction is premised on his underlying argument about the flight evidence (*see id.*), which the Court has already found admissible for the reasons explained in its pretrial ruling. (D.N. 133) Conley has not offered anything new or any reason why the Court should reconsider its prior

decision. (*Compare* D.N. 55 *with* D.N. 146, PageID.1908–09 *and* D.N. 151, PageID.1990–91) Accordingly, Conley is not entitled to a new trial on this ground.

### 4. Cumulative Error

Conley's last argument is that the cumulative effect of the Court's purported errors "deprived [him] of a fair trial." (D.N. 146, PageID.1910 (emphasis removed)) "To warrant a new trial under the cumulative error theory, 'a defendant must show that the combined effect of individually harmless errors was so prejudicial as to render his trial fundamentally unfair.'" *United States v. Christie*, No. 3:21-CR-156-KAC-DCP-2, 2024 U.S. Dist. LEXIS 82107, at *12 (E.D. Tenn. May 6, 2024) (quoting *United States v. Trujillo*, 376 F.3d 593, 614 (6th Cir. 2004)). As explained above, Conley has not shown that the Court committed any errors. Consequently, Conley is not entitled to relief under the cumulative-error theory. *See United States v. Deitz*, 577 F.3d 672, 697 (6th Cir. 2009) ("[C]umulative error analysis is not relevant where no individual ruling was erroneous."); *United States v. Buendia*, 733 F. App'x 816, 820 (6th Cir. 2018) ("[Defendant's] cumulative-error argument cannot succeed because she has shown no error.").

### II.

For the reasons set forth above, and the Court being otherwise sufficiently advised, it is hereby

**ORDERED** as follows:

(1) Defendant Bryan Douglas Conley's combined motion for partial judgment of acquittal and a new trial (D.N. 146) is **DENIED**.

(2) Conley's conviction on Count 1 of the Indictment (D.N. 127) is **VACATED**.

(3) Conley's unopposed motion to continue his sentencing hearing (D.N. 153) is **GRANTED**. The sentencing hearing currently set for August 7, 2024, is **REMANDED** from the

10

Court's docket and **RESCHEDULED** for **August 15, 2024, at 1:30 p.m.** at the U.S. Courthouse in Louisville, Kentucky.

(4) In light of the Court vacating Count 1, the U.S. Probation Office is **DIRECTED** to revise the Presentence Investigation Report accordingly on or before **August 5, 2024**.

(5) Conley's unopposed motion for an extension of time to file his sentencing memorandum (D.N. 156) is **GRANTED**. Conley and the United States shall file sentencing memoranda or any supplements thereto on or before **August 12, 2024**.

July 31, 2024

David J. Hale, Judge
United States District Court